# EXHIBIT C

MEMORANDUM OF UNDERSTANDING

BETWEEN

THE FEDERAL ENERGY REGULATORY COMMISSION (FERC)

AND

THE COMMODITY FUTURES TRADING COMMISSION (CFTC)

REGARDING INFORMATION SHARING AND

TREATMENT OF PROPRIETARY TRADING AND OTHER INFORMATION

## Definitions

**"Aggregate data"** shall mean data utilized in a format that does not separately disclose the business transactions or market positions of any person, trade secrets, and/or names of customers.

**"CEA"** shall mean the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.*

**"FPA"** shall mean the Federal Power Act, 16 U.S.C. § 791a, *et seq.*

**"Futures and options trading data"** shall mean data and information regarding commodity futures or options transactions as described in section 2(a)(1)(A) of the CEA, 7 U.S.C. § 2(a)(1)(A).

**"MOU"** shall mean this Memorandum of Understanding.

**"NGA"** shall mean the Natural Gas Act, 15 U.S.C. § 717, *et seq.*

**"NGPA"** shall mean the Natural Gas Policy Act of 1978, 15 U.S.C. § 3301, *et seq.*

**"Other information"** shall mean non-public enforcement and regulatory materials other than futures and options trading data.

**"Parties"** shall mean the FERC and the CFTC.

**Preamble**

WHEREAS, sections 316 and 1281 of the Energy Policy Act of 2005 direct that, within 180 days of its enactment on August 8, 2005, the FERC and the CFTC shall conclude a memorandum of understanding to ensure that information requests to markets within the respective jurisdiction of each agency are properly coordinated to minimize duplicative information requests, and to address the treatment of proprietary trading information;

WHEREAS, the CFTC has exclusive jurisdiction with respect to accounts, agreements, and transactions involving contracts of sale of a commodity for future delivery, including, but not limited to, natural gas, electricity, or any other energy product, traded or executed on or subject to the rules of a designated contract market, registered derivatives transaction execution facility, or any other board of trade, exchange, or market as described in section 2(a)(1)(A) of the CEA, 7 U.S.C. § 2(a)(1)(A);

WHEREAS, the FERC has exclusive jurisdiction over, among other things, the transportation of natural gas in interstate commerce and certain sales in interstate commerce of natural gas for resale as set forth in section 1 of the NGA, 15 U.S.C. § 717, and section 601(a) of the NGPA, 15 U.S.C. § 3431(a); certain other transportation and sales of natural gas authorized pursuant to section 311 of the NGPA, 15 U.S.C. § 3371; and the transmission of electric energy in interstate commerce and the sale of electric energy at wholesale in interstate commerce by public utilities, as described in section 201 of the FPA, 16 U.S.C. § 824;

WHEREAS, section 8(e) of the CEA, 7 U.S.C. § 12(e), permits but does not require the CFTC, upon the request of any department or agency of the government of the United States acting within the scope of its jurisdiction, to furnish to such department or agency any information in the possession of the CFTC obtained in connection with the administration of the CEA;

WHEREAS, section 8(e) of the CEA requires that any information so furnished by the CFTC to any federal department or agency not be disclosed by such department or agency except in an action or proceeding under the laws of the United States to which it, the CFTC, or the United States is a party;

WHEREAS, the CFTC engages in administrative and enforcement activities in accordance with the CEA of organized exchanges, registered entities, trading facilities, brokers, and persons engaged in activities subject to the CEA and rules and regulations of the CFTC;

WHEREAS, section 407(a) of the Department of Energy Organization Act (DOE Organization Act), 42 U.S.C. § 7177(a), requires each federal agency to provide to the FERC, upon request, such existing information in the possession of the agency as the FERC determines is necessary to carry out its responsibilities under the DOE Organization Act;

WHEREAS, the FERC engages in the administrative and enforcement activities identified in Appendix A pursuant to its statutory authority, as contemplated by section 8(e) of the CEA; and

WHEREAS, the CFTC and the FERC may from time to time engage in oversight or investigations of activity affecting both CFTC-jurisdictional and FERC-jurisdictional markets;

NOW, THEREFORE, this MOU is entered into by and between the Parties.

