# SPIEGEL & McDIARMID

GEORGE SPIEGEL (1918-1997)
ROBERT C McDIARMID
ROBERT A JABLON
JAMES N. HORWOOD
FRANCES E FRANCIS
DANIEL I. DAVIDSON
THOMAS C TRAUGER
JOHN J CORBETT
CYNTHIA S. BOGORAD
SCOTT H STRAUSS
LISA G DOWDEN
RISÉ J PETERS*
*DECEASED MAY 3, 2007
PETER J HOPKINS
DAVID E. POMPER
MARK S MECEOUS
WILLIAM S HUANG
PABLO O NUESCH
TILLMAN L. LAY
LARISSA A. SHAMRAJ

1333 NEW HAMPSHIRE AVENUE, NW
WASHINGTON, DC 20036

WWW.SPIEGELMCD.COM

Telephone 202 879 4000
Facsimile 202.393 2866
E-mail INFO@SPIEGELMCD.COM

Direct Dial: 202 879.4043
EMAIL PETER HOPKINS@SPIEGELMCD.COM

STEPHEN C. PEARSON
ELAINE C LIPPMANN
RUBEN D GOMEZ
REBECCA J BALDWIN
THERESA COLEMAN*

OF COUNSEL
ALAN J ROTH (1933-2003)
PAUL N CONNOR
MARGARET A McGOLDRICK
MARGARET A. MEISER
JEFFREY A SCHWARZ
BARRY M. SMOLER
GLORIA TRISTANI**
LEE C WHITE
**MEMBER OF THE CO AND VA BARS ONLY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2007

## MEMO ENDORSED

September 14, 2007

*[Handwritten endorsement: Application GRANTED. Local counsel is not required. The amicus brief shall be filed by 9/21/07. SO ORDERED. /s/ 9/17/07]*

By Telecopier (212) 805-7906

Honorable Denny Chin
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1020
New York, NY 10007

Re: U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors L.L.C., 1:07 Civ. 6682 (DC)

Dear Judge Chin:

    I am writing in accordance with the instructions of your law clerk to request leave to file an *amicus* brief on behalf of the American Public Gas Association (APGA), the American Public Power Association (APPA), and the National Rural Electric Cooperative Association (NRECA) in the above captioned matter.

    On August 13, 2007, defendants Amaranth Advisors L.L.C. and Amaranth Advisors (Calgary) U.L.C. filed a request for a preliminary injunction asking this Court to enjoin the Federal Energy Regulatory Commission's enforcement proceeding now pending against defendants pursuant to its market anti-manipulation authority under the Natural Gas Act, 15 U.S.C. § 717c-1. FERC's preliminary findings in the show cause order are that "Amaranth and its traders ... intentionally manipulated the settlement price of the [New York Mercantile Exchange] Futures Contract knowing that the NG Futures Contract settlement price is explicitly used to price a substantial volume of Commission-jurisdictional natural gas transactions (namely, 'physical basis' transactions ...)." Order to Show Cause and Notice of Proposed Penalties, *Amaranth Advisors L.L.C. et al.* 120 F.E.R.C. ¶ 61,085 at para. 6 (2007). FERC made the further preliminary determination that "manipulation of the NG Futures Contract Settlement price will necessarily change the price in [FERC-jurisdictional gas transactions]." *Id.* at para. 27. FERC directed the Amaranth defendants to respond and "address fully the case presented here." *Id.* at para. 4.

    Rather than answer and defend the FERC charges, the Amaranth defendants seek extraordinary collateral relief and ask this Court to review FERC's interlocutory order and enjoin

Honorable David Chin
September 14, 2007
Page 2

the FERC proceeding. Congress has instead provided the circuit courts of appeal exclusive jurisdiction over FERC orders arising under the Natural Gas Act and limited such review to final orders. 15 U.S.C. § 717r(b).

APGA, APPA, and NRECA have vital interests in the FERC Show Cause proceeding and FERC's anti-manipulation authority under 15 U.S.C. § 717c-1 and oppose the Amaranth defendants' request to enjoin and stay the FERC proceeding.

