

# N A R U C
National Association of Regulatory Utility Commissioners

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2007

## MEMO ENDORSED

<u>VIA Facsimile Delivery [212.805.7906]</u>

September 17, 2007

The Honorable Denny Chin
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse, Courtroom: 11A
500 Pearl St., Room 1020
New York, NY 10007

*Approved, but the amicus brief must be filed by 9/21/07.*

*SO ORDERED*
*[signature]*
*USDJ 9/17/07*

Re: *CFTC v. Amaranth, et al.*, Civ. Action No. 1:07-6682 (SDNY)

Dear Judge Chin:

In *CFTC v. Amaranth, et al.*, Amaranth has requested a preliminary injunction to enjoin a Federal Energy Regulatory Commission (FERC) market manipulation enforcement action under 15 U.S.C. § 717c-1. As a basis for the injunction, Amaranth argues that the Commodity Future Trading Commission (CFTC) has exclusive and primary jurisdiction over manipulation of Natural Gas Futures traded on the New York Mercantile Exchange (NYMEX). Amaranth further contends it will suffer irreparable harm if the FERC's administrative proceeding is not stayed. NARUC respectfully requests leave to file,[1] as *amicus*, a memorandum of law supporting the FERC and opposing Amaranth's motion seeking a preliminary injunction, citing the following reasons:

1.  Granting the motion will necessarily involve an examination of the FERC's efforts to fine Amaranth for ". . . intentionally manipulate[ing] the settlement price of the [New York Mercantile Exchange] Futures contract knowing that the NG Futures Contract Settlement Price is explicitly used to price a substantial volume of Commission-jurisdictional natural gas transitions."[2] Congress vested United States Courts of Appeals with exclusive jurisdiction to review final FERC Orders. Amaranth has not exhausted the administrative remedies that are a precondition to such review; and
2.  Payment of legal fees and simultaneous, coordinated enforcement actions do not constitute "irreparable harm"; and
3.  The FERC has statutory and regulatory authority to prohibit manipulation affecting FERC-jurisdictional markets.

---

[1] NARUC originally planned to file a motion for admission *pro hoc vice*, a separate motion seeking permission to file a memorandum of law on this issue, and a memorandum of law. We spoke with your clerk to assure we were in compliance with the local procedural rules before filing and your Clerk suggested, before filing these documents, we should first draft this short letter request seeking permission to file.
[2] Order to Show Cause and Notice of Proposed Penalties, *Amaranth Advisors L.L.C. et al.* 120 F.E.R.C. ¶ 61,085 at ¶ 6 (2007) {Emphasis Added}

1

The National Association of Regulatory Utility Commissioners (NARUC), founded in 1889, is composed of the government officials in the fifty States, the District of Columbia, Puerto Rico, and the Virgin Islands, charged with the duty of regulating, *inter alia*, the electric utilities within their respective borders.

The United States Congress has called NARUC "the national organization of the State commissions" responsible for economic and safety regulation of the intrastate operation of utilities. See, e.g., 47 U.S.C. § 410 (1986). Moreover, Federal Courts have recognized that the NARUC is a proper party to represent the collective interest of the State regulatory commissions. See, e.g., *USA v. Southern Motor Carrier Rate Conference, et al.*, 467 F.Supp. 471 (N.D. Ga. 1979), aff. 672 F.2d 469 (5th Cir. Unit "B" 1982); aff. en banc, 702 F.2d 532 (5th Cir. Unit "B" 1983, rev'd, 471 U.S. 48 (1985). See also *Indianapolis Power and Light Co. v. ICC*, 587 F.2d 1098 (7th Cir. 1982); *Washington Utilities and Transportation Commission v. FCC*, 513 F.2d 1142 (9th Cir. 1976).

Although not parties to this appeal, NARUC has an obvious, direct and significant interest in its outcome. NARUC's member commissions are responsible for gas and electric regulation in their respective States. It is important to energy consumers that competitive markets work unfettered by unethical traders engaged in market manipulation which distort markets, deteriorate legitimate competition, and harm the supply and price of electric and gas service. Amaranth seeks to limit jurisdiction granted to the FERC in the Energy Policy Act of 2005 (EPAct 2005) to address market manipulation. Amaranth's claim that the CFTC alone has jurisdiction in certain markets runs contrary to EPAct 2005 and the needs of the nation's gas and electric consumers. Congress clearly intended to provide the FERC with the tools and jurisdiction to play a primary role in wholesale energy market regulation and oversight, while leaving regulation of the exchanges themselves and terms of exchange-traded instruments to other federal agencies. The statutory provisions establishing the FERC's jurisdiction are especially important to State commissions and consumers because the FERC has the expertise and relationship with the State regulatory bodies needed to delineate the important effects of the financial markets on the physical energy markets. NARUC's members and the FERC have worked closely together during FERC's implementation of the numerous complex EPAct 2005 mandates imposed by Congress.

For the foregoing reasons, NARUC respectfully submits that, as entities with a compelling interest in these proceedings, we should be granted permission to file a memorandum of law addressing the merits as *amicus curiae*. Should the Court grant leave to file, we will move for leave to appear *pro hac vice*. As per the attached certificate of service, NARUC has served this request via fax (and e-mail) to the parties to this proceeding before sending it to the Court.

Respectfully submitted,

*James Bradford Ramsay*
GENERAL COUNSEL [DC BAR No: 473956]
National Association of
Regulatory Utility Commissioners
(202) 898-2207

## CERTIFICATION OF SERVICE

I hereby certify that I served a copy of the forgoing letter on all parties by faxing copies to their counsel listed below, on this 17th day of September, 2007. We have also forwarded a copy via e-mail to the addresses listed below.

*Masha Shmukler*

| | |
|---|---|
| **Federal Energy Regulatory Commission** | **Leslie Beth Bellas**<br>**Lee Ann Watson**<br>Federal Energy Regulatory Commission<br>888 First Street, NE<br>Washington, DC 20426<br>(202) 502-6528<br>(202) 208-0057 (fax)<br>leslie.bellas@ferc.gov |
| | **Patrick Todd Mullins**<br>Federal Energy Regulatory Commission<br>888 First Street, NE<br>Washington, DC 20426<br>(202) 502-6528<br>(202) 208-0057 (fax)<br>todd.mullins@ferc.gov |
| **Amaranth Advisors (Calgary) U.L.C.** | **David Emilio Mollon**<br>Winston & Strawn LLP (NY)<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-4748<br>(212) 294-4700 (fax)<br>dmollon@winston.com |
| **U.S. Commodity Futures Trading Commission** | **Stephen Jay Obie**<br>Commodity Futures Trading Commission (NYC)<br>140 Broadway, 19th Floor<br>New York, NY 10005<br>(646) 746-9766<br>(646) 746-9940 (fax)<br>sobie@cftc.gov |
| | **Manal Sultan**<br>Commodity Futures Trading Commission (NYC)<br>140 Broadway<br>New York, NY 10005<br>(646) 746-9766<br>(646) 746-9940 (fax)<br>msultan@cftc.gov |

3