**EXHIBIT J**

Calendar No. 543

97th Congress, 2d Session } SENATE { Report No. 97-[illegible]

# FUTURES TRADING ACT OF 1982

---

## REPORT

OF THE

## COMMITTEE ON AGRICULTURE, NUTRITION, AND FORESTRY UNITED STATES SENATE

TO ACCOMPANY

S. 2109



May 6 (legislative day, April 13), 1982.—Ordered to be printed

---

U.S. GOVERNMENT PRINTING OFFICE

[illegible] O WASHINGTON : 1982

delivery date or by establishing one far in the future, by offering to write new contracts at terms more favorable to the customer, or by giving the customer a litany of excuses to justify their nonperformance. When large numbers of customers can be put off no longer, these persons usually close down their operations and disappear with the customers' money, usually to appear in a new location under a new name, but carrying out the same scheme a second, third, or fourth time.

The current provisions of section 6d of the Act give the States a role to play in combatting this illegal activity. These provisions authorize State officials to go into Federal district court to seek injunctions or civil damages for violations of the Commodity Exchange Act. The Act also provides that State officials may sue in State courts under their general civil or criminal antifraud statutes. Because of certain statutory and practical impediments to full State participation in the law enforcement process, however, State actions under section 6d thus far have been limited.

The Committee is eager to encourage the States' use of section 6d and, in addition, to involve them more extensively in actions against those who offer off-exchange investments under a "commodity" theme. The bill contains two major statutory amendments designed to achieve these aims: a so-called "open season" provision relating to State jurisdiction over off-exchange "commodity" enterprises, and a provision for information sharing with State and foreign governments.

II.

The Committee bill includes a provision proposed by the Commission to declare "open season" on off-exchange "commodity" enterprises operating outside the Act's regulatory structure by specifically authorizing all Federal, State, and local officials to prosecute these persons and enterprises under any relevant law or regulation. This proposal will be implemented by adding a new section 12(e) to the Act which explicitly permits the application of other Federal and State laws to activities and persons who unlawfully engage in commodity transactions outside the Act's regulatory structure.

Under this "open season" provision, it would be made clear that State Attorneys General or securities administrators would be authorized to take administrative or other legal action, under their own laws against persons selling certain off-exchange commodity investments and against persons engaged in activities requiring registration or designation by the Commission who have not been so registered or designated. Activities that are subject to the comprehensive regulatory powers of the Commission, including exchange-traded futures, foreign futures (except as otherwise specified by the Commission), authorized commodity options, and regulated leverage transactions will remain within the Commission's exclusive jurisdiction.

The Committee bill does not alter the current exclusive jurisdiction of persons and firms who conform their activities to the regulation of persons and firms who conform their activities to the requirements of the Commodity Exchange Act. The Commission' regulations embody a uniform, comprehensive, nationwide scheme of regulation. The Committee continues to endorse the congressional judgment that a single, uniform Federal regulatory program in this area is prefer-