UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------x
                                                         :
BRIAN HUNTER,                                            :
                                                         :
    Plaintiff,                                          :   07 Civ. 1307 (RJL)
                                                         :
    v.                                                   :
                                                         :
                                                         :
FEDERAL ENERGY REGULATORY                                :
COMMISSION,                                              :
                                                         :
                                                         :
    Defendant.                                           :
---------------------------------------------------------x

**AMENDED MOTION FOR A TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF**

Plaintiff Brian Hunter, by and through his attorneys, Kobre & Kim LLP, hereby moves the Court to issue a temporary restraining order and preliminary injunction to prevent the Federal Energy Regulatory Commission from improperly bringing an enforcement action against Plaintiff in excess of its statutory authority; a declaratory order clarifying the relationship between the Natural Gas Act and the Commodity Exchange Act; and such further relief as the Court deems just and proper, as more fully discussed in the accompanying memorandum of law.

Dated: July 23, 2007
      Washington, D.C.

                                  Respectfully submitted,

                                  KOBRE & KIM LLP


                                  By: _____/s/_____
                                      Michael S. Kim
                                      Natalie Holme Elsberg
                                      Zaharah R. Markoe
                                      Kobre & Kim LLP
                                      800 Third Avenue
                                      New York, New York 10022
                                      Telephone:   212.488.1200
                                      Facsimile:    212.488.1220

                                      Justin V. Shur (973855)
                                      Kobre & Kim LLP
                                      1050 Connecticut Avenue N.W.
                                      Washington, D.C. 20036
                                      Telephone:   202.664.1900
                                      Facsimile:    202.664.1920

                                      *Attorneys for Plaintiff Brian Hunter*

FILED

JUL 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------x
:
BRIAN HUNTER,                    :
                                 :
     Plaintiff,                  :     07 Civ. _____  07 1307
                                 :
           v.                    :
                                 :
                                 :
                                 :
                                 :
FEDERAL ENERGY REGULATORY        :
COMMISSION,                      :
                                 :
                                 :
                                 :
     Defendant.                  :
---------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER,
<u>PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT.............................................................................................................................. 2

    I.   Plaintiff is Entitled To a Declaratory Judgment ............................................................ 2

        a.   An Actual Controversy Exists ................................................................................ 2

        b.   FERC's Assertion of Jurisdiction is *Ultra Vires* ..................................................... 3

            1.   Relevant Statutory Texts.................................................................................. 4

            2.   FERC Has Exceeded Its Statutory Authority.................................................. 5

    II.  Plaintiff is Entitled to An Injunction ............................................................................. 7

        a.   Plaintiff Will Suffer Irreparable Harm Absent An Injunction .................................. 8

        b.   Plaintiff Is Likely To Succeed On The Merits......................................................... 10

        c.   An Injunction Will Not Harm FERC's Legitimate Interests ................................... 10

        d.   An Injunction Would Serve The Public Interest...................................................... 10

CONCLUSION........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs v. Mead Johnson & Co.*, 971 F.2d 6 (7th Cir. 1992) .................................................. 9

*Art-Metal USA, Inc. v. Solomon*, 473 F.Supp. 1 (D.D.C.1978) ............................................... 8-9

*Athlone Industries, Inc., v. Consumer Product Safety Com'n*, 707 F.2d 1485 (D.C. Cir. 1983) ............................................................................................................................. 3

*Atlantic Richfield Co. v. U.S. Dept. of Energy*, 769 F.2d 771 (D.C. Cir. 1985) .................... 2, 4

*Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984) ........................................ 6

*Chicago Mercantile Exch. v. SEC*, 883 F.2d 537 (7th Cir. 1989) .................................... 4, 5, 10

*Ciba-Geigy Corp. v. EPA*, 801 F.2d 430 (D.C. Cir. 1986) ........................................................... 2

*CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738 (D.C. Cir. 1995) ............................................................................................................................. 8

*Cobell v. Norton*, 391 F. 3d 251 (D.C. Cir. 2004) ........................................................................ 7

*Davenport v. International Brotherhood of Teamsters*, 166 F.3d 356 (D.C. Cir. 1999) ............................................................................................................................. 8

*Dow Chem., U.S.A. v. Consumer Protection Safety Com'n*, 459 F.Supp. 378 (W.D.La. 1978) ..................................................................................................................... 9

