LEXSEE 1993 US. DIST. LEXIS 8229

DIANE BURROWS for INTERACTION AIDS COUNSELING SERVICES, INC., PLAINTIFF, v. JANET RENO, ATTORNEY GENERAL U.S.A., DEFENDANT.

93 Civ. 1795 (PKL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1993 U.S. Dist. LEXIS 8229

June 16, 1993, Decided
June 17, 1993, Filed

COUNSEL: [*1] DIANE BURROWS, President of Interaction AIDS Counseling Services, Inc., Columbus Circle Station, P.O. Box 20518, New York, NY 10023, Pro se Plaintiff.

MARY JO WHITE, ESQ., United States Attorney for the Southern District of New York, 100 Church Street, 19th Floor, New York, New York 10007, James A. O'Brien, III, Esq., of counsel, Counsel for Defendant.

JUDGES: Leisure

OPINION BY: PETER K. LEISURE

OPINION

OPINION AND ORDER

LEISURE, *District Judge,*

This action is brought by plaintiff *pro se* Diane Burrows, as President and Founder of Interaction A.I.D.S. Counseling Services, Inc., seeking an order from the Court requiring the Attorney General of the United States to waive opposition to the admission of over 200 AIDS and HIV-positive Haitian refugees detained in the United States Naval Base at Guantanomo Bay, Cuba at the time of her complaint's filing.

The United States ("the Government") has moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion to dismiss is granted in its entirety.

BACKGROUND

On September 30, 1991, a military junta ousted the first fully democratically elected President of Haiti, Father Jean-Bertrand [*2] Aristide, in a coup d'etat. As a result of the military's ongoing political repression, thousands of Haitians have taken to the high seas in overloaded and unseaworthy boats attempting to flee. Acting under the authority of an Executive Order and an international agreement between the United States and Haiti, United States Coast Guard cutters have intercepted many of these boats international waters in the Windward Passage near Haiti. *See Haitian Refugee Center v. Gracey,* 257 U.S. App. D.C. 367, 809 F.2d 794, 796 (D.C. Cir. 1987).

Many of these refugees have been detained in the United States Naval Base at Guantanomo Bay, Cuba while immigration officials review their applications for political asylum. According to the complaint, 241 Haitian refugees with the AIDS/HIV virus were detained at Guantanomo Bay at the time of the complaint's filing. *See* Plaintiff's Letter, dated April 1, 1993, at 1. Although these detainees have been "screened-in" by immigration officials making them eligible for admission to the United States, they are being denied admission because of their medical condition. Moreover, according to the complaint, they are being denied adequate medical care [*3] for their AIDS/HIV condition. *See* Plaintiff's Letter, dated June 1, 1993, at 2.

DISCUSSION

Case 1:07-cv-06682-DC    Document 32-21    Filed 09/28/2007    Page 2 of 3

Page 2
1993 U.S. Dist. LEXIS 8229, *3

## I. LEGAL STANDARD UNDER RULE 12(b)(6)

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 37 (2d Cir. 1990); *see also Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir. 1984) ("The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'") (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980)).

Thus, a motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Scheuer v. Rhodes,* 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)); [*4] *see also Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir. 1992), *cert. denied,* 122 L. Ed. 2d 762, 113 S. Ct. 1387 (1993); *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 252 (2d Cir. 1991). In deciding a motion to dismiss, the Court must limit its analysis to the four corners of the complaint, *see Kopec v. Coughlin,* 922 F.2d 152, 154-55 (2d Cir. 1991), and must accept the plaintiff's allegations of fact as true, together with such reasonable inferences as may be drawn in plaintiff's favor. *See Walker,* 974 F.2d at 298; *Frazier v. Coughlin,* 850 F.2d 129, 129 (2d Cir. 1988).

## II. CORPORATION PROCEEDING *PRO SE*

As a threshold matter, the Court notes that Ms. Burrows cannot proceed *pro se* as President of Interaction AIDS Counseling Services, Inc. because a corporation is precluded from proceeding *pro se* under 28 U.S.C. § 1654 ("section 1654"). Section 1654 states that "in all courts of the United States the parties may plead and conduct their own cases personally or [*5] by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This section has been interpreted "to preclude a corporation from appearing through a lay representative." *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991) (citations omitted). The Second Circuit has articulated the rationale underlying this interpretation:

> Litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.,* to avoid litigating unfounded or vexatious claims.

*Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983) (citation omitted).

Therefore, because Ms. Burrows brings this action as a lay representative of a corporation, the Interaction A.I.D.S. Counseling Service, Inc., this Court [*6] is precluded from considering the plaintiff's claims. In any event, as discussed below, the Court finds that plaintiff's claims must be dismissed as moot.

## III. MOOTNESS OF PLAINTIFF'S CLAIMS

The Government contends that events occurring in the class action in the Eastern District of New York, *Haitian Centers Council, Inc. v. Sale,* No. 92 Civ. 1258 (SJ), have rendered plaintiff's claims moot. In that case, the Honorable Sterling Johnson, Jr., United States District Court, Eastern District of New York, issued an Order on March 26, 1993 which directed that adequate medical care be provided to those Haitian refugees currently detained at Guantanomo Bay who are afflicted with the AIDS/HIV virus. *See Haitian Centers Council, Inc. v. Sale,* Interim Order, 92 Civ. 1258 (SJ) (March 26, 1993). More importantly, on June 8, 1993, Judge Johnson permanently enjoined the Attorney General from detaining these Haitian refugees with the AIDS/HIV virus at Guantanomo Bay and ordered that they immediately be released "to anywhere but Haiti." *See Haitian Centers Council, Inc. v. Sale,* 92 Civ. 1258 (SJ), at 50-52 (June 8, 1993) ("Release Order").

Article III of the constitution limits [*7] this Court's jurisdiction to *"only actual, ongoing* cases or controversies." *Crumpton v. Bridgeport Educ. Ass'n,* No. 92-7763, 1993 WL 160826, at *4 (2d Cir. May 18, 1993) (emphasis added) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 108 L. Ed. 2d 400, 110 S. Ct. 1249 (1990)). The judicial orders entered in the Eastern District subsequent to the filing of the complaint have settled the issues Presented in this case, rendering the

Case 1:07-cv-06682-DC    Document 32-21    Filed 09/28/2007    Page 3 of 3

Page 3
1993 U.S. Dist. LEXIS 8229, *7

plaintiff's claims moot and precluding this Court from exercising subject matter jurisdiction. *See Haitian Centers Council, Inc.,* 92 Civ. 1258 (SJ). *See also In re Tax Refund Litig.,* 915 F.2d 58, 59 (2d Cir. 1990) ("A basic tenet of federal jurisdiction is that when a court is presented with issues that are 'no longer live' or when the parties 'lack a cognizable interest in the outcome,' the case is moot and therefore outside the court's jurisdictional authority.") (quoting *R.C. Bigelow, Inc. v. Unilever N.V.,* 867 F.2d 102, 105 (2d Cir. 1989), *cert. denied,* 493 U.S. 815 (1989)). Therefore, the plaintiff's case must be dismissed because the judicial [*8] orders currently in place render the claims raised by the plaintiff moot. *See Deeper Life Christian Fellowship, Inc. v. Sobol,* 948 F.2d 79, 81 (2d Cir. 1991) ("If events subsequent to the filing of a lawsuit resolve the controversy, the case should be dismissed as moot.") (citation omitted).

### IV. COMITY

In addition to the mootness problem, the Court finds that, in light of the orders entered in the Eastern District of New York resolving the very same claims raised in the instant case, principles of comity strongly counsel against this Court adjudicating plaintiff's claims. If this Court were to consider plaintiff's claims at this juncture, it would run the risk of duplicating and possibly contradicting the orders of another court of equal authority and comparable jurisdiction. *See Zambrana v. Califano,* 651 F.2d 842, 844 (2d Cir. 1981) ("Generally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts.") (citations omitted). To the extent that plaintiff may argue that the action before this Court should continue so that this Court [*9] can monitor the enforcement of the Release Order, the Court finds that the United States District Court for the Eastern District of New York is the appropriate forum for claims regarding the Government's implementation or enforcement of the June 8th Release Order issued by that Court.

Accordingly, the Court finds that principles of comity require this Court to defer to the rulings of the court in the Eastern District under these circumstances and, thus, the action before this Court is dismissed.

### CONCLUSION

For the foregoing reasons, the Government's motion to dismiss the complaint is granted in its entirety.

### SO ORDERED

New York, New York

June 16, 1993

Peter K. Leisure

U.S.D.J.