*1978 U.S. Dist. LEXIS 17974, \*; Fed. Sec. L. Rep. (CCH) P96,415*

TOUCHE, ROSS & CO., EDWIN HEFT, JAMES M. LYNCH and ARMIN J. FRANKEL, Plaintiffs, against SECURITIES AND EXCHANGE COMMISSION, RODERICK M. HILLS, JOHN R. EVANS, PHILIP A. LOOMIS, JR., and IRVING M. POLLACK, as the members and commissioners of the Securities and Exchange Commission, Defendants.

76 CIV. 4489

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1978 U.S. Dist. LEXIS 17974; Fed. Sec. L. Rep. (CCH) P96,415

May. 3, 1978

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, the Securities and Exchange Commission (SEC) and four individual commissioners, filed a motion to dismiss an action by plaintiffs, an accounting firm and its partners, which challenged the SEC's authority to hold an administrative proceeding.

**OVERVIEW:** Plaintiffs brought an action against defendants, challenging the authority of the SEC to hold an administrative proceeding to determine whether plaintiffs engaged in improper conduct by failing to follow generally accepted accounting principles in auditing the financial statements of two companies in investigations by the SEC. In granting defendants' motion to dismiss, the court held, without reaching the substantive question of the validity of S.E.C. Rule 2(e), that plaintiffs were required to exhaust its administrative remedies before bringing a court action. The court found that the exceptions cited by plaintiffs to the exhaustion requirement did not apply because there was no showing of clear abuse of authority by defendants, plaintiffs failed to show that irreparable injury would result if they were forced to present their jurisdictional claims to the SEC and then to the reviewing court, in the event of an adverse determination by the SEC. Further, the court found that plaintiffs had not made a sufficient showing to support the court's departure from the general rule requiring exhaustion of administrative remedies.

**OUTCOME:** The court granted defendants' motion to dismiss plaintiffs' action.

**CORE TERMS:** administrative remedies, exhaust, statutory authority, discipline, exhaustion, bias, administrative proceeding, accountant's, enjoin, administrative process, accounting, intervene, flagrant, financial statements, broker-dealer, securities laws, administrative hearing, administrative agency, process rights, disciplinary, biased, irreparable injury, judicial review, registration statement, adverse determination, constitutional right, jurisdictional, authorization, investigated, disciplining

**LEXISNEXIS(R) HEADNOTES**
Civil Procedure > Appeals > Reviewability > Adverse Determinations
Securities Law > U.S. Securities & Exchange Commission > Judicial Review > General Overview
HN1 Claims of bias on the part of the Securities and Exchange Commission must be

raised on the record as a whole on appeal from an adverse administrative determination.

Securities Law > U.S. Securities & Exchange Commission > Judicial Review > General Overview
HN2 The proper standard for judicial intervention is a finding that the agency has acted in flagrant violation of its statutory authority.

Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies
Civil Procedure > Justiciability > Exhaustion of Remedies > Administrative Remedies
Securities Law > U.S. Securities & Exchange Commission > Judicial Review > General Overview
HN3 The rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative remedy would result in irreparable damage.

**COUNSEL:** [*1] SHEA GOULD CLIMENKO & CASEY, By: Milton S. Gould, 330 Madison Avenue, New York, New York 10017

RICHARD H. MURRAY, TOUCHE ROSS & CO., 1633 Broadway, New York, New York 10019 For Plaintiff Touche Ross & Co.

ARNOLD & PORTER, 1229 19th Street, N.W., Washington, D.C. 20036 For Plaintiff Edwin J. Heft

SHERBURNE POWERS & NEEDMAN, One Beacon Street, Boston, Mass. 02108 For Plaintiff James M. Lynch

DAVID R. HERWITZ, 1563 Massachusetts Avenue, Cambridge, Mass. 02138 For Plaintiff Armin J. Frankel

SECURITIES AND EXCHANGE COMMISSION, By: Harvey L. Pitt, Paul Gonson, James H. Schropp, John M. Mahoney, Sammy S. Knight, William D. Moran, 500 North Capitol Street, Washington, D.C. 20549 For Defendant S.E.C.

**OPINION BY:** MOTLEY

**OPINION**

CONSTANCE BAKER MOTLEY, D.J.

