# Exhibit D



**Federal Energy Regulatory Commission**
**July 26, 2007**
**Market Manipulation Show Cause Orders**
**IN07-26-000 and IN06-3-002**
**Statement of**
**Chairman Joseph T. Kelliher**

"Today the Federal Energy Regulatory Commission is announcing two major enforcement actions against Amaranth and Energy Transfer Partners for manipulating natural gas markets. This morning we issued show cause orders that make preliminary findings these companies have manipulated natural gas markets.

These enforcement actions are very significant. They represent the first prosecution of market manipulation by the Commission with the new enforcement powers Congress gave us two years ago. These actions also represent the first time the Commission has proposed maximum civil penalties.

As detailed in our orders, the evidence against both companies is significant. In both instances, there are tapes or instant messages that reveal an intent to manipulate prices. Before further describing our actions today, however, I want to emphasize two things we are not doing. First, the Commission is not seeking to punish risk taking in energy markets. Well functioning markets are critical to serving the Nation's energy needs and investors are expected to take risks in these markets. These cases do not involve honest risk taking, but rather well designed plans to manipulate markets.

Second, the Commission is not making final conclusions in these show cause orders. Rather, they represent our belief, based on the existing record, that these companies may have manipulated markets and therefore violated the law. Both companies will have the opportunity to rebut the preliminary conclusions set forth in the show cause orders. We will give full and fair consideration to their response.

The Commission proposes to impose maximum penalties and penalties that approach the maximum for certain violations by Amaranth and Energy Transfer Partners. In the case of Amaranth we propose civil penalties and remedies in the amount of $291 million. We propose civil penalties and remedies in the amount of $167 million on Energy Transfer Partners.

The Commission has been exercising its new civil penalty authority since January. This is the first instance in which we propose maximum penalties for certain violations. We do so here for a number of reasons. First, the violations in question involve market manipulation. Manipulation is one of the most serious violations of Commission requirements.

Second, the harm to the market caused by Amaranth and Energy Transfer Partners was significant.

Third, in both cases, we find the violations were intentional. In both cases, we find there was involvement of senior management. Further, in both cases, we find the level of cooperation does not merit any reduction in civil penalties.

Market manipulation may tend to be subject to maximum civil penalties, because of the seriousness of the violation, especially when combined with clear intent, involvement of senior management, and a lack of cooperation with our investigation.

- 2 -

**Federal Energy Regulatory Commission**
**July 26, 2007**
**Chairman Joseph T. Kelliher**

The manipulative schemes in question were designed to lower prices in one market in order to benefit positions held in a related market. Manipulation that lowers prices is as offensive as manipulation that raises prices. Market manipulation undermines the integrity of markets, regardless of whether prices are manipulated upward or downward. Manipulation that raises prices harms consumers immediately and in ways that are easy to understand. Manipulation that lowers prices also hurts consumers, over a longer period and more indirectly.

It is also important to recognize that a company that manipulates prices downward today may try to manipulate prices upward tomorrow.

We do not allege Amaranth and Energy Transfer Partners colluded in their manipulative schemes – they pursued different schemes designed to manipulative prices in different markets. These are separate investigations.

These investigations were extensive and span a period of months. I want to congratulate the Commission's Office of Enforcement staff for their fine work on these investigations. Manipulative schemes can be highly complicated, and market manipulation can be difficult to detect and difficult to prosecute. The Amaranth investigation began last year, when Commission oversight staff observed suspicious movements in natural gas prices. That proves the quality and effectiveness of the Commission's market oversight function.

I also want to praise the Commodity Futures Trading Commission (CFTC) for being a strong partner in coordinating investigations regarding market manipulation. In particular, I want to commend the leadership of Acting Chairman Lukken and former Chairman Jeffrey. FERC and the CFTC have collaborated closely in these and other investigations. It is fair to say that the coordination between FERC and CFTC enforcement has never been as strong as it is now. That close coordination has improved our respective ability to detect and sanction market manipulation.

To conclude, these show cause orders represent the conclusion of extensive investigations. We have made preliminary findings that the practices in question constitute market manipulation, and are taking the first step to initiate administrative litigation. Amaranth and Energy Transfer Partners now have the chance to dispute our findings on the record. We are not taking final action today and are not rendering final judgment."