UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

U.S. COMMODITY FUTURES TRADING,              :
COMMISSION,
                                             :
                Plaintiff,
                                             :
        - against -                                **MEMORANDUM DECISION**
                                             :
AMARANTH ADVISORS, L.L.C.,                         07 Civ. 6682 (DC)
AMARANTH ADVISORS (CALGARY) ULC,             :
and BRIAN HUNTER,
                                             :
                Defendants.
                                             :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2008

**APPEARANCES:**   (see last page)

**CHIN, District Judge**

  Defendants move for reconsideration of the Court's May 21, 2008 decision (the "Opinion") denying their motions to dismiss. See U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, L.L.C., No. 07 Civ. 6682 (DC), 2008 WL 2123323 (S.D.N.Y. May 21, 2008). They make two arguments in support of their motion based on the Second Circuit's recent decision in ATSI Communications v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007). The arguments are rejected, and the motion is denied.

  First, defendants argue that the complaint fails to state a claim for attempted manipulation in light of the holding in ATSI Communications that "[t]o be actionable as a manipulative act, short selling must be willfully combined with <u>something more</u> to create a false impression of how market participants value a security." (Def. Mem. at 3 (emphasis in original), quoting ATSI Commc'ns, 493 F.3d at 101). The U.S. Commodity Futures Trading

Commission (the "CFTC"), however, alleges that defendants did more than simply place unusually large sell orders in the open market: they amassed large numbers of futures contracts leading up to the expiration day of those contracts; then on the expiration days in question, defendants deliberately waited until several minutes before the close of trading to sell large numbers of expiring futures contracts; defendants knew that unloading a significant portion of their contracts near the end of trading would affect the closing price of those contracts; and defendants did sell within minutes of the close of trading with the intent to manipulate the prices of natural gas futures contracts. According to the complaint, defendants did much more than mere high-volume short selling.

In the Opinion, the Court cited Judge Holwell's decision in Securities Exchange Commision v. Masri, 523 F. Supp. 2d 361 (S.D.N.Y. 2007), which held that "marking the close" could amount to a violation of section 10(b) of the Securities Exchange Act of 1934. Although Masri was decided four months after the Second Circuit issued ATSI Communications, defendants now contend that Masri is bad law in light of the Second Circuit's holding in ATSI Communications. In Masri, Judge Holwell did not discuss ATSI Communications, but did point out that the timing of high-volume, "end-of-day" transactions was not only "suspicious," but also "more capable of artificially affecting the price of the security." Masri, 523 F. Supp. 2d at 370. Defendants' argument, in substance, is that any difference between high-volume short-

selling (the facts in ATSI Communications) and high-volume short-selling near the end of closing (the facts in Masri) is not sufficient to comply with ATSI Communications' "something more" requirement.

Ultimately, however, whether "marking the close" could constitute manipulation in contravention of federal securities laws in light of the Second Circuit's decision in ATSI Communications is not at issue in this case. ATSI Communications and Masri involved violations of federal securities laws, while the instant case involves claims under the Commodity Exchange Act (the "CEA").[1] In the Opinion, the Court specifically "reject[ed] defendants' argument," based on ATSI Communications, "that it is necessary to plead a fraudulent act to state an attempted manipulation claim under the CEA." 2008 WL 2123323, at *11. In declining to extend the holding in ATSI Communications to the instant case, the Court distinguished the two statutes: "While the 1934 Act prohibits both fraud and manipulation in section 10(b), the CEA has a separate anti-fraud section apart from the anti-manipulation provision. When the statute distinguishes fraud and manipulation by addressing them in different provisions, it would be redundant to construe manipulation to require a fraud element." Id. at *10. The Court accordingly

---

[1] Although "[s]ecurities cases and principles are used as persuasive aids to interpretation of the CEA," Mormels v. Girofinance, S.A., 544 F. Supp. 815, 817 n.8 (S.D.N.Y. 1982), they are only persuasive, and not binding in CEA cases.

concluded that an allegation of <u>any</u> overt act in furtherance of an intent to affect market prices was sufficient to state an attempted manipulation claim under the CEA. Hence, defendants' reliance on <u>ATSI Communications</u> in this case is misplaced.

Second, defendants contend that the Court ignored the holding in <u>ATSI Communications</u> that "a claim for manipulation is a claim for fraud subject to Rule 9(b)" and thus incorrectly applied the pleading standards under Rule 8(a) to the attempted manipulation claim. (Def. Mem. at 8). But <u>ATSI Communications</u>, which addressed pleading standards for claims under federal securities laws, did not supersede case law regarding pleading standards for claims under the CEA. Although required for an analogous claim under securities laws, fraud is not a necessary element of a manipulation claim under the CEA, as discussed above. Accordingly, in cases involving violations of the CEA, courts in this district have applied a "case-specific approach" to determine the applicable pleading standard by examining whether the alleged manipulative scheme includes a fraud element. <u>See</u> <u>In re Crude Oil Commodity Litig.</u>, No. 06 Civ. 6677 (NRB), 2007 WL 11946553, at *4-5 (S.D.N.Y. June 28, 2007); <u>In re Natural Gas Commodity Litig.</u>, 358 F. Supp. 2d 336, 343 (S.D.N.Y. 2005). Because the alleged manipulative acts in this case did not involve fraud, the Court applied the liberal pleading standards under Rule 8(a).

For the foregoing reasons, defendants' motion for reconsideration is denied.

SO ORDERED.

Dated:   New York, New York
         June 10, 2008

_____
DENNY CHIN
United States District Judge

**APPEARANCES**

TERRY ARBIT, ESQ.
General Counsel for the U.S. Commodity
    Futures Trading Commission
       By:  Stephen Jay Obie, Esq.
           David W. MacGregor, Esq.
           Manal Sultan, Esq.
           Elizabeth C. Brennan, Esq.
           David W. Oakland, Esq.
           Karin N. Roth, Esq.
           W. Derek Shakabpa, Esq.
140 Broadway
New York, New York  10005

WINSTON & STRAWN LLP
Attorneys for Defendants Amaranth Advisors, L.L.C.
    and Amaranth Advisors (Calgary) ULC
       By:  David E. Mollon, Esq.
           Steven M. Schwartz, Esq.
           Lauren B. Lepore, Esq.
200 Park Avenue
New York, New York  10166

KOBRE & KIM LLP
Attorneys for Defendant Brian Hunter
       By:  Michael S. Kim, Esq.
           Leif T. Simonson, Esq.
800 Third Avenue
New York, New York  10022