UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
U.S. COMMODITY FUTURES TRADING         :   07 Civ. 6682 (DC)
COMMISSION,                            :
                                       :   ECF Case
       Plaintiff,                      :
                                       :   **ANSWER OF DEFENDANT**
                                       :   **BRIAN HUNTER**
       v.                              :
                                       :
AMARANTH ADVISORS, L.L.C., AMARANTH    :   **JURY TRIAL REQUESTED**
ADVISORS (CALGARY) ULC AND BRIAN       :
HUNTER,                                :
                                       :
       Defendants.                     :
                                       :
---------------------------------------------------------------x

Defendant Brian Hunter, by and through his attorneys, Kobre & Kim LLP, answers the Complaint of Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or "CFTC") as follows:

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies that he engaged in any scheme of price manipulation in violation of the Commodity Exchange Act (the "Act") and denies knowledge or information sufficient to form a belief as the allegations in paragraph 1 relate to others.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies the allegations in paragraph 2 as they relate to him, and denies

knowledge or information sufficient to form a belief as to the allegations in paragraph 2 as they relate to others.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies the allegations in paragraph 3 as they relate to him, and denies knowledge or information sufficient to form a belief as to the allegations in paragraph 3 as they relate to others.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies that he engaged in any violation of the Act; therefore, Hunter denies that the relief sought in paragraph 5 is warranted against him.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies that he engaged in the wrong-doing alleged in the Complaint. Therefore, Hunter denies that he should be restrained or enjoined in any manner.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions to which no response is required.

8. The allegations contained in paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint.

11. Defendant Hunter admits the allegations in paragraph 11 of the Complaint.

12. Defendant Hunter admits the allegations in paragraph 12 of the Complaint, except Hunter denies knowledge or information sufficient to form a belief as to the legal or corporate relationship between Amaranth Advisors (Calgary) ULC and Amaranth Advisors L.L.C.

13. Defendant Hunter denies the allegations in paragraph 13 of the Complaint except to state that Amaranth Advisors provided investment advisory and management services to Amaranth LLC pursuant to an advisory agreement and respectfully refers the Court to the advisory agreement for information regarding the services provided.

14. Defendant Hunter admits the allegations in paragraph 14 of the Complaint.

15. Defendant Hunter denies the allegations in paragraph 15 of the Complaint except to state that Amaranth was an investment advisor to a multi-strategy fund that engaged in a variety of strategies that involved natural gas derivatives contracts, including futures and options.

16. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint and respectfully refers the Court to Section 1.19 of the NYMEX's Rulebook for a definition of a futures contract.

17. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint, except, state that the

NUMEX details the terms of a natural gas futures contract on its website at http://www.nymex.com/ng_pre_agree.aspx.

18.  The allegations contained in paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19.  Defendant Hunter denies the allegations in paragraph 19 of the Complaint, except to state that Amaranth Advisors was not capable of accepting delivery of or of delivering physical natural gas.

20.  Defendant Hunter denies the allegations in the first sentence of paragraph 20 of the Complaint, except to state that in or around October 2005, Hunter, who, in part, oversaw natural gas trading for Amaranth Advisors, transferred from Amaranth Advisors L.L.C.'s Greenwich office to Amaranth Advisors (Calgary) UlC's Calgary office. Hunter denies the allegations in the second sentence of paragraph 20 except to state that certain natural gas traders that were, in part, under his supervision, and risk management and compliance personnel in charge of overseeing the Calgary office's trading, continued to work at the Greenwich office.

21.  Hunter denies the allegations in paragraph 21 of the Complaint, but admits that his compensation for 2005, including deferred compensation, was over $100 million.

22.  Defendant Hunter admits the allegations in paragraph 22.

23.  Defendant Hunter denies the allegations in paragraph 23 as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

24. Defendant Hunter denies the allegations in paragraph 24 as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

25. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 25, and respectfully refers the Court to the NYMEX's rules regarding settlement prices at http://www.nymex.com for the contents thereof.

