David E. Mollón (DM-5624)
Steven M. Schwartz (SS-4216)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Amaranth Advisors L.L.C.*
*and Amaranth Advisors (Calgary) ULC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| | : | |
| **U.S. COMMODITY FUTURES TRADING** | | |
| **COMMISSION,** | : | |
| Plaintiff, | | |
| | : | **Electronically Filed** |
| v. | | |
| | : | **07 Civ. 6682 (DC)** |
| **AMARANTH ADVISORS L.L.C.,** | | |
| **AMARANTH ADVISORS (CALGARY) ULC** | : | |
| and **BRIAN HUNTER,** | | |
| | : | |
| Defendants. | | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## AMARANTH ADVISORS L.L.C. AND
## <u>AMARANTH ADVISORS (CALGARY) ULC'S ANSWER TO COMPLAINT</u>

Defendant Amaranth Advisors L.L.C. and Amaranth Advisors (Calgary) ULC (together, "Amaranth Advisors"), by its undersigned attorneys, answer the Complaint of Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or "CFTC") and state affirmative defenses as follows: [1]

1.      Amaranth Advisors aver that paragraph 1 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny the allegations in paragraph 1.

2.      Amaranth Advisors aver that paragraph 2 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny the allegations in paragraph 2.

3.      Amaranth Advisors aver that paragraph 3 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny the allegations in paragraph 3.

4.      Amaranth Advisors aver that paragraph 4 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny the allegations in paragraph 4.

5.      Amaranth Advisors aver that paragraph 5 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny the allegations in paragraph 5.

6.      Amaranth Advisors aver that paragraph 6 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny the allegations in paragraph 6.

---

[1] Amaranth Advisors aver that no response is required to the headings contained throughout the Complaint, and to the extent a response is required, Amaranth Advisors deny any allegations in such headings.

7.      Amaranth Advisors aver that paragraph 7 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny the allegations in paragraph 7.

8.      Amaranth Advisors aver that paragraph 8 purports to state conclusions of law to which no response is required.

9.      Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Amaranth Advisors deny the allegations in sentence 1 of paragraph 10, except to state that Amaranth Advisors L.L.C. is a Delaware limited liability company founded in 2000, with its principal place of business in Greenwich, Connecticut.  Amaranth Advisors deny the allegations in sentence 2 of paragraph 10, except to state that Amaranth Advisors L.L.C. provides investment management services to Amaranth LLC, a multi-strategy private investment fund.  Amaranth Advisors deny knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 3 of paragraph 10, except to state, upon information and belief, that according to financial statements for Amaranth LLC and its subsidiaries, as of on or about December 2005, they had net assets of over $6 billion and natural gas futures positions valued at over $5 billion.

11.      Amaranth Advisors admit the allegations in paragraph 11.

12.      Amaranth Advisors deny the allegations in paragraph 12, except to state that Amaranth Advisors L.L.C. has a 99% interest in Amaranth Advisors (Delaware) LLC, which in turn has a 100% interest in Amaranth Advisors (Luxembourg) S.a.r.l., which in turn has a 100% interest in Amaranth Advisors (Calgary) ULC.

13.     Amaranth Advisors deny the allegations in paragraph 13, except to state that Amaranth Advisors provided investment advisory and management services to Amaranth LLC pursuant to an advisory agreement, and respectfully refer the Court to the advisory agreement for information regarding the services provided.

14.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of paragraph 14.  Amaranth Advisors admit the allegations in sentence 2 of paragraph 14.

15.     Amaranth Advisors deny the allegations in paragraph 15, except to state that they were investment advisors to a multi-strategy fund that engaged in a variety of investment strategies involving natural gas derivatives contracts, including futures and options.

16.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and respectfully refer the Court to Section 1.19 of the NYMEX's Rulebook for a definition of a futures contract.

17.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except to state that the NYMEX details the terms of a natural gas futures contract on its website at http://www.nymex.com/ng_pre_agree.aspx, and respectfully refer the Court to the website for the contents thereof.

18.     Amaranth Advisors aver that paragraph 18 purports to state conclusions of law to which no response is required.  To the extent a response is required, Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.    Amaranth Advisors deny the allegations in paragraph 19, except to state that Amaranth Advisors was not capable of accepting delivery of or delivering physical natural gas.

20.    Amaranth Advisors deny the allegations in sentence 1 of paragraph 20, except to state that in or around October 2005, Mr. Hunter, who, in part, oversaw natural gas trading for Amaranth Advisors, transferred from Amaranth Advisors L.L.C.'s Greenwich office to Amaranth Advisors (Calgary) ULC's Calgary office.  Amaranth Advisors deny the allegations in sentence 2 of paragraph 20, except to state that certain natural gas traders who were, in part, under Mr. Hunter's supervision, and risk management and compliance personnel in charge of overseeing the Calgary office's trading, continued to work at the Greenwich office.

