USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

U.S. COMMODITY FUTURES TRADING      :
COMMISSION,
                                    :
              Plaintiff,                      ORDER
                                    :
         - against -                          07 Civ. 6682 (DC)
                                    :
AMARANTH ADVISORS, L.L.C.,
AMARANTH ADVISORS (CALGARY) ULC     :
AND BRIAN HUNTER,
                                    :
              Defendants.
                                    :
- - - - - - - - - - - - - - - - - -x
```

**CHIN, District Judge**

        The Court has received letters from defendant Brian Hunter dated April 20, 2009 and non-party CME Group Inc. and its subsidiary the New York Mercantile Exchange, Inc. (together "NYMEX") dated April 22, 2009. Hunter seeks the production of certain documents from NYMEX. It is hereby ordered as follows:

        First, NYMEX shall produce the MS-02-06 investigative file. Although NYMEX argues that the file is subject to the qualified privilege held by self-regulating organizations, I find the privilege is outweighed here. "A party's need for information that is both central to the party's claims or defenses and available from no other source can outweigh the public interest in protecting an investigation conducted by a self-regulating industry." DGM Investments, Inc. v. New York Futures Exchange, Inc., 224 F.R.D. 133, 142 (S.D.N.Y. 2004). The file concerns the last ten minutes of trading on February 23, 2006. It is thus relevant to Hunter's defense that his trading

on February 24, 2006 was driven by anomalies he noticed at the end of the day on February 23, 2006.  The investigative file, moreover, would provide information that is unavailable from trading data already provided by NYMEX.  Accordingly, the qualified privilege is overcome.

Second, the Amaranth entries on NYMEX's Market Surveillance Log shall be produced, pursuant to Federal Rule of Evidence 612.

Third, defendants' counsel may review the original MS-06-04 investigative file at NYMEX's or its counsel's offices to ensure that no relevant documents have been excluded from production.

SO ORDERED.

Dated:  New York, New York
April 29, 2009

DENNY CHIN
United States District Judge