UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

v.

BRIAN HUNTER,

                Defendant.

07 Civ. 6682 (RA)

ECF CASE

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE*
TO PRECLUDE DEFENDANT BRIAN HUNTER FROM REARGUING
ELEMENTS OF ATTEMPTED MANIPULATION**

U.S. COMMODITY FUTURES TRADING
   COMMISSION
Division of Enforcement
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9761

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or the "Commission") submits this memorandum of law in support of its motion *in limine* to preclude Defendant Brian Hunter from presenting evidence or argument to the jury that would effectively seek to re-litigate the elements of attempted manipulation, which have been already determined in this case.

Three times in this case, Hunter has argued that this Court should adopt an incorrect formulation of the elements required to prove attempted manipulation, asserting that the element of intent requires proof that the attempted manipulation would have, in fact, affected market prices and that proof of fraud is necessary to establish an overt act in furtherance of an intent to affect market prices. Three times this Court rejected his arguments.

Hunter has indicated that he will revisit both of these findings at trial. In his Proposed Jury Instructions, he asserts alternative theories of the elements required to establish attempted manipulation. Hunter's Exhibit List includes documents that concern market impact. In addition, Hunter's counsel has refused to give any assurances that Hunter will not seek to re-litigate this issue. As a result, we expect that Hunter will pursue these arguments at trial.

Plaintiff Commission moves to preclude Hunter from making any more such attempts to re-litigate these issues pursuant to law governing attempted manipulation under the Commodity Exchange Act (the "CEA"), the law-of-the-case doctrine and the Federal Rules of Evidence ("FRE"), including the limitation imposed by FRE 402 that only relevant evidence be admitted and FRE 403's exclusion of evidence that is more prejudicial or confusing than probative.

## BACKGROUND

On July 25, 2007, the Commission filed its complaint against Hunter and other Defendants, alleging that Hunter intentionally and unlawfully attempted to manipulate the price of natural gas futures contracts traded on the New York Mercantile Exchange in 2006. All Defendants, including Hunter, moved to dismiss the case on various bases, including failure to

state a claim. In moving to dismiss, Defendants argued that the Commission must prove that the attempted manipulation would have, in fact, affected market prices and that Defendants provided fraudulent or misleading information to the marketplace. *See, e.g.*, Amaranth Mem. of Law in Supp. of Mot. Dismiss 7-8; Hunter Mem. of Law in Supp. of Mot. Dismiss Compl. 7-8. *[DOCKET NOS. 46 and 48]*

On May 21, 2008, then District Judge Chin denied Defendants' motions to dismiss. *See* Opinion 20 *[DOCKET NO. 54]*. Judge Chin held that to state a claim for attempted manipulation under the CEA, the Commission must allege: "(1) an intent to affect market prices and (2) an overt act in furtherance thereof." *Id.* at 17-18 (*citing CFTC v. McGraw-Hill Cos.*, 507 F. Supp. 2d 45, 51 (D.D.C. 2007); *CFTC v. Johnson*, 408 F. Supp. 2d 259, 267 (S.D. Tex. 2005); *In re Hohenberg Bros. Co.*, 1977 WL 13562, at *7 (CFTC Feb. 18, 1977)).

To establish intent, Judge Chin held that "'it must be proven that the accused acted (or failed to act) with the purpose or conscious object of causing or effecting a price or price trend in the market that did not reflect the legitimate forces of supply and demand.'" *Id.* at 18 (*quoting In re Hohenberg Bros. Co.*, 1977 WL 13562, at *7 (CFTC Feb. 18, 1977)). Judge Chin held that "[a] claim for attempted manipulation . . . does not require that the CFTC assert that an attempt to manipulate prices would, in fact, affect market prices," *Id.* at 19, rejecting Hunter's argument that the Commission's intent allegations were insufficient without alleging that Defendants sought to cause a price that would actually be artificial. *Id*.

