UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | 07 Civ. 6682 (RA) |
| v. | ECF CASE |
| BRIAN HUNTER, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF COMPENSATION**

U.S. COMMODITY FUTURES TRADING
COMMISSION
Division of Enforcement
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9762

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or the "Commission") submits this memorandum of law in opposition to Defendant Brian Hunter's Motion *in Limine* to Exclude Evidence of Compensation. Docket No. 111 (appearing on Docket as Defendant's "Third Motion *in Limine*").

Hunter argues in his motion *in limine* that evidence of the structure and amount of his compensation prior to 2006, even if relevant to the charges against him, should be excluded. This argument, however, is not supported by the law and should be rejected.

First, evidence of compensation is admissible to establish a motive for a defendant's misconduct. *See U.S. v. Quattrone,* 441 F.3d 153, 187 (2d Cir. 2006).  In this case, evidence of Hunter's compensation is directly relevant pursuant to Federal Rules of Evidence ("FRE") 401 and 402 because it is probative of Hunter's motive and intent to engage in manipulative and risky trading strategies.

During the time of the trading at issue, Hunter's compensation package included a yearly bonus of 15% of the profits of his trading desk.  Thus, the greater Hunter's trading profits, the greater his bonus.  In 2005, Hunter's 15% bonus was in excess of $100 million.  Both the structure and the amount of Hunter's compensation are highly relevant to the element of intent as they demonstrate Hunter's incentive to engage in the manipulative trading at issue in this matter. Hunter has put forward no argument for why his compensation structure, which "could arguably have incentivized him to trade unlawfully on the days in question," could somehow not be relevant to this element of attempted manipulation.  Def. Mem. of Law 2.

Moreover, evidence of Hunter's compensation is also admissible under FRE 403 because the probative value of the structure and amount of Hunter's compensation is not substantially outweighed by unfair prejudice.  The CFTC does not intend to introduce evidence of Hunter's

compensation to appeal to socioeconomic prejudice or to equate his wealth with wrongdoing but rather will limit its references to compensation to the relationship between Hunter's compensation and his motive and disposition to engage in the manipulative trading at issue.

## ARGUMENT

### A. Evidence of Defendant Hunter's Compensation is Relevant to His Intent to Engage in Manipulative Trading.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  In addition, evidence is admissible where no provisions, statutes, or rules proscribe otherwise.  Fed. R. Evid. 402.

Here, both the structure and amount of Hunter's compensation prior to 2006 are relevant and admissible under FRE 401 and 402.  Such evidence shows that Hunter stood to achieve significant financial gains from increasing the profits of his book, thus providing a motive for his intent to affect natural gas futures prices. As shown in Plaintiff's Proposed Trial Exhibit 4, Hunter received a yearly bonus from Amaranth calculated as a percentage of the net profits of his trading desk.  In 2004, Hunter's bonus included 7% of the net profits of his natural gas trading desk, which resulted in a bonus of over $7.5 million to Hunter in 2004.  In mid-2005, Hunter's bonus percentage increased to 15% of the net profits of his trading desk, which resulted in a 2005 bonus of more than $100 million.  The 15% structure remained in effect for 2006, the year during which Defendant is alleged to have attempted to manipulate the price of natural gas futures contracts on the New York Mercantile Exchange.  Furthermore, at the time of the attempted manipulative trading, Hunter appeared motivated to match or beat his performance in 2005 (*see* Compl. ¶ 40 and Plaintiff's Proposed Trial Exhibit 31, in which another trader on Hunter's desk compares Hunter's manipulative trading on February 24, 2006 to his profitable

trading in the fall of 2005, saying results of the February 24th trading were "2nd best . . . sept/oct last year still the best").

Evidence of not only the structure but especially the amount of Hunter's compensation is relevant to show the magnitude of the potential income Hunter could earn from his trading, including the large volume trading of natural gas futures contracts that is at the heart of this matter, thus supporting Plaintiff's contention that by engaging in that trading, Hunter intended to affect futures prices.

Evidence of Hunter's compensation is also relevant to rebut Hunter's anticipated defense that he would not attempt to affect the price of a particular futures contract because his "portfolio is based on spreads rather than on much riskier outright positions." Amended Declaration of Brian Hunter dated June 22, 2010 submitted in opposition to Plaintiff CFTC's Motion for Summary Judgment, Docket No. 87, ¶ 3. That is, with the potential of earning a bonus of $100 million in a single year if his trading is profitable, it rings hollow for Hunter to argue that he would never have engaged in manipulative trading and that his trading was conservative and lacked risk.

In sum, as Hunter's compensation is relevant and there are no provisions, statutes, or rules that proscribe the admission of this evidence, it is admissible pursuant to FRE 401 and 402.