The Parties agree to the following:

Information requests by the FERC

1. The FERC shall direct in writing to the CFTC any and all requests for futures and options trading data or other information from a designated contract market, a registered derivatives transaction execution facility, or any other board of trade, exchange, or market. The CFTC shall promptly obtain this data and furnish it to the FERC under the conditions set forth in this MOU.

2. Any futures and options trading data or other information furnished pursuant to this MOU by the CFTC to the FERC shall be kept confidential and non-public, and shall not be disclosed or made available by the FERC to any other person except in an action or proceeding under the laws of the United States to which the FERC, the CFTC, or the United States is a party in accordance with section 8(e) of the CEA. The FERC may disclose to other persons futures and options trading data or other information the CFTC furnishes under this MOU only in an administrative or enforcement proceeding listed in Appendix A.

Information requests by the CFTC

3. In the event the CFTC seeks data or information which may be in the possession of the FERC, the CFTC shall direct in writing a request for such information to the FERC. If the information is in the possession of the FERC, the FERC shall furnish it to the CFTC under the conditions set forth in this MOU. If the information is not in the possession of the FERC, the FERC will so inform the CFTC promptly.

4. Any data or information obtained by the FERC pursuant to the confidentiality provisions of 18 C.F.R. Part 1b or any other FERC confidentiality regulation, and furnished pursuant to this MOU by the FERC to the CFTC, shall be kept confidential and non-public, and shall not be disclosed or made available by the CFTC to any other person except in an action or proceeding under the laws of the United States to which the CFTC or the United States is a party.

Information requests, general provisions

5. The Parties will confer on coordinating procedures relating to the disclosure of information so as to conform to third-party notice requirements of their respective regulations.

6. The Parties agree to avoid duplicative information requests to the extent possible, and to coordinate on a regular basis oversight, investigative, and enforcement activities of mutual interest. To facilitate this coordination, the respective oversight and enforcement staffs of the FERC and CFTC are authorized to share information concerning ongoing oversight,

investigative, and enforcement activities to determine whether and when they have a mutual interest in matters.

7.     The Parties agree that this MOU does not in any way interfere with, proscribe, or adversely affect the ability or authority of the FERC or the CFTC to obtain any information directly from entities subject to their powers to obtain information.

Treatment of proprietary information

8.     Aggregate data furnished or derived from data furnished pursuant to this MOU by the FERC to the CFTC or by the CFTC to the FERC may be disclosed or made available by the recipient agency and are not subject to the restrictions in paragraphs 2 and 4.

9.     The disclosure or publication by the FERC of any report, history, evaluation, narrative, analysis, or other document to any person outside the FERC, whether that person is within or without the federal government, that contains futures and options trading data or other information provided by the CFTC to the FERC pursuant to this MOU may not be made without the prior written consent of the CFTC, except as permitted by paragraph 2 herein.  The disclosure or publication by the CFTC of any report, history, evaluation, narrative, analysis, or other document to any person outside the CFTC, whether that person is within or without the federal government, that contains confidential or non-public information provided by the FERC to the CFTC pursuant to this MOU may not be made without the prior written consent of the FERC, except as permitted by paragraph 4 herein.  Requests for written consent may be made in accord with paragraph 11.  This limitation does not apply to disclosure or publication of aggregate data only, or to the disclosure or publication of information received by other means.