APGA is a national, not-for-profit association of more than 680 municipal and other publicly-owned local distribution systems in 36 states. APGA members own and operate natural gas distribution systems serving their communities and are served by interstate natural gas pipeline systems located across the country. Publicly-owned gas systems are not-for-profit retail distribution entities owned by and accountable to the citizens they serve. They include municipal gas distribution systems, public utility districts, county districts, and other public agencies that have natural gas distribution facilities. APGA's members serve millions of natural gas customers and are substantial purchasers of natural gas. On June 25, 2007, the Municipal Gas Authority of Georgia submitted testimony on behalf of APGA to the Senate Homeland Security and Government Affairs Permanent Subcommittee on Investigations explaining the adverse impacts of Amaranth's alleged wrongdoing: "[t]he Gas Authority's members were forced to pay an $18 million premium and pass it through to their customers on their gas bills as a result of the excess speculation in the market by Amaranth and others."

APPA is the national service organization representing the interests of not-for-profit, publicly owned electric utilities throughout the United States. More than 2,000 public power systems provide over 15 percent of all kilowatt-hour ("kWh") sales to ultimate customers, and do business in every state except Hawaii. APPA's utility members have as their primary goal providing customers in the communities they serve with reliable electric power and energy at the lowest reasonable cost, consistent with good environmental stewardship. This orientation aligns the interests of APPA-member electric utilities with the long-term interests of the residents and businesses in their communities. Collectively, public power systems serve over 44 million Americans, many of them living in smaller cities and towns. Public power systems own almost 10 percent of the nation's electric generating capacity, but purchase nearly 70 percent of the power used to serve their retail consumers. Because a substantial portion of the electric power they use to serve their retail consumers is generated using natural gas, they have a strong in interest in the proper functioning of natural gas markets.

NRECA is the national service organization dedicated to representing the national interests of cooperative electric utilities and the consumers they serve. NRECA is an advocate for consumer-owned cooperatives on energy and operational issues. NRECA's more than 900 member cooperatives serve more than 40 million people in 47 states. Most of the 864 distribution systems are consumer-owned cooperatives; some are public power districts. Like APGA and APPA, NRECA's members depend upon natural gas markets that are fair and free of market manipulation.

Honorable David Chin
September 14, 2007
Page 3

    "Federal courts have discretion to permit participation of amici where such participation will not prejudice any party and may be of assistance to the court." *Strougo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566 (S.D.N.Y. Aug. 18, 1997). *See also United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) (*amici* can "provide supplementary assistance to existing counsel and insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision"). If granted leave to file, *amici* intend to file their brief on next Friday, September 21, 2007, the presently scheduled date to reply to the Amaranth motion. *Amici* believe that their submission will be of assistance to the court.

    The core of the Amaranth defendant's position is a collateral attack upon the scope of FERC's jurisdiction under its market anti-manipulation authority. The scope of FERC's jurisdiction under its new statutory anti-manipulation authority is a question of first impression. Show Cause Order, ¶¶ 2-4. *Amici* contend that an issue of this importance should be addressed in the manner provided by Congress: by a court of appeals upon petition for review of a final order reflecting a full and proper development of the legal and factual basis of FERC's (ultimate) decision. *Amici* respectfully submit, and intend to further explain on brief, that it is not the role of a United States District Court to enjoin a FERC enforcement proceeding. *See, e.g., FCC v. ITT World Communications, Inc.*, 466 U.S. 463, 468 (1984) ("Litigants may not evade [the statutory provisions governing review of FCC orders] by requesting the District Court to enjoin action that is the outcome of the agency's order."). In addition, and should the Court find it has subject matter jurisdiction, *amici* contend and expect to brief, *inter alia*, that it is contrary to the public interest to enjoin FERC's enforcement proceeding under the Natural Gas Act.

    Should the Court grant leave to file, counsel will move for leave to appear *pro hac vice*, and if the Court deems it proper and necessary, secure local counsel for purposes of filing.

Sincerely,

Peter J. Hopkins
D.C. Bar No. 412123

cc:    Manal Sultan, Esq. CFTC
       David E. Mollon, Esq. Amaranth Advisors, L.L.C., Amaranth Advisors (Calgary) U.L.C.
       Leslie B. Bellas, Esq. Federal Energy Regulatory Commission