*FTC v. Ken Roberts Co.*, 276 F.3d 583 (D.C. Cir. 2001) ............................................................. 4

*Jacksonville Port Authority v. Adams*, 556 F.2d 52 (D.C. Cir. 1977) ......................................... 9

*Leedom v. Kyne*, 358 U.S. 184 (1958) .......................................................................................... 3

*Long Island Lighting Co. v. County of Suffolk*, 628 F.Supp. 654 (E.D.N.Y.1986) .................... 8

*Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060 (D.C. Cir. 1998) ...................... 6, 8, 10

*National Wildlife Fed. v. Burford*, 835 F.2d 305 (D.C. Cir. 1987) ............................................. 7

*Patriot, Inc., v. U.S. Dep't of Housing and Urban Devel.*, 963 F.Supp. 1 (D.D.C. 1997) ............................................................................................................................. 9

*State of California ex. rel. State Water Resources Control Bd. v. FERC*, 966 F.2d 1541 (9th Cir. 1992) .................................................................................................. 4

*State of Maine v. Fri*, 486 F.2d 713 (1st Cir.1973) ..................................................................... 8

*Steffel v. Thompson*, 415 U.S. 452 (1974) ...........................................................................3

*Taylor v. Resolution Trust Corp.*, 56 F.3d 1497 (D.C. Cir. 1995)........................................ 7-8

*Tierney v. Schweiker*, 718 F.2d 449 (D.C. Cir. 1983).....................................................3, 11

*Truckers United For Safety v. Mead*, 86 F.Supp.2d 1 (D.D.C. 2000) ........................................6

*Truckers United For Safety v. Mead*, 251 F.3d 183 (D.C. Cir. 2001) ...................................6, 7

*U.S. Commodities Futures Trading Com'n v. Reed*, 481 F.Supp.2d 1190 (D. Colo. 42007) .....................................................................................................................................4

*Valdez v. Applegate*, 616 F.2d 570 (10th Cir.1980)...............................................................8

*Washington Metropolitan Area Transit Com'n v. Holiday Tours, Inc.* 559 F.2d 841 (D.C. Cir. 1977) .........................................................................................................8

**Statutes**

7 U.S.C. § 2(a)(1)(A) ..............................................................................................................4

15 U.S.C. § 717c-1.................................................................................................................5

15 U.S.C. § 717t-2(c)(2) .........................................................................................................7

28 U.S.C. §§ 2201(a), *et seq.* ................................................................................................2

28 U.S.C. § 1331....................................................................................................................6

**Regulations**

114 FERC 61,047 (Jan. 19, 2006)............................................................................................5

**Rules**

Fed. R. Civ. P. 65...................................................................................................................7

**Law Review Articles**

Philip F. Johnson, *The Commodity Futures Trading Commission Act: Preemption as Public Policy*, 29 Van. L.Rev. 1, 18 (1976) ..................................................................10

## PRELIMINARY STATEMENT

Plaintiff Brian Hunter ("Hunter"), by and through his attorneys, Kobre & Kim LLP, respectfully submits this memorandum of law, pursuant to Federal Rule of Civil Procedure 65, in support of his motions for declaratory judgment and for a preliminary injunction and for a temporary restraining order pending a hearing on those motions. Plaintiff brings this emergency action seeking a temporary restraining order, preliminary injunction and an Order declaring that the Federal Energy Regulatory Commission ("FERC") lacks the necessary statutory authority to issue an Order to Show Cause and Notice of Proposed Penalties ("Order") against Plaintiff in connection with Plaintiff's trading of natural gas futures on behalf of Amaranth Advisors LLC and Amaranth Advisors (Calgary), ULC ("Amaranth").

FERC has asserted in a letter addressed to Plaintiff received on Friday, July 20, 2007, that it intends to issue the Order as early as Tuesday, July 24, 2007, in an enforcement action for the alleged manipulation of settlement prices of natural gas futures by Plaintiff on the New York Mercantile Exchange ("NYMEX"). However, FERC is not statutorily authorized to regulate futures markets for energy commodities, which include natural gas futures contracts. Instead, the Commodity Futures Exchange Commission ("CFTC") is charged with exclusive regulatory authority over natural gas futures traded on NYMEX. FERC's statutory jurisdiction is limited to regulation of wholesale energy markets, including certain transactions requiring the exchange of physical natural gas. FERC's assertion of jurisdiction over Plaintiff's trading of natural gas futures is precluded by the exclusive statutory jurisdiction of the CFTC, and is beyond the scope of FERC's delegated statutory authority to regulate wholesale energy markets. FERC's lawless and improper assertion of jurisdiction will have a direct and immediate impact on Plaintiff and will cause Plaintiff irreparable harm.