MEMORANDUM OPINION

This is an action brought by Touche, Ross & Co., an accounting firm with its principal office in New York, and by three of its partners, who are now retired from the firm (hereinafter all plaintiffs will be referred to as Touche Ross). Defendants are the Securities and Exchange Commission and four individual Commissioners (SEC). Touche Ross challenges the authority of the SEC to hold an administrative proceeding [*2] to determine whether Touche Ross engaged in improper conduct by failing to follow generally accepted accounting principles in auditing the financial statements of two companies, Ampex Corporation and Giant Stores Corporation, [1] which the SEC had investigated. [2] Touche Ross Ross alleges that this court has

jurisdiction under 28 U.S.C., § 1331; the Administrative Procedure Act, 5 U.S.C., §§ 702, 703, 704, 705 and 706; and the Securities and Exchange Act of 1933, 15 U.S.C., §§ 77v, 78aa. [3]

**FOOTNOTES**

[1] The Order for proceedings under Rule 2(e) alleges that Giant had materially overstated net income in its 1972 financial statements by recording "fictitious" credits and by failing to record certain accrued accounts payable (Order, p.3). The Order alleges that the 1971 financial statements of Ampex Corporation were also inaccurate in the areas of allowances for doubtful accounts receivable, royalty payment commitments, and losses arising out of minimum guarantee provisions of licensing agreements. (Order, p.6).

The Order alleges that Touche Ross and the other plaintiffs examined the financial statements involved in a way which was "not in accordance with generally accepted auditing standards" (pp. 2, 5). It alleges that the examinations "did not include such tests of accounting records and auditing procedures as were necessary in the circumstances" (pp. 2, 5).It alleges that Touche Ross did not have a reasonable basis for issuing its audit reports in the form in which it did so (pp. 2, 5).

[2] In September 1976, the SEC sought injunctive action against Giant Stores and 14 other defendants, including several of its officers and directors and several of its suppliers, SEC v. Giant Stores Corp., et al., (D.D.C. No. 76-1641), alleging that the financial statements of Giant were falsified through the recording of false credits, rebates and allowances, thus overstating Giant's earnings. The SEC, after an administrative proceeding pursuant to § 15(c)(4) of the Securities and Exchange Act of 1933, issued findings that financial statements filed with the SEC by Ampex Corp. had significantly overstated income and understated provisions for losses from royalty contracts and allowances for doubtful accountants receivable. In the Matter of Ampex Corp., Securities Exchange Act Rel. No. 12736, 10 SEC Docket 271 (Aug. 1976).

[3] Title 5 U.S.C., § 702 states:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

[*3] The SEC commenced the administrative proceeding pursuant to Rule 2(e) of its Rules of Practice, 17 C.F.R., § 201.2(e), which states:

"The Commission may deny, temporarily or permanently, the privilege of appearing or practicing before it in any way to any person who is found by the Commission after notice and opportunity for hearing in the the matter i) not to possess the requisite qualifications to represent others, or (ii) to be lacking in character or integrity or to have engaged in unethical or improper professional conduct, or (iii) to have willfully violated, or willfully aided and abetted the violation of any provision of the federal securities laws (15 U.S.C., §§ 77a, 81b-20), or the rules and regulations thereunder."

Rule 2(g), 17 C.F.R. § 201.2(g), defines practice before the SEC as:

"(1) transacting any business with the Commission; and

(2) the preparation of any statement, opinion or other paper by any attorney, accountant, engineer or other expert, filed with the Commission in any registration statement,

notification, application, report or other document with the consent of such attorney, accountant, engineer or other expert."

Touche Ross brought this action **[*4]** to enjoin the SEC administrative proceeding on the ground that the SEC is acting in excess of its authority. Touche Ross argues that this court should intervene and halt the administrative proceeding. Touche Ross asks for declarative and injunctive relief. 28 U.S.C., §§ 2201, 2202; Rule 65, Fed. R. Civ. P.

SEC has made a motion to dismiss the complaint on the ground that 1) Touche Ross has filed to exhaust its administrative remedies; and 2) this court is without jurisdiction. SEC contends that Touche Ross has adequate administrative remedies because Touche Ross can raise the jurisdictional issue before the SEC administrative judge during the Rule 2(e) proceeding. Touche Ross could then appeal an adverse determination by the SEC to the Court of Appeals.