26. Defendant Hunter denies the allegations in paragraph 26 as they relate to him and denies the knowledge or information sufficient to form a belief as they relate to others.

27. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 27, and respectfully refers the Court to the Commodity Futures Trading Commission Glossary's definition of a look-alike swap available at www.cftc.gov.

28. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 28.

29. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 29, and respectfully refers the Court to the ICE Rulebook and website at www.theice.com for a full description of the various instruments traded on ICE.

30. Defendant Hunter denies the allegations in paragraph 30 as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

31.     Defendant Hunter denies the allegations in paragraph 31 as they relate to him and denies knowledge and information sufficient to form a belief as they relate to others, except admits that February 24, 2006 was the expiration day of the March 2006 NYMEX natural gas futures contract.

32.     Defendant Hunter admits that Mathew Donoho was a natural gas trader for Amaranth Advisors, and respectfully refers the Court to Exhibit A of the Complaint document number AALLC_REG0684055 for the contents thereof.  To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

33.     Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint.

34.     Defendant Hunter respectfully refers the Court to Exhibit A of the Complaint document number AALLC_REG0672597 for the contents thereof.  To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

35.     Defendant Hunter denies the allegation in paragraph 35 of the Complaint as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

36.     Defendant Hunter respectfully refers the Court to Exhibit A of the Complaint document number AALC_REG0684186 for the contents thereof.  To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

37.     Defendant Hunter admits the allegations in paragraph 37 of the Complaint.

38. Defendant Hunter denies the allegations in paragraph 38 of the Complaint, except respectfully refers the Court to Exhibit A of the Complaint document number AALLC_REG0684227 for the contents thereof.  To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

39. Defendant Hunter denies the allegations in paragraph 39 of the Complaint, and respectfully refers the Court to Exhibit A of the Complaint document number AALLC_REG0684264 for the contents thereof.   To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

40. Defendant Hunter respectfully refers the Court to Exhibit A of the Complaint document number AALLC_REG0704931 for the contents thereof.  To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

41. Defendant Hunter denies the allegations in paragraph 41 of the Complaint as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

42. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 42 of the Complaint, except admits that there was a compliance manual.

43. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 43 of the Complaint, except admits that there was a compliance manual.

44. Defendant Hunter denies the allegations in paragraph 44 of the Complaint as they relate to him and denies knowledge or information sufficient to form a belief as

they relate to others, except admits that April 26, 2006 was the expiration day for the May 2006 NYMEX natural gas futures contract.

45.  Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of the Complaint.

46.  Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of the Complaint.

47.  Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 47 of the Complaint.

48.  Defendant Hunter denies the allegations in paragraph 48 of the Complaint.

49.  Defendant Hunter respectfully refers the Court to Exhibit A of the Complaint document number A_CFTC032874 for the contents thereof. To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

50.  Defendant Hunter respectfully refers the Court to Exhibit A of the Complaint document number AALLC_REG0593127 for the contents thereof. To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

51.  Defendant Hunter denies the allegations in paragraph 51 as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

52.  Defendant Hunter respectfully refers the Court to Exhibit A of the Complaint document number A_CFTC032878 for the contents thereof. To the extent the

document is cited to support the claims against Hunter, the document is cited out of context.

53. Defendant Hunter respectfully refers the Court to Exhibit A of the Complaint document number A_CFTC032910 for the contents thereof. To the extent the document is cited to support the claims against Hunter, the document is cited out of context.

54. Defendant Hunter denies the allegations in paragraph 54 of the Complaint.

55. Defendant Hunter denies the allegations in paragraph 55 of the Complaint as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

56. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 56 of the Complaint.

57. Defendant Hunter denies the existence of any manipulative scheme and denies knowledge or information sufficient to form a belief as to the other allegations in paragraph 57 of the Complaint.

58. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 58 of the Complaint.

59. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 59 of the Complaint.

60. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 60 of the Complaint.

61. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 61 of the Complaint.

62.     Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 62 of the Complaint.

63.     Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 63 of the Complaint.

64.     Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 64 of the Complaint.

65.     Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 65 of the Complaint.

66.     Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 66 of the Complaint, except that Hunter admits that Amaranth submitted a letter to NYMEX regarding its April 26, 2006 trading, and denies the existence of any manipulative scheme.

67.     Defendant Hunter admits that Amaranth submitted a letter to NYMEX and respectfully refers the Court to Exhibit C for the contents thereof.

68.     Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 68 of the Complaint.

69.     In response to paragraph 69 of the Complaint, Hunter repeats and reasserts his responses to paragraphs 1 through 68.

70.     The allegations contained in paragraph 70 of the Complaint are legal conclusions to which no response is required.

71.     Defendant Hunter denies the allegations in paragraph 71 of the Complaint as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

72. Defendant Hunter denies the allegations in paragraph 72 of the Complaint as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

73. The allegations contained in paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies the allegations in paragraph 73 as they relate to him and denies knowledge or information sufficient to form a belief as they relate to others.

74. The allegations contained in paragraph 74 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies the allegation that he violated the Act.

75. The allegations contained in paragraph 75 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 75, except denies he committed any violation of the Act.

76. In response to paragraph 76 of the Complaint, Hunter repeats and reasserts his responses to paragraphs 1 through 75.

77. The allegations contained in paragraph 77 of the Complaint are legal conclusions to which no response is required.

78. The allegations contained in paragraph 78 of the Complaint are legal conclusions to which no response is required.

79. Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 79 of the Complaint.

80. The allegations contained in paragraph 80 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 80.

81. The allegations contained in paragraph 81 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies knowledge or information sufficient to form a belief as to the allegations in paragraph 81.

82. The allegations contained in paragraph 82 of the Complaint are legal conclusions to which no response is required.

83. The allegations contained in paragraph 83 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant Hunter denies that he committed any violation of the Act and denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 83.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**
### **(Failure to State a Claim)**

84. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**
### **(Lack of Personal Jurisdiction)**

85. The Court lacks personal jurisdiction over Hunter, a Canadian citizen and resident.

### Third Affirmative Defense
### (Due Process)

86. Hunter had no reasonable notice or fair warning that open market trading, without any other deceptive conduct could be deemed to violate the Act.

87. Section 28 U.S.C. § 13(a)(2) of the Commodity Exchange Act violates the fair notice doctrine because "affect or tend to affect" is vague and ambiguous.

### Fourth Affirmative Defense
### (Lack of Particularity)

88. The Complaint should be dismissed for failure to plead its allegations with the requisite level of particularity as required by the Federal Rules of Civil Procedure.

### Fifth Affirmative Defense
### (Additional Defenses)

89. Hunter adopts by reference any applicable defense pled by any other defendant not expressly set forth herein.

90. Hunter asserts all other affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Hunter prays for judgment as follows:

1. Dismissing the CFTC's claims with prejudice; and

2. Any and all such further relief as the Court deems just and proper.

Dated: New York, New York
July 9, 2008

                KOBRE & KIM LLP

                /s/ Michael S. Kim
                Michael S. Kim (MK-0308)
                michael.kim@kobrekim.com

                Matthew I. Menchel (MM-0675)
                matthew.menchel@kobrekim.com

                Leif T. Simonson (LS-5915)
                leif.simonson@kobrekim.com

                Zaharah R. Markoe (ZM-9280)
                zaharah.markoe@kobrekim.com

                800 Third Avenue
                New York, New York 10022
                Tel: 212.488.1200
                Fax: 212.488.1220

                Leanne Bortner (not admitted)
                leanne.bortner@kobrekim.com
                1919 M Street, NW
                Washington, DC 20036
                Tel: 202.664.1900
                Fax: 202.664.1920
                (*pro hac vice* motion pending)

                *Attorneys for Brian Hunter*