21.    Amaranth Advisors deny the allegations in paragraph 21, except to state that Mr. Hunter's compensation for 2005, including deferred compensation, was over $100 million.

22.    Amaranth Advisors admit the allegations in paragraph 22.

23.    Amaranth Advisors deny the allegations in paragraph 23.

24.    Amaranth Advisors deny the allegations in paragraph 24.

25.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and respectfully refer the Court to the NYMEX's rules regarding settlement prices at http://www.nymex.com for the contents thereof.

26.    Amaranth Advisors deny the allegations in paragraph 26.

27.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and respectfully refer the Court to

the Commodity Futures Trading Commission Glossary's definition of a lookalike swap available at www.cftc.gov.

28.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and respectfully refer the Court to the records of the NYMEX, ICE, Amaranth Advisors and Amaranth Advisors' futures commission merchants regarding the trading positions at issue.

29.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and respectfully refer the Court to the ICE Rulebook and website at www.theice.com for a full description of the various instruments traded on ICE.

30.    Amaranth Advisors deny the allegations in paragraph 30.

31.    Amaranth Advisors deny the allegations in paragraph 31.

32.    Amaranth Advisors deny having knowledge or information sufficient to form a belief to the truth of the allegations in paragraph 32, except to state that Matthew Donohoe was a natural gas trader for Amaranth Advisors, and respectfully refer the Court to Exhibit A, AALLC_REG0684056, for the contents thereof.

33.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and respectfully refer the Court to the records of the NYMEX, Amaranth Advisors and Amaranth Advisors' futures commission merchants regarding the trading position at issue.

34.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and respectfully refer the Court to Exhibit A, AALLC_REG0672597, for the contents thereof.

35.     Amaranth Advisors deny the allegations in paragraph 35.

36.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and respectfully refer the Court to Exhibit A, AALLC_REG0684186, for the contents thereof.

37.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Amaranth Advisors deny the allegations in paragraph 38.

39.     Amaranth Advisors deny the allegations in paragraph 39.

40.     Amaranth Advisors deny the allegations in paragraph 40.

41.     Amaranth Advisors deny the allegations in paragraph 41.

42.     Amaranth Advisors deny the allegations in paragraph 42, except to state that Amaranth Advisors (Calgary) ULC issued a compliance manual, and respectfully refer the Court to the manual for the contents thereof.

43.     Amaranth Advisors deny the allegations in paragraph 43, except to state that Amaranth Advisors (Calgary) ULC issued a compliance manual, and respectfully refer the Court to the manual for the contents thereof.

44.     Amaranth Advisors deny the allegations in paragraph 44.

45.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and respectfully refer the Court to the records of the NYMEX, Amaranth Advisors and Amaranth Advisors' futures commission merchants regarding the trading position at issue.

46.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and respectfully refer the Court to

the records of the NYMEX, Amaranth Advisors and Amaranth Advisors' futures commission merchants regarding the trading position at issue.

47.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and respectfully refer the Court to the records of the ICE, Amaranth Advisors and Amaranth Advisors' futures commission merchants regarding the trading positions at issue.

48.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Amaranth Advisors deny having knowledge or information sufficient to form a belief to the truth of the allegations in paragraph 49, except to state that David Chasman was a risk manager for Amaranth Advisors, and respectfully refer the Court to Exhibit A, A_CFTC032875, for the contents thereof.

50.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and respectfully refer the Court to Exhibit A, AALLC_REG0593127, for the contents thereof.

51.     Amaranth Advisors deny the allegations in paragraph 51.

52.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and respectfully refer the Court to Exhibit A, A_CFTC032878, for the contents thereof.

53.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except to state that Matthew Calhoun was a natural gas trader for Amaranth Advisors, and respectfully refer the Court to Exhibit A, A_CFTC032910, for the contents thereof.

54.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.    Amaranth Advisors deny the allegations in paragraph 55.

56.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and respectfully refer the Court to the order ticket referred to in paragraph 56 for the contents thereof.

57.    Amaranth Advisors deny the allegations in paragraph 57.

58.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and respectfully refer the Court to the order ticket referred to in paragraph 58 for the contents thereof.

59.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and respectfully refer the Court to the records of the NYMEX, Amaranth Advisors and Amaranth Advisors' futures commission merchants regarding the trading position at issue.

60.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and respectfully refer the Court to the order ticket referred to in paragraph 60 for the contents thereof.

61.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.    Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and respectfully refer the Court to Exhibit B for the contents thereof.