To establish an overt act, Judge Chin found that the alleged overt act need not be unlawful or fraudulent, as Defendants had argued. *Id.* at 20-23. Rather, Judge Chin held that it was "not necessary to plead a fraudulent act to state an attempted manipulation claim under the CEA." *Id*. at 23. Judge Chin further reasoned that "[w]hen the statute distinguishes fraud and

manipulation by addressing them in different provisions, it would be redundant to construe manipulation to require a fraud element." *Id*. at 22.  To the contrary, the Court found that "marking the close or any other trading practice, without an allegation of fraudulent conduct, can also constitute manipulation in contravention of the CEA, so long as they are pursued with a manipulative intent." *Id*. at 22.  Judge Chin found that marking the close was the trading activity at issue in this case and explained that "[m]arking the close refers to the execution of purchase or sale orders at or near the close of the market to affect the closing price of a security." *Id.* at 21.

Undeterred by Judge Chin's well-reasoned opinion, Defendants, including Hunter, moved the Court to reconsider the Court's decision, based on the Second Circuit's decision in *ATSI Communications v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007).  *See* Mem. of Law in Supp. of Defs.' Joint Mot. for Recons. of Ct.'s May 21, 2008 Decision Denying Defs.' Motions to Dismiss*[DOCKET NO 57]*.  Just five days later, Judge Chin denied the request for reconsideration, rejecting Defendants' arguments as having already been addressed in the Court's Opinion denying Defendants' motion to dismiss.  Mem. & Decision *[DOCKET NO. 59]*.

Notwithstanding the Court's two direct rulings to the contrary, Hunter argued yet a third time in his motion for summary judgment that the Commission must prove "some fraudulent or illegitimate activity" in order to establish attempted manipulation.  Mem. & Order *[DOCKET NO. 90]* at 4.  Once again, the Court rejected Hunter's argument in the Memorandum & Order issued by Judge Jones, the District Court Judge assigned to this case at that time, on the grounds that not only was Hunter's position incorrect, but also that "the Court dispensed with this issue when it decided Hunter's motion to dismiss." *Id*.  Judge Jones held that "[t]here has been no change in controlling law, and there are no other compelling reasons to revisit that decision." (citations omitted).

3

Judge Jones, like Judge Chin, held that proving attempted manipulation requires only two things: "'(1) an intent to affect market price; and (2) an overt act in furtherance thereof.'" *Id.* at 2. Judge Jones further quoted *Volkart Bros., Inc. v. Freeman*, 311 F.2d 52, 58 (5th Cir. 1962), for its statement that, "[m]anipulation is any and every operation or transaction or practice calculated to produce a price distortion of any kind in any market either in itself or in relation to other markets." *Id.* at 2.

After three identical rulings on the same issue in the same case, the Commission views the requisite elements for attempted manipulation as settled in this case. However, Defendant has indicated his intention to raise the issue yet again, proposing jury instructions which stated that he had not waived his "objections to the definition of manipulation and attempted manipulation raised in summary judgment motions to the extent [his] positions have not been adopted by this Court." Further, Plaintiff's counsel inquired of Hunter's counsel whether, at trial, Hunter intends to advance the same arguments previously raised with regard to the elements of manipulation, and did not receive any agreement or assurances that he would not re-litigate this issue at trial.

In addition, Hunter appears to be putting forward evidence for the purpose of re-litigating Judge Chin's finding that "[a] claim for attempted manipulation . . . does not require that the CFTC assert that an attempt to manipulate prices would, in fact, affect market prices." Opinion 19 *[DOCKET NO. 54]*. Hunter has included on his Exhibit List documents from the expert report of Michael Quinn, Ph.D., some of which were used in Dr. Quinn's report to opine that no relationship existed between Amaranth's selling of natural gas futures and price changes. In addition, Hunter makes the false assertion in his Proposed Jury Instructions that the Commission must prove market impact. *See* Def. Proposed Jury Instructions, Thirteenth Request to Charge

4

("It is not enough for the CFTC to prove that Mr. Hunter's trading decisions could have, or even did, create an artificial price in the market.").

Further, Hunter's Proposed Jury Instructions demonstrate that he plans to re-litigate the elements of manipulation by making yet another argument. He posits that the Commission must establish a third element in addition to intent and overt act, namely that "such overt act or acts were not undertaken for another business purpose." *See* Def. Proposed Jury Instructions, Thirteenth Request to Charge

## LEGAL DISCUSSION

I. **HUNTER SHOULD NOT BE PERMITTED TO RELITIGATE THE ELEMENTS OF ATTEMPTED MANIPULATION**

   A. **Attempted Manipulation under the Commodity Exchange Act Requires Proof of Two Elements: Intent to Affect Market Prices and an Overt Act or Acts in Furtherance Thereof**

This Court has already determined in this case that attempted manipulation requires proof of only two elements: "(1) an intent to affect market prices and (2) an overt act in furtherance thereof." Opinion *[DOCKET NO. 54]* at 17-18; Mem. & Order 2 *[DOCKET NO. 90]*. As has already been determined by this Court, an intent to affect market prices does not require proof that the attempt would, in fact, affect market prices. Opinion 19 *[DOCKET NO. 54]*.