**B.  Evidence of Defendant Hunter's Compensation Is Admissible Under Federal Rule of Evidence 403.**

FRE 403 provides that even where evidence is relevant, it may be excluded if its probative value is substantially outweighed by unfair prejudice. It is within the court's discretion to determine the admissibility of evidence sought to be excluded under FRE 403, and "the threshold to exclude relevant evidence on Rule 403 grounds is high." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 298-299 (S.D.N.Y. Sept. 16, 2009). Where

concern exists that probative evidence may be prejudicial, it "can be alleviated by way of a limiting jury instruction." *Id.* at 299 (citing *Starter Corp. v. Converse, Inc*., 170 F.3d 286, 294 (2d Cir.1999)).

The Second Circuit has held that evidence of compensation is admissible to establish a motive for the defendant's misconduct. *U.S. v. Quattrone,* 441 F.3d 153, 187 (2d Cir. 2006) (holding that evidence of the defendant's compensation was "relevant and consistent with Rule 403" and not unduly prejudicial); *see also Berman Enterprises Inc. v. Local 333 United Marine Division, Intern. Longshoremen's Ass'n,* 644 F.2d 930, 938-939 (2d Cir. 1981) (holding that evidence of a defendant's wealth may be admitted where it is "one of many pieces of evidence and it [is] submitted for limited purposes, without either undue emphasis or unscrupulous references").

Evidence of Defendant Hunter's compensation is relevant and intended only to establish his motive for the alleged misconduct, not to demonstrate his wealth. *Cf. United States v. Stahl,* 616 F.2d 30, 32 (2d Cir. 1980) (overturning defendant's conviction in bribery case because "prosecutor did in fact intend to arouse prejudice against the defendant because of his wealth"); *see Quattrone,* 441 F.3d at 187 (admitting evidence of compensation as relevant to defendant's motive and distinguishing *Stahl* as a case in which the "prosecutor made repeated inflammatory references to wealth during opening and summation"); *see also Berman Enterprises Inc.,* 644 F.2d at 938-939 (admitting evidence of compensation and distinguishing *Stahl* on the grounds that in *Stahl*, "the plaintiff had gone to great lengths to appeal to class prejudice in characterizing the defendant as a very rich man"); *U.S. v. Forbes*, No. 3:02CR264, 2006 WL 2850413, at *1 (D. Conn. Oct. 3, 2006) (holding that evidence of timing, volume and amount of stock sales was not unduly prejudicial under FRE 403 because (1) it did not place undue emphasis on defendant's

wealth, (2) the fact that defendant was wealthy was not inherently prejudicial, and (3) there was nothing to suggest that the government improperly sought to appeal to class prejudice, the bias of less wealthy jurors, or to equate defendant's wealth with wrongdoing).

Unlike the cases cited by Hunter, evidence of Hunter's compensation is directly related to his motive to engage in the charged conduct.  The *Stahl* case is inapposite because evidence of the defendant's wealth was not relevant to the bribery charge against the defendant, which related instead to the administration of the defendant's father's estate and not the wealth independently acquired by the defendant. *Stahl,* 616 F.2d at 30-32. Similarly, in *U.S. v. Cassese*, the Court found that evidence of the defendant's "wealth, salary, and stock holdings" was not relevant to his motive to engage in insider trading and "played into a bias against people of wealth." 290 F. Supp. 2d 443, 457 (S.D.N.Y. 2003).  In *Aristocrat Leisure Limited v. Deutsche Bank Trust Co. Americas*, the Court admitted evidence of the method of compensation for purposes of determining the bondholders' mitigation of damages but determined that the dollar amount had limited relevance to the issue of damages caused by the bond issuer's breach of contract.  No. 04 Civ. 10014, 2009 WL 3111766, at *6 (S.D.N.Y. Sept. 28, 2009).

Here, unlike the cases cited by Hunter, evidence of both the structure and amount of Hunter's compensation are critical to understanding Hunter's motivation to engage in the conduct central to this matter and are not intended to incite prejudice.  Defendant Hunter stood to gain substantially from his attempted manipulative trading activity, and the jury should be able to consider evidence that relates to his motive.  Any concerns about potential prejudice could be addressed with a limiting jury instruction, not exclusion of relevant evidence.  For these reasons, evidence of Defendant Hunter's compensation is not unduly prejudicial and should be admitted.

**<u>CONCLUSION</u>**

For the reasons stated herein, the Plaintiff requests that the Court deny Defendant

Hunter's Motion *in Limine* to Exclude Evidence of Compensation.


Dated: November 15, 2013
New York, New York

                                     Respectfully submitted,
                                     ATTORNEYS FOR PLAINTIFF
                                     U.S. COMMODITY FUTURES TRADING
                                     COMMISSION


                                     /s/ David W. MacGregor
                                     David W. MacGregor
                                     Chief Trial Attorney
                                     Manal Sultan
                                     Deputy Director
                                     Commodity Futures Trading Commission
                                     140 Broadway, 19th Floor
                                     New York, NY 10005
                                     (646) 746-9700
                                     (646) 746-9762 (direct dial)
                                     (646) 746-9940 (facsimile)
                                     dmacgregor@cftc.gov