10.    Except as permitted by section 8(e) of the CEA, and unless prohibited by federal law, the FERC shall promptly notify the CFTC in writing in accord with paragraph 11 of the receipt of any request or demand of the FERC for the disclosure of futures and options trading data or other information that has been furnished by the CFTC to the FERC pursuant to this MOU.  The CFTC shall unless prohibited by federal law promptly notify the FERC in writing of the receipt of any request or demand of the CFTC for the disclosure of confidential or non-public data or information that has been furnished by the FERC to the CFTC pursuant to this MOU.  This includes, but is not limited to, an informal request, a subpoena, a court order, or a request pursuant to the Freedom of Information Act (FOIA).   In responding to any such request other than a FOIA request, the FERC and the CFTC each shall assert all legal exemptions and privileges on the other's behalf that may reasonably be requested to be asserted.  The FERC shall refer any FOIA request to the CFTC for disposition by the CFTC, and the CFTC shall refer any FOIA request to the FERC for disposition by the FERC.

Implementation

11.    The FERC designates its General Counsel and his or her designees as its point(s) of contact for requesting or providing any data or information or notifications as required by this MOU.  The CFTC designates its Director of the Division of Enforcement and his or her

- 5 -

designees as its point(s) of contact for requesting or providing any data or information or notifications as required by this MOU.

12. The disclosure of any of the futures and options trading data or other information to the FERC, or the subsequent disclosure of futures and options data or other information by the FERC pursuant to the terms of this MOU, and the disclosure of any confidential or non-public data or information to the CFTC, or subsequent disclosure of confidential or non-public data or information by the CFTC pursuant to the terms of this MOU, does not constitute a waiver with regard to any confidentiality or privilege of undisclosed data or information. In addition, this MOU does not create any right enforceable against the FERC or the CFTC or any of their members, officials, or employees.

13. The Parties agree that no further authorizations are necessary for their respective staffs to undertake an information request; exchange of data or information; exchange of oversight, investigation, and enforcement interests; discussion among staff of mutual interests; or otherwise to conduct activities as described by this MOU. All such information requests and exchanges shall be initiated by a written request.

14. This MOU shall become effective as of the date of its signing, and may be revised or modified only upon the written agreement of the Parties, or as required by changes in relevant laws.

Agreed to this __12th__ day of __October__, 2005

Reuben Jeffrey III
Reuben Jeffery III, Chairman
Commodity Futures Trading Commission

Joseph T. Kelliher
Joseph T. Kelliher, Chairman
Federal Energy Regulatory Commission

APPENDIX A

FERC ADMINISTRATIVE AND ENFORCEMENT ACTIONS

1. Any FERC action filed in a U.S. District Court to enjoin violations of, or to enforce compliance with, any provision of law or any rule or order issued thereunder pursuant to: section 314 of the Federal Power Act (FPA), 16 U.S.C. § 825m (2000); section 20 of the Natural Gas Act (NGA), 15 U.S.C. § 717s; section 504(b)(1) of the Natural Gas Policy Act of 1978 (NGPA), 15 U.S.C. § 3413(b)(1); or comparable statutory authority under any other law administered by FERC, including the Energy Policy Act of 2005.

2. Any FERC action filed in a U.S. District Court to affirm an assessment of a civil penalty or to recover the amount of such a penalty pursuant to: FPA section 31, 16 U.S.C. § 823b; NGPA section 504(b)(6); or comparable statutory authority under any other law administered by FERC, including the Energy Policy Act of 2005.

3. Any action in any court in which FERC is a defendant, intervener, plaintiff, or other party.

4. Any level of judicial appeal of an order issued in an action described in items 1, 2, or 3 above.

5. Any administrative proceeding or matter filed with or initiated by FERC in which (a) the compliance of an entity with any provision of the FPA, NGA, NGPA, any other law administered by FERC, or any rule or order issued thereunder is at issue, and (b) FERC staff participates, that may result in the issuance of an order, including but not limited to matters under FPA § 206, NGA § 5, and non-public matters under 18 C.F.R. Part 1b.

6. Any level of judicial appeal of an order FERC issues in an administrative proceeding described in item 5 above.