## STATEMENT OF FACTS

The facts set forth in the Complaint, the Declaration of Brian Hunter and the Declaration of Justin V. Shur, in support of this motion are incorporated here by reference as if fully set forth herein.

## ARGUMENT

### I. Plaintiff is Entitled To a Declaratory Judgment

#### a. An Actual Controversy Exists

Under the Declaratory Judgment Act, the Court may declare the parties' rights and other legal relations where there is an "actual controversy" of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 28 U.S.C. § 2201(a), *et seq.* FERC has declared that it will bring an enforcement action by Order To Show Cause against Plaintiff as soon as Tuesday, July 24, 2007. In *Ciba-Geigy Corp. v. EPA,* 801 F.2d 430, 433 (D.C. Cir. 1986), plaintiff challenged an agency's position that it enjoyed statutory authority to require warning labels on registered pesticides. Plaintiff sought declaratory and injunctive relief from the District Court against the Environmental Protection Agency prior to the bringing of an enforcement action. *Id.* The United States Court of Appeals for the D.C. Circuit found the U.S. District Court had jurisdiction to hear the declaratory judgment action to resolve the purely legal question of the EPA's statutory authority. *Id.* at 439. The agency had put Ciba-Geigy to "the hard choice between compliance certain to be disadvantageous and a high probability of strong sanctions." *Id.* at 439 n. 11.

Similarly, Plaintiff's unwelcome dilemma is whether to submit to FERC's determination of its putative jurisdiction, or alternatively, whether to resist the *ultra vires* instructions and actions of a powerful federal agency. *See Atlantic Richfield Co. v. U.S.*

2

*Dept. of Energy,* 769 F.2d 771, 783-84 (D.C. Cir. 1985) (Court will entertain declaratory judgment action where plaintiff is faced with the dilemma of having to choose between complying with allegedly *ultra vires* agency action, or flout the agency and face the consequences should the agency ultimately be found to have the power to issue the orders). FERC's imminent enforcement action against Plaintiff by Order To Show Cause, as early as Tuesday, July 24, 2007, cannot be characterized as "imaginary or speculative." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974). This controversy is therefore of "sufficient immediacy" to warrant a declaratory judgment from this Court. *Tierney v. Schweiker,* 718 F.2d 449, 456-57 (D.C. Cir. 1983) ("sufficient immediacy" exists where the IRS *intended* to act in contravention of its statutory obligations to maintain the confidentiality of tax returns, but had not yet done so).

### b. **FERC's Assertion of Jurisdiction is *Ultra Vires***

It is well-established that where a party alleges that a federal agency has acted or threatens to act "in excess of its delegated powers, and contrary to a specific prohibition" in a statute, the court has inherent jurisdiction to determine that the agency has engaged in "unlawful action." *Leedom v. Kyne,* 358 U.S. 184, 189 (1958) (affirming the district court's jurisdiction to prevent deprivation of a party's rights where the agency had "attempted [an] exercise of power that had been specifically withheld" by statute). The proper construction of the Energy Policy Act of 2005 ("Energy Policy Act" or "EPAct") and the Commodity Exchange Act (the "CEA") is before this Court. Review of FERC's determination of its jurisdiction under the Energy Policy Act is therefore a purely legal question. *Athlone Industries, Inc., v. Consumer Product Safety Com'n,* 707 F.2d 1485, 1489 (D.C. Cir. 1983) (scope of the Commission's statutory authority to assess civil penalties was "strictly a legal

issue"). *See also Atlantic Richfield Co.,* 769 F.2d 771 at 782 (challenge to agency's power and scope of statutory authority is strictly a legal issue and no factual development or application of agency expertise will aid the court's decision); *State of California ex. rel. State Water Resources Control Bd. v. FERC,* 966 F.2d 1541, 1562 (9th Cir. 1992) ("It is difficult to postulate an issue more proper for judicial decision than that of the statutory authority of an administrative agency").