The court heard oral argument on March 17, 1978. The SEC's motion to dismiss is granted for the reasons set out below.

It is the rule that a litigant must exhaust available administrative remedies before bringing a court action to challenge administrative action. Myers v. Bethlehem Shipbuilding Corp., Ltd., 303 U.S. 41 (1938); United States v. Sing Tuck, 194 U.S. 161, 167 (1904). However, the courts have carved out many **[*5]** exceptions to this general rule. McKart v. United States, 395 U.S. 185 (1969).

Touche Ross argues that three exceptions apply to its present situation and that it should not be required to proceed with the SEC hearing. Touche Ross claims that 1) its constitutional right to due process is being violated because the SEC is biased and is proceeding without authority; 2) the SEC is acting in violation of its authority, and Touche Ross will be irreparably harmed if forced to proceed administratively; and 3) the issue of statutory authorization is a strictly legal one and thus outside the special competence of an administrative agency such as the SEC. The court will consider each of these claims in turn.

I. Constitutional Violation by the SEC.

Touche Ross argues that its constitutional right of due process is being violated because the SEC is biased and because the SEC is acting without authority. Fay v. Douds, 172 F.2d 720 (2d Cir. 1949).

A. Bias

Touche Ross' argument that the SEC is biased against it is without merit. Touche Ross claims that bias can be inferred from the fact that the SEC has both investigated it and intends to rule on whether or not to suspend it from **[*6]** practice before the SEC. This contention was rejected by the Supreme Court in Withrow v. Larkin, 421 U.S. 35, 52 (1975) (procedure whereby state board both investigated and adjudicated a physician's case did not violate due process). See also 5 U.S.C., § 554(d).

Touche Ross argues that bias can also be inferred from the fact that for the first time the SEC has, as it is authorized to do under 17 C.F.R., § 201.2(e)(7), opened a Rule 2(e) proceeding to the public. This contention is frivolous.

Touche Ross' allegations of bias cannot be considered to rise to the level of those in Amos Treat & Co. v. SEC, 306 F.2d 260 (D.C. Cir. 1962), which Touche Ross cites. Amos Treat involved an SEC investigation of Amos Treat & Co.'s broker-dealer registration. One of the SEC employees involved in the investigation, Mr. Cohen, became a Commissioner of the SEC. Amos Treat & Co. objected to the fact that Mr. Cohen, as a Commissioner, would now rule on

the question whether Amos Treat & Co.'s broker-dealer registration would be revoked. Amos Treat & Co. argued that Mr. Cohen would be biased against it. The SEC Commissioners rejected Amos Treat & Co.'s objections to Mr. Cohen's participation **[*7]** in the decision making process. Amos Treat & Co. then brought suit in federal court to enjoin the SEC administrative hearing. The Court of Appeals for the District of Columbia agreed with Amos Treat that Mr. Cohen should not participate in the administrative hearing. The court rejected the SEC's contention that Amos Treat & Co. should have pursued its administrative remedies with the SEC before bringing a court action to enjoin the administrative hearing. The court ordered the SEC to try Amos Treat & Co. in a fair proceeding without the participation of Mr. Cohen.

The instant case is more analagous to the allegations of bias in R. A. Holman & Co. v. SEC, 299 F.2d 127, 129 (D. C. Cir. 1962). In that case, the Court of Appeals for the District of Columbia ruled that the HN1 claims of bias on the part of the SEC must be raised on the record as a whole on appeal from an adverse administrative determination. As the Court of Appeals for the District of Columbia said in National Lawyers Guild v. Brownell, 225 F.2d 552, 555 (D.C. Cir. 1955), cert. denied, 351 U.S. 927 (1956).

"We cannot assume in advance of a hearing that a responsible executive official of the Government will fail to **[*8]** carry out his manifest duty. Our conclusion on the point is that the plaintiffs must await the event rather than attempt to anticipate it."

The court finds that Touche Ross has made no showing of bias such that the court should intervene to stop the administrative proceeding. Touche Ross should raise its claims of bias after the hearing on appeal in the event of an adverse determination by the SEC.