63.     Amaranth Advisors deny the allegations in paragraph 63, and respectfully refer the Court to Exhibit B for the contents thereof.

64.     Amaranth Advisors deny the allegations in paragraph 64, and respectfully refer the Court to Exhibit B for the contents thereof.

65.     Amaranth Advisors deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and respectfully refer the Court to Exhibit B for the contents thereof.

66.     Amaranth Advisors deny the allegations in paragraph 66.

67.     Amaranth Advisors deny the allegations in paragraph 67, except to state that on or about August 15, 2006, Michael Carrieri sent a letter to Mr. Anthony Densieski in response to his letter to Amaranth LLC dated August 2, 2006, and respectfully refer the Court to the August 15, 2006 letter, Exhibit C, for the contents thereof.

68.     Amaranth Advisors deny the allegations in paragraph 68.

## ANSWER TO COUNT 1

69.     Amaranth Advisors reassert and incorporate by reference their responses to Paragraphs 1 through 68.

70.     Amaranth Advisors deny the allegations in paragraph 70.

71.     Amaranth Advisors deny the allegations in paragraph 71.

72.     Amaranth Advisors deny the allegations in paragraph 72.

73.     Amaranth Advisors deny the allegations in paragraph 73.

74.     Amaranth Advisors deny the allegations in paragraph 74.

75.     Amaranth Advisors deny the allegations in paragraph 75.

## ANSWER TO COUNT 2

76.     Amaranth Advisors reassert and incorporate by reference their responses to Paragraphs 1 through 75.

77.     Amaranth Advisors deny the allegations in paragraph 77.

78.     Amaranth Advisors deny the allegations in paragraph 78.

79.     Amaranth Advisors deny the allegations in paragraph 79.

80.     Amaranth Advisors deny the allegations in paragraph 80.

81.     Amaranth Advisors deny the allegations in paragraph 81.

82.     Amaranth Advisors deny the allegations in paragraph 82.

83.     Amaranth Advisors deny the allegations in paragraph 83.

## ANSWER TO RELIEF REQUESTED

Amaranth Advisors deny any factual allegations contained in Plaintiff's Relief Requested.  Furthermore, Amaranth Advisors deny that Plaintiff is entitled to any relief, including but not limited to the relief requested in their Complaint.

## AMARANTH ADVISORS' AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     The Complaint should be dismissed for failure to plead its allegations with the requisite level of particularity as required by the Federal Rules of Civil Procedure.

3.     Plaintiff's request for injunctive relief against entities no longer engaged in natural gas futures trading is prohibited.

4.     Plaintiff's claims are barred, in whole or in part, because Amaranth Advisors' conduct could not have affected the market price for natural gas.

5.      The Complaint fails to allege facts sufficient to warrant the relief requested in the Complaint.

6.      The Commodity Exchange Act does not apply to any over-the-counter trades.

7.      The Commodity Exchange Act does not apply to natural gas transactions that are not traded on a recognized futures exchange.

8.      The Commodity Exchange Act does not provide reasonable nor fair notice that it prohibits the conduct complained of in the Complaint.

9.      Section 28 U.S.C. § 13(a)(2) of the Commodity Exchange Act violates the fair notice doctrine because "affect or tend to affect" is vague and ambiguous.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

11.     Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

12.     Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver and estoppel.

13.     Amaranth Advisors are not liable for the conduct of any employee and/or agent to the extent that employee and/or agent was acting outside the scope of their employment.

14.     Amaranth Advisors adopt by reference any applicable defense pled by any other defendant not expressly set forth herein.

15.     Amaranth Advisors assert all other affirmative defenses that may be revealed during the course of discovery.

## **PRAYER**

WHEREFORE, Amaranth Advisors respectfully request that this Court enter an order and judgment dismissing the Complaint in its entirety with prejudice and with costs and attorneys' fees to Amaranth Advisors, and any and all such further relief as the Court deems just and proper.

Dated:  New York, New York
      July 9, 2008

WINSTON & STRAWN LLP

By /s/ David E. Mollón
    David E. Mollón (DM-5624)
    Steven M. Schwartz (SS-4216)
    dmollon@winston.com
    sschwartz@winston.com

    200 Park Avenue
    New York, NY 10166
    (212) 294-6700

    Stephen J. Senderowitz
    Kristen V. Grisius
    Gretchen A. Vetter
    ssenderowitz@winston.com
    kgrisius@winston.com
    gvetter@winston.com

    35 W. Wacker Drive
    Chicago, IL 60601
    (312) 558-5600

    *Attorneys for Defendants*
    *Amaranth Advisors L.L.C. and*
    *Amaranth Advisors (Calgary) ULC*