Likewise, an overt act does not have to be unlawful or fraudulent. Opinion 20-23 *[DOCKET NO. 54]*. Rather, as already has been found by this Court in this case, Defendants' reversal of their overall position from short to long in more than 3,000 futures contracts, and Defendants' placing orders to sell those contracts during the closing range when prices would be affected by the large volume of trades satisfies this overt act requirement. *Id.* at 20, 23.

The elements of attempted manipulation, as articulated by this Court, reflect the current law on attempted manipulation and, as such, are identical to the law as applied subsequently.

5

*See U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, 875 F. Supp. 2d 233, 250 (S.D.N.Y. 2012) (articulating same two elements for attempted manipulation and finding the overt act element satisfied by allegations concerning defendants' building of certain trading positions); *see also Parnon Energy Inc.*, 875 F. Supp. 2d at 249 ("To meet the specific intent element of a claim for manipulation or attempted manipulation of a futures contract, the Commission must plead that Defendants 'acted (or failed to act) with the purpose or conscious object of causing or effecting a price or price trend in the market that did not reflect the legitimate forces of supply and demand.'" (quoting *In re Energy Transfer Partners Natural Gas Litig.,* No. 4:07–cv–3349, 2009 WL 2633781, at *5 (S.D.Tex. Aug. 26, 2009)).

As such, Defendants' argument that the law is somehow different is without legal basis.

> **B.    This Court's Three Prior Holdings Articulating the Elements of Attempted Manipulation are the Law-of-the-Case for this Action**

The Second Circuit's well-established law-of-the-case doctrine provides that, when a court has ruled on an issue, "'that decision should generally be adhered to by that court in subsequent stages in the same case.'"  *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (*quoting United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ( "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").  Reconsideration of an earlier decision may "be justified in *compelling circumstances*, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Id.* (emphasis added). This doctrine is "driven by considerations of fairness to the parties, judicial economy, and the societal interest in finality." *Id.*; *see also Bergerson v. N.Y. State Office of Mental Health*, 652

6

F.3d 277, 288 (2d Cir. 2011) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

This Court has issued three decisions addressing the elements of manipulation in this case. There is no reason for this Court to reconsider its decisions. There has been no intervening change in controlling law, no new evidence and no clear error of law that would support such a reconsideration. The only change in this case has been reassignment, which does not constitute compelling circumstances. *See, e.g., Pape v. Board of Educ. of Wappingers Cent. School Dist.*, 07 Civ. 8828, 2013 WL 3929630, at *8 (S.D.N.Y. July 30, 2013) (finding it unnecessary, under the law-of-the-case doctrine, to revisit original judge's decision after case had been reassigned); *Hawkins v. Steingut*, 829 F.2d 317, 319 (2d Cir. 1987) (recounting that district court judge, to whom case was reassigned, invoked law-of-the-case doctrine).

Hunter should be precluded from making arguments at trial concerning market impact, proof of fraud, or that the Commission must prove that the overt acts were not undertaken for another business purpose.

### 1. Hunter Should be Precluded from Making Arguments Concerning Market Impact

This Court has already held that the first element of attempted manipulation, intent to affect market prices, does not require the Commission to establish that the attempt would, in fact, affect market prices. Hunter's arguments concerning any actual or potential impact of Hunter's trading on market prices should be excluded under the law-of-the-case doctrine as already rejected by this Court.

### 2. Hunter Should Be Precluded from Arguing that Proof of Fraud is Required

This Court has already held that the second element of attempted manipulation, an overt act in furtherance of an intent to affect market prices, does not require proof of fraud or illegality

7

and that the overt acts alleged in the Complaint suffice for satisfying this element. Hunter's arguments concerning the absence of fraud or illegality should be excluded under the law-of-the-case doctrine.