    1. Relevant Statutory Texts

Under the Commodity Exchange Act, the CFTC has exclusive jurisdiction with respect to "accounts, agreements…and transactions involving contracts of sale of a commodity for future delivery." 7 U.S.C. § 2(a)(1)(A). In enacting the CEA, Congress intended to delegate to a single agency the sole responsibility for the regulation of futures contracts. *See FTC v. Ken Roberts Co.,* 276 F.3d 583, 590 (D.C. Cir. 2001) ("Congress' goal [was to provide] the CFTC with sole regulatory authority over 'futures contract markets or other exchanges'…or 'over options trading in commodities'"). It is well-established that the CFTC's exclusive jurisdiction to regulate futures contracts precludes regulation of futures contracts by other federal agencies. *Chicago Mercantile Exch. v. SEC,* 883 F.2d 537 (7th Cir. 1989) (Securities and Exchange Commission's petition dismissed for lack of jurisdiction because the CFTC has exclusive jurisdiction over futures contracts). *See also U.S. Commodities Futures Trading Com'n v. Reed,* 481 F.Supp.2d 1190, 1195 (D. Colo. 2007) ("the CFTC has exclusive jurisdiction over what are referred to as 'futures contracts'").

The Energy Policy Act delegated to FERC enforcement power within FERC's already-established jurisdiction over the physical natural gas under the Natural Gas Act, 15 U.S.C. §§ 717, *et seq.* ("NGA") and in no way enlarged FERC's jurisdiction to include

regulation of gas futures contracts. In fact, concerning *precisely* the type of unauthorized action that is attempted by FERC here, when implementing its anti-manipulation regulation pursuant to §§ 315 and 1283 of the EPAct, FERC conceded that by the EPAct "Congress did *not* expand the Commission's traditional NGA and FPA subject matter jurisdiction" (emphasis added). Had Congress intended to expand the transactions under the Commission's traditional jurisdiction via the EPAct, "it would have done so explicitly," but did not. 114 FERC 61,047 (Jan. 19, 2006) at ¶ 20. Specifically, the Energy Policy Act amended the NGA to provide that "It shall be unlawful for any entity, directly or indirectly, to use or employ, in connection with the purchase or sale of *natural gas...subject to the jurisdiction of [FERC]*, any manipulative or deceptive device or contrivance (as those terms are used in [section 10(b) of the Securities Exchange Act of 1934, or 15 U.S.C. 78j(b)]) in contravention of such rules and regulations as the Commission may prescribe as necessary in the public interest or for the protection of natural gas ratepayers..." 15 U.S.C. § 717c-1 (emphasis added). But trading in futures does not entail the purchase or sale of natural gas subject to the jurisdiction of FERC. *See Chicago Mercantile Exch. v. SEC*, 883 F.2d 537, 542 ("trading occurs in 'the contract,' not in the commodity").

2. <u>FERC Has Exceeded Its Statutory Authority</u>

Despite the clear statutory limits on FERC's jurisdiction, FERC has now made a determination that its enforcement jurisdiction includes trading of natural gas futures. In a Non-Public Order of Investigation, Docket No. IN07-26-00, FERC claims that it has jurisdiction to determine whether there has been manipulation of the settlement price of the prompt-month NYMEX Natural Gas Futures Contract. FERC has also informed Plaintiff

that it intends to allege that Amaranth, through Plaintiff, engaged in a scheme to depress the settlement price of NYMEX futures contracts.

FERC's claim of enforcement jurisdiction over futures contracts traded on NYMEX is directly contrary to the plain language of the Energy Policy Act and the CEA. Where Congress clearly did not intend to grant authority to an agency conducting certain investigations, such an investigation is *ultra vires* and in violation of the agency's statutory authority. This Court has jurisdiction under 28 U.S.C. § 1331 to enjoin a federal agency from acting *ultra vires* independent of the statutory framework established by the Administrative Procedure Act. *See, e.g., Truckers United For Safety v. Mead,* 86 F.Supp.2d 1, 5-6 (D.D.C. 2000), *aff'd in relevant part,* 251 F.3d 183 (D.C. Cir. 2001) (Court found agency actions were in violation of the Inspector General Act, *ultra vires* and injurious to plaintiffs who were entitled to relief, where investigation by the Inspector General was specifically not authorized by statute).