B. Due Process

Touche Ross contends that its due process rights will be violated by the administrative proceeding. Touche Ross argues that the court should follow the line of cases which have held that it is not necessary for the plaintiff to exhaust administrative remedies when it is attacking the very proceeding it would be required to exhaust. However, the cases cited by Touche Ross are distinguishable in that they deal with attacks on the procedural due process of administrative hearings. Finnerty v. Cowen, 508 F.2d 979 (2d Cir. 1974) (procedures of Railroad Retirement Board for reducing benefits to elderly widow). Cf. Mathews v. Eldridge, 424 U.S. 319, 331 n.11 (1976) (Statutorily created finality requirement in Social Security Act).

Touche Ross does not claim that, **[*9]** aside from the question of SEC bias, the SEC will deprive it of its due process rights in the way that the widow in Finnerty, supra, was claiming, i.e., denial of notice and hearing, or as in In re Ruffalo, 390 U.S. 544 (1968) (Disbarment proceedings violated due process because attorney was not given sufficient notice of charges against him).Touche Ross contends that its due process rights are being infringed because the SEC proceeding will be held without statutory authority. This question will be considered next.

II. Violation of Statutory Authority Coupled With Showing of Irreparable Harm.

Touche Ross argues that the SEC proceeding is without statutory authority and that in such a situation it need not exhaust its administrative remedies.SEC contends that Touche Ross must first show that the SEC is acting flagrantly in excess of its jurisdiction before the court will have jurisdiction to intervene. This court must first, decide what standard of review of the agency's assertion of jurisdiction to apply and then apply the chosen standard to the instant facts.

In support of its contention that the court must apply a test of "flagrant" violation of

statutory authority, the **[\*10]** SEC has cited several cases which have applied the flagrant violation test to judicial review of the SEC's authority to hold administrative proceedings. In those cases, the courts have found that the plaintiffs had not met their burden of showing that SEC had so clearly overstepped its jurisdiction so as to require court intervention. In M. G. Davis & Co. v. Cohen, 369 F.2d 360 (2d Cir. 1966), a broker-dealer brought suit to enjoin the SEC proceeding on the ground that the SEC was acting without authority. The Second Circuit held, at 363, that plaintiff had not met the test of showing that the SEC had "so grossly exceeded its power as to, in effect [have] flouted the will of Congress". The Second Circuit held that the broker-dealer had to exhaust administrative remedies and upheld the dismissal of the complaint.

In Wolf Corp. v. SEC, 317 F.2d 139 (D.C. Cir., 1963) (Burger, J.), the Court of Appeals for the District of Columbia refused to enjoin a SEC stop-order hearing on the plaintiff's registration statement even though the registration statement had been withdrawn. The court held that the plaintiff's allegations that the SEC was acting without authority had not met the **[\*11]** test set out in Amos Treat & Co., supra. The court said, at 142-3:

"Prior restraint is granted only upon a strong showing and is subject to definite and well established limitations. Prior restraint against governmental action, regular on its face and under color of authority, is even more cautiously exerted. Still higher hurdles stand in the way of prior restraint against the processes of a regulatory body exercising quasi-judicial powers which can be judicially reviewed as a matter of right before they become final.... But except in very unusual and limited circumstances Congress did not contemplate a grant of jurisdiction to the courts to prevent abuse or misuse of power by prior restraint of the exercise of the powers. ….While this does not preclude judicial restraint in advance of the administrative process in all circumstances, such relief is limited to cases where on its face the contemplated hearing or other administrative process, if consummated, would be set aside on review on procedural grounds. Amos Treat & Co. v. SEC, 306 F. 2d 260, 265."

More recently, in International Waste Controls Inc. v. SEC, 362 F.Supp. 117, 120 (S.D.N.Y.), aff'd, 485 F.2d 1238 (2d Cir. **[\*12]** 1973), the district court said:

"The jurisdiction of this court to entertain suits to enjoin SEC investigations is predicated on allegations that the SEC 'has plainly exceeded its statutory authority, or threatens irreparable injury in clear violation of an individual's rights'."

See also, Gellis v. Casey, 338 F.Supp. 651 (S.D.N.Y. 1972).

The court finds that *HN2* the proper standard for judicial intervention is a finding that the agency has acted in flagrant violation of its statutory authority.