### 3. Hunter Should Be Precluded from Arguing that the Commission Must Establish the Absence of Another Business Purpose

This Court has already held that attempted manipulation requires proof of only two elements, intent to affect market prices and an overt act in furtherance thereof. Hunter's assertion that the Commission must prove the absence of another business purpose is in conflict with the Court's prior rulings. Indeed, the Court's decisions denying Defendants' motion to dismiss and motion for summary judgment expressly rejected Hunter's argument that some fraudulent or illegitimate activity must be proven. Hunter's claim that the trading at issue might have some purpose other than manipulation cannot obviate a finding of attempted manipulation, and has already been foreclosed by the Court's prior decisions.

## II. HUNTER'S PRESENTATION OF EVIDENCE CONTRARY TO THE ELEMENTS OF ATTEMPTED MANIPULATION AND THE COURT'S PRIOR DECISIONS SHOULD BE EXCLUDED PURSUANT TO THE FEDERAL RULES OF EVIDENCE

FRE 401 and 402 make clear that evidence should be excluded as irrelevant when it is not "of consequence in determining the action." Fed. R. Evid. 401; Fed. R. Evid. 402. In addition, evidence is also excludable under FRE 403 when its probative value is "substantially outweighed by a danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay [and] wasting time." Fed. R. Evid. 403.

Defendant Hunter should be precluded from introducing evidence or making arguments that are inconsistent with the law articulating the elements of attempted manipulation and contradict the Court's prior rulings because such evidence is irrelevant and prejudicial.

8

This Court has made clear that evidence concerning whether Defendant's trading activity had, or could have had, an impact on the market is unnecessary to state an attempted manipulation claim. Accordingly, evidence regarding whether Hunter's trading had, or could have had, a market impact should be excluded because it is irrelevant to deciding whether attempted manipulation occurred. Allowing Hunter to adduce this evidence will mislead the jury into believing that market impact is a necessary element of the violation. Moreover, it would lead to a battle of experts between the Commission and Hunter as to whether there was market impact, resulting in an unnecessary mini-trial on an extremely complex and technical issue that has no legal relevance. *See Cole Sys. Assocs. v. Mun. Emergency Servs., Inc.*, 08-cv-6417(BSJ), 2010 WL 4942229, at *2 (S.D.N.Y. Dec. 3, 2010) (court precluded evidence on extraneous issue where it would "engender a trial within a trial"). To avoid this prejudicial distraction, market impact evidence should be excluded.

Likewise, evidence (or lack thereof) of whether Hunter committed a fraudulent act in addition to his trading activity or had a legitimate business purpose is, in light of the Court's prior decisions, irrelevant to establishing whether he committed attempted manipulation.

## CONCLUSION

Pursuant to applicable law on attempted manipulation, the law-of-the-case doctrine and the Federal Rules of Evidence, the Commission respectfully requests that the Court grant its motion *in limine* to (1) preclude Hunter from rearguing the elements of attempted manipulation; (2) exclude any evidence that is irrelevant to the elements of attempted manipulation as previously stated by this Court's prior decisions; (3) reject portions of Hunter's Thirteenth Request to Charge that purport to impose obligations upon the Commission to prove market impact or the absence of another business purpose; (4) instruct Hunter, his attorneys and witnesses not to directly or indirectly mention, refer to, interrogate or attempt to convey to the

9

jury in any manner Hunter's alternative theories of the elements of attempted manipulation, including those described herein; and (5) further instruct Hunter's attorneys to warn and caution Hunter and each and every witness to strictly follow any order entered by this Court in connection with this motion.

Dated: September 19, 2013
      New York, New York

                                         Respectfully submitted,
                                         ATTORNEYS FOR PLAINTIFF
                                         U.S. COMMODITY FUTURES TRADING
                                         COMMISSION

                                         /s/ David W. MacGregor
                                         David W. MacGregor
                                         Chief Trial Attorney
                                         Manal Sultan
                                         Chief Trial Attorney
                                         Commodity Futures Trading Commission
                                         140 Broadway, 19th Floor
                                         New York, NY 10005
                                         (646) 746-9700
                                         (646) 746-9762 (direct dial)
                                         (646) 746-9940 (facsimile)
                                         dmacgregor@cftc.gov