Where, as here, Congress has spoken unambiguously on the ambit of an agency's delegated authority, agency action contrary to the plain language of the statute must be enjoined by an Article III court exercising its inherent power. "In assessing the validity of an agency's interpretation of a statute" the Court must begin by asking "whether Congress has directly spoken to the precise question at issue. If so, the court, as well as the agency must give effect to the unambiguously expressed intent of Congress." *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060, 1069 (D.C. Cir. 1998) (enjoining FDA regulation which was unenforceable because it was inconsistent with the plain language of the applicable statute); *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 842-843 (1984) ("First, always, is the question whether Congress has directly spoken to the precise question

6

at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress"). Congress unambiguously noted in the Energy Policy Act, which granted enforcement power to FERC, "the *exclusive* jurisdiction of the [CFTC] under the [CEA]." 15 U.S.C. §717t-2(c)(2) (emphasis added). Plaintiff is entitled to a declaratory judgment that FERC's assertion of jurisdiction over NYMEX natural gas futures contracts is contrary to the plain language of the CEA and the Energy Policy Act. Because FERC's investigation pursuant to its improper assertion of jurisdiction is *ultra vires*, an injunction is proper. *See, e.g., Truckers United For Safety*, 251 F.3d at 190.

## II. Plaintiff is Entitled to An Injunction

Because FERC has improperly ignored statutory provisions that limit its exercise of authority, a preliminary injunction is an available and appropriate remedy. The Court has inherent, equitable authority to enjoin an agency from committing an illegal act. *National Wildlife Fed. v. Burford*, 835 F.2d 305 (D.C. Cir. 1987) (affirming injunction where plaintiffs were likely to succeed on claims that the Department of Interior improperly ignored statutory provisions which subjected the release of land from public reserve to careful procedural protections). Injunctive relief is available pursuant to Fed. R. Civ. P. 65 where plaintiff demonstrates that (1) in the absence of an injunction, Plaintiff would suffer irreparable harm for which there is no adequate legal remedy; (2) Plaintiff is substantially likely to succeed on the merits; (3) the injunction would not substantially harm other parties; and (4) the injunction would not significantly harm the public interest. *Cobell v. Norton*, 391 F. 3d 251, 258 (D.C. Cir. 2004); *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1505-06 (D.C. Cir. 1995). These factors inter-relate on a sliding scale and if the arguments for one factor are

particularly strong, an injunction may issue even if the arguments in other areas are rather weak. *CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (movant must "demonstrate at least 'some injury'" to warrant the granting of an injunction); *Davenport v. International Brotherhood of Teamsters*, 166 F.3d 356, 360-61 (D.C. Cir. 1999).

### a. Plaintiff Will Suffer Irreparable Harm Absent An Injunction

FERC's unauthorized exercise of jurisdiction will likely cause Plaintiff's fledgling venture, Solengo Capital Advisors ULC ("Solengo"), to fail and will severely injure Plaintiff's business reputation and cause him to suffer significant economic harm. Failure of Solengo is a "severe economic impact" sufficient to constitute irreparable injury to Plaintiff. *Washington Metropolitan Area Transit Com'n v. Holiday Tours, Inc.* 559 F.2d 841, 843 n.3 (D.C. Cir. 1977) (irreparable harm found where loss threatens the very existence of the movant's business). *See also Mova Pharmaceuticals*, 140 F.3d 1060 at 1067 n. 6 (noting the District Court's finding that agency action which results in a small entity's loss of position in the market suffices to show a "severe economic impact" sufficient for a finding of irreparable harm); *Long Island Lighting Co. v. County of Suffolk*, 628 F.Supp. 654, 661 (E.D.N.Y.1986) (destruction of a business constitutes irreparable harm); *State of Maine v. Fri*, 486 F.2d 713, 716 (1st Cir.1973) (possibility of permanent loss of funds meets irreparable harm requirement); *Valdez v. Applegate*, 616 F.2d 570, 572 (10th Cir.1980) (irreparable harm found where business may have to shut down as a result of heightened government restrictions). In *Art-Metal USA, Inc. v. Solomon*, 473 F.Supp. 1, 4 n. 4 (D.D.C.1978), the court stated, "The destruction of a business is irreparable harm sufficient to warrant the granting of interim relief...Art Metal has no adequate remedy at law inasmuch as the

damages it could obtain would be limited to its bid preparation costs. Thus, the irretrievable monetary loss is properly considered in determining irreparable injury." Here, Plaintiff will clearly suffer an irretrievable monetary loss, particularly in light of the difficulties that would be faced by Plaintiff in obtaining damages from an administrative agency.