Touche Ross argues that when this standard is applied in the instant case it is clear that the court should intervene. Touche Ross contends that Congress has given the power to discipline professionals to state professional associations and has given the power to try violations of the securities laws to the courts. It then argues that the only exception to this statement is that the SEC has been given the specific power to discipline broker-dealers. Thus Touche Ross claims that SEC's use of its Rule 2(e) to accomplish its proposed ends in the instant case is a flagrant violation of Congress' statutory scheme.

SEC agrees that it has no explicit authority for promulgating Rule 2(e) **[\*13]** but insists that it has implicit authority under its general rule-making power to do so. SEC promulgated Rule 2(e) in 1938. The rule is in substantially the same form today. SEC contends that the purpose of the rule is to protect the SEC's processes from incompetent, unethical or dishonest attorneys, accountants and otheprofessionals. As a basis for its rule making powers the SEC cites 15 U.S.C., §§ 77s, 78w, 79t, 77sss, 80a-37 and 80b-11. Since 1938, there has never been a court ruling that the SEC was acting in excess of its jurisdiction in disciplining

professionals. Nor has Congress acted to change this state of affairs. [6]

> **FOOTNOTES**
>
> [6] See also ALI Federal Securities Code, Ten. Draft #3, at 26 (April 1, 1970); ALI Federal Securities Code, Reporter's Revision of Text of Ten. Draft Nos. 1-3, at 182 (October 1, 1974). In the past, even Touche Ross has been the subject of Rule 2(e) proceedings without raising the question of jurisdiction.
>
> FOOTNOTES, cont'd
>
> In 1974, Touche Ross waived institution of formal proceedings under Rule 2(e) and consented to the entry of an order containing certain findings, findings, conclusions and remedial sanctions. The sanctions agreed to by Touche Ross & Co. included censure by the Commission; the adoption of procedures designed to improve the quality of Touche Ross' audits and to avoid future violations of the federal securities laws; an investigation of Touche Ross' compliance with the terms of the settlement by members of the accounting profession selected by the Chief Accountant of the Commission; and substantial restriction on Touche Ross & Co.'s acceptance of new professional engagements which would involve practice before the Commission. In addition, Touche Ross & Co. consented to the retention of jurisdiction by the Commission over the matter to ensure compliance with the terms of the settlement and to allow re-opening of the proceedings for the imposition of such further relief as was required under the circumstances. Touche Ross & Co., Accounting Series Release No. 153, 5CCH Fed. Sec. L. Rep. P72,175 (February 24, 1974).
>
> In 1957 a predecessor partnership of Touche Ross was suspended from practice before the SEC for 15 days after the SEC determined that the partnership and two individuals had engaged in improper professional conduct within the meaning of Rule 2(e). Touche, Niven, Bailey & Smart, Accounting Series Release No. 78, 5 Federal Sec. L. Rep. [CCH] P72,100 (1957).

 **[*14]**  In Schwebel v. Orrick, 251 F.2d 919 (D.C. Cir.), cert. denied, 356 U.S. 927 (1958), the Court of Appeals for the District of Columbia decided the very question before this court. It held that an attorney could not seek to enjoin a SEC Rule 2(e) proceeding on the ground that the SEC lacked statutory authority to discipline professionals who appeared before it. The court held that it need not reach the question of whether the SEC's action was authorized because it found that the SEC was not acting in flagrant violation of its authority and that the plaintiff had to exhaust administrative remedies before seeking judicial review. The court affirmed the district court's dismissal of the complaint, although not on the merits of the question of the SEC's authority as the district court had done. The district court in its opinion, 153 F.Supp. 701 (D.D.C. 1957), found that Rule 2(e) was statutorily authorized. The Court of Appeals, for the District of Columbia in its decision in Schwebel, supra, followed its earlier decision in Camp v. Herzog, 190 F.2d 605 (D.C. Cir. 1951), which held that an attorney had not shown that the NLRB was acting in clear violation of its authority in disciplining **[*15]** attorneys who appeared before it, and that the attorney would be required to exhaust his administrative remedies. But cf. Wallach v. SEC, 202 F.2d 462 (D.C. Cir. 1953) (Salesman did not have to exhaust administrative remedies but could secure a court order forbidding the SEC to hold an administrative disciplinary proceeding absent statutory authorization).