If FERC is permitted to proceed with its unauthorized enforcement action, it will be impossible for Plaintiff to recreate Solengo as it currently stands. The failure of Solengo will therefore also result in damage to Plaintiff which cannot be estimated in terms of money, and cannot be redressed by money. See *Jacksonville Port Authority v. Adams,* 556 F.2d 52 (D.C. Cir. 1977) (irreparable injury where plaintiff suffered irretrievable loss of almost $300,000 and threat to the success of plaintiff's airport construction project). Accordingly, no adequate alternative remedy is available. In *Dow Chem., U.S.A. v. Consumer Protection Safety Com'n,* 459 F.Supp. 378 (W.D.La. 1978), the court granted a preliminary injunction because upon dissemination of news describing defendants' imminent determination as to plaintiff, "the court becomes powerless to protect or restore the status quo pending a final determination of its merits." *Id.* at 395.

Further, it is well-established that injury to business reputation and goodwill, which Brian Hunter is certain to suffer, is irreparable. *See, e.g., Patriot, Inc., v. U.S. Dep't of Housing and Urban Devel.,* 963 F.Supp. 1, 5-6 (D.D.C. 1997). The presumption of irreparable harm is based on the "judgment that it is virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill." *Abbott Labs v. Mead Johnson & Co.,* 971 F.2d 6, 16 (7th Cir. 1992).

9

### b. Plaintiff Is Likely To Succeed On The Merits

The plaintiff is likely to succeed on the merits because the FERC's improper determination of its authority violates the enabling legislation on its face. *Mova Pharmaceuticals,* 140 F.3d 1060 at 1066 (Plaintiff had "very high" likelihood of success on the merits where it would probably be able to show that agency's action was contrary to the plain language of the statute, and therefore unenforceable). As set out above, FERC's determination of its jurisdiction is directly contrary to the plain language of the NGA and the CEA.

### c. An Injunction Will Not Harm FERC's Legitimate Interests

FERC has a legitimate interest in regulating wholesale energy markets, pursuant to its statutory mandate under the Energy Policy Act. But it cannot be said to have any legitimate interest in encroaching upon the exclusive statutory jurisdiction of the CFTC, to regulate futures markets. Indeed, Congress explicitly directed the opposite. It intended the CEA preempt any other federal or state authority regulating commodities futures trading. *See* Philip F. Johnson, *The Commodity Futures Trading Commission Act: Preemption as Public Policy*, 29 Van. L.Rev. 1, 18 (1976) (describing legislative history of the CEA). Accordingly, FERC will not be harmed by an injunction compelling it to adhere to the limits of its statutory authority as determined by Congress.

### d. An Injunction Would Serve The Public Interest

"[H]olding agencies within their delegated scope is an important task in maintaining constitutional structure." *Chicago Mercantile Exch. v. SEC,* 883 F.2d 537 at 548. A declaratory judgment of FERC's statutory authority with an injunction of FERC's unauthorized investigation will foster the public interest by establishing certainty with

respect to FERC's jurisdiction. FERC's determination of its jurisdiction over natural gas futures contracts by Plaintiff is an unprecedented encroachment on the exclusive statutory jurisdiction of the CFTC. It is likely to create significant confusion and harm in the futures markets, as various participants (such as investors, or participants who use the futures markets to hedge their own risk) become uncertain as to the precise standards that the FERC would impose on their behavior. Declaratory relief will therefore "serve a useful purpose in clarifying the legal relations in issue" and "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tierney*, 718 F.2d 449 at 456.

## CONCLUSION

For the foregoing reasons, on behalf of the Plaintiff, we respectfully request that the Court immediately provide relief in the form of a declaratory order clarifying the relationship between the NGA and the CEA; a temporary restraining order and preliminary injunction to prevent the Federal Energy Regulatory Commission from improperly bringing an enforcement action against Plaintiff in excess of its statutory authority; and such further relief as the Court deems just and proper.

Dated: July 23, 2007
      Washington, D.C.

      Respectfully submitted,

      KOBRE & KIM LLP

By: _____
      Michael S. Kim
      Natalie Holme Elsberg
      Zaharah R. Markoe
      Kobre & Kim LLP
      800 Third Avenue
      New York, New York 10022
      Telephone:  212.488.1200
      Facsimile:  212.488.1220

Justin V. Shur (973855)
Kobre & Kim LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone:  202.664.1900
Facsimile:  202.664.1920

*Attorneys for Plaintiff Brian Hunter*