As further support for SEC's contention that it is not acting in flagrant violation of its jurisdiction are several cases holding that agencies have the inherent power to promulgate rules disciplining professionals who practice before them. In Goldsmith v. Board of Tax Appeals, 270 U.S. 117 (1926), the Supreme Court rejected an accountant's claim that the

board lacked statutory authority to refuse him the right to practice before it. The Court held, at 121-122.

"Not infrequently statutory provision is made for requiring a list of enrolled attorneys to which a practitioner must be admitted by the executive office or tribunal... In view of these express provisions, it is urged that the absence of such authorization in the case of the board of tax appeals should indicate that it was not intended by Congress to give it the power. **[*16]** Our view, on the contrary, is that so necessary is the power and so usual is it that the general words by which the Board is vested with the authority to prescribe the procedure in accordance with which its business shall be conducted include as part of the procedure rules of practice for the admission of attorneys."

In Herman v. Dulles, 205 F.2d 715 (D.C. Cir. 1953), the court held that the International Claims Commission had authority to discipline those attorneys who failed to meet its standards. In Koden v. INS, 564 F.2d 228 (7th Cir. 1977), the Seventh Circuit held that, given the statutory language, the Immigration and Naturalization Service had the authority to discipline attorneys. See also Wright v. SEC, 112 F.2d 89, 94-5 (2d Cir. 1940); International Waste Controls, supra, But cf., Wallach v. SEC, supra.

In 1965, Congress enacted 5 U.S.C., § 500 which abolished the power of agencies to set formal admissions standards for those who practice before them. The SEC had eliminated its admissions standards in 1938. [7] Section 500(d)(2) states, however, that the section abolishing admissions standards "does not... authorize or limit the discipline, including disbarment, **[*17]** of individuals who appear in a representative capacity before the agency..." (emphasis added). Although the parties hotly contest the legislative intent behind this section, it seems clear that the language is studiedly neutral on the issue.

> **FOOTNOTES**
>
> [7] See n. 5, supra.

Section 500 cannot, as Touche Ross claims, be considered to effect a reversal of prior decisions which found that agencies had the power to discipline those who practice before them. The Court of Appeals for the District of Columbia has reaffirmed the validity of Schwebel, supra, in two recent opinions. In Kivitz v. SEC, 475 F.2d 956 (D.C. Cir. 1973), the court, while finding insufficient evidence to support the SEC's order, pursuant to Rule 2(e), suspending an attorney from practice before the SEC for two years, said, citing Schwebel and Herman v. Dulles, supra,

"This was a non-public proceeding arising under Rule 2(e) of the Commission's Rules of Practice, 17 C.F.R. § 201.2(e). We do not say that an administrative agency may not so proceed...." (at 962)

In SEC v. Csapo, 533 F.2d 7, 12 (D.C. Cir. 1976), the court said,

"Certainly the evidence of alleged solicitation presented to the SEC raised serious **[*18]** questions of possible professional impropriety which, if proved, might well warrant disciplinary action. Nothing in our opinion today is intended to limit the right of the SEC to institute itself such disciplinary proceedings...."

See also this court's opinion in Sterling Drug, Inc. v. FTC (S.D.N.Y. 1973) [1972-3] Trade Cases (CCH) P74,846, Comment SEC Disciplinary Rules and the Federal Securities Laws: the Regulation, Role and Responsibilities of the Attorney, 1972 Duke L. Rev. 901 (1972).

Touche Ross argues that the cases cited by the SEC are distinguishable. However, in light of the 40 year history of Rule 2(e) and the precedent considered above, the court finds that the SEC's action is not clearly in excess of its authority.

B. Irreparable Injury

Touche Ross contends that it will suffer irreparable injury if the SEC, acting without authority, makes a finding that Touche Ross should be suspended from practice before the SEC. Touche Ross also claims that its business reputation will be harmed by the publicity surrounding this public proceeding. It also points to the cost of litigation before the SEC and the loss of time involved.

The court finds that this does not [*19] constitute irreparable harm. In Myers, supra, 303 U.S. at 51-52, the Supreme Court said,

"Obviously, HN3 the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative remedy would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

A similar result was reached in Gellis v. Casey, 338 F.Supp. 651 (S.D.N.Y. 1972); International Waste Controls, Inc. v. SEC, 362 F.Supp. 117, 121 (S.D.N.Y.), aff'd, 485 F.2d 1238 (2d Cir. 1973).

III. Legal Issues outside the Special Competence of an Agency

Touche Ross points out that the issue whether the SEC has implied power to discipline professionals who practice before it is a question of statutory interpretation. The issue is not dependent on a factual determination, such as the involvement of interstate commerce, which would be within an agency's special competence. Since the issue is not within the special competence of the agency, Touche Ross argues that [*20] the policy behind the exhaustion requirement is absent and that this court should intervene. While it is true that the SEC will not bring any of its fact finding processes to bear on this issue, this is only one factor in deciding whether administrative remedies must be exhausted.

The Supreme Court in McKart, supra, at 194-5, discussed the policy reasons behind requiring exhaustion of remedies.

"... it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages. The very same reasons lie behind judicial rules sharply limiting interlocutory appeals.

Closely related to the above reasons is a notion peculiar to administrative law. The administrative agency is created as a separate entity and invested with certain powers and duties. The courts ordinarily should not interfere with an agency until it has completed its action, or else has clearly exceeded its jurisdiction. As Professor Jaffee puts it, '[the] exhaustion doctrine is, therefore, an expression of executive and administrative autonomy,'... In addition, other justifications for requiring [*21] exhaustion in cases of this sort have nothing to do with the dangers of interruption of the administrative process. Certain very practical notions of judicial efficiency come into play as well. A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the court may never have to intervene. And notions of administrative autonomy require that the agency be given a chance to discover and correct its own errors. Finally it is possible that frequent and deliberate flouting of administrative

processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." See also American General Insurance Co. v. FTC, 496 F.2d 197 (5th Cir. 1974) (plaintiffs must exhaust their administrative remedies with respect to the FTC's ruling that the McCarran-Ferguson Act did not immunize the merger of two corporations from the provisions of the Clayton Act.) See generally, R. Berger, Exhaustion of Administrative Remedies, 48 Yale L.J., 981 (1939)

In the instant case, the SEC may not find it necessary to take any action against Touche Ross. It is possible, although unlikely, **[*22]** that the SEC might decide that it does not have authority to discipline accountants. It would be within the power of the SEC to declare its own rule invalid. Touche Ross is not attacking the constitutionality of a statute, an issue which would be outside of the SEC's power to decide. Finnerty v. Cowen, supra, 508 F.2d 979 (2d Cir. 1974); [8] Touche Ross can raise its jurisdictional claims on appeal from any adverse determination as well. The reviewing court will apply the standard that Touche Ross argues here. This is not a case in which judicial intervention is necessary on the ground that there will be no adequate review at a later stage. See Skinner v. Eddy, 249 U.S. 559 (1919); Jewel Companies v. FTC, 432 F.2d 1155 (7th Cir. 1970) (exercise of FTC Commissioner's discretion in voting for issuance of complaint).

> **FOOTNOTES**
>
> [8] But cf. The Authority of Administrative Agencies to Consider the Constitutionality of Statutes. 90 Harv. L.Rev. 1682 (1977) (Agencies have power to consider constitutionality of statutes).

Thus the court finds that the absence of a need for further fact-finding is not sufficient to obviate the need for exhaustion of administrative remedies. The policy **[*23]** reasons for requiring exhaustion are present in this case.

IV. Conclusion

Touche Ross has not shown that its procedural due process rights will be infringed by the SEC's Rule 2(e) proceeding. Nor has it shown that another constitutional right is at stake. Its allegations that the SEC is acting in clear violation of its statutory authority are not supported by precedent. The court finds that there has been no showing of clear abuse of authority by the SEC. Touche Ross has not shown that it will suffer irreparable injury if forced to present its jurisdictional claims to the SEC and then to the reviewing court, in the event of an adverse determination by the SEC.

The court finds that Touche Ross has not made a sufficient showing that this court should depart from the general rule requiring exhaustion of administrative remedies.

Therefore, without reaching the substantive question of the validity of Rule 2(e), the court holds that Touche Ross must first exhaust its administrative remedies. Therefore the SEC's motion to dismiss the complaint is granted. See order of this date.

CONSTANCE BAKER MOTLEY U.S.D.J.

Service: **Get by LEXSEE®**
Citation: **1978 U.S. Dist. LEXIS 17974**
View: Full
Date/Time: Friday, September 21, 2007 - 2:52 PM EDT


About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.