UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | 07 Civ. 6682 (RA) |
| v. | ECF CASE |
| BRIAN HUNTER, | |
| Defendant. | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTS TO CHARGE**

U.S. COMMODITY FUTURES TRADING
    COMMISSION
Division of Enforcement
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9762

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or the "Commission") submits these objections to Defendant's requests to charge pursuant to Rule 6(D)(i) of the Court's Individual Rules and Practices in Civil Cases dated October 10, 2013.

On September 20, 2013, the parties filed a Request to Charge.  *See* Docket No. 125.  The Request to Charge was comprised of three parts:  (1) Joint Proposed Jury Instructions (pp. 1-11) ("Joint Proposed Jury Instructions"); (2) CFTC's Proposed Jury Instructions to Which Defendant Objects (pp. 12-30) ("CFTC's Proposed Jury Instructions"); and (3) Defendant's Proposed Jury Instructions to Which Plaintiff Objects (pp. 31-48) ("Defendant's Proposed Jury Instructions").

Defendant's Preliminary Instructions, Closing Instructions and Third, Fourth, Seventh, Eleventh, Twelfth and Thirteenth Charges should not be adopted for the purpose of charging the jury in this case.  Defendant's Proposed Jury Instructions should not be adopted by the Court because: (1) Defendants' Eleventh, Twelfth and Thirteenth Charges misstate the elements for attempted manipulation, as has already been established by the law of the case; (2) Defendant's Eleventh and Thirteenth Charges conflate attempted manipulation with perfected manipulation and false reporting; (3) Defendant's "Preliminary Instructions," "Closing Instructions" and Third and Fourth Requests to Charge are based on one-sided modifications of the model jury instructions cited by Defendant, none of which were made transparent by Defendant in the submission; and (4) Defendant's Seventh Request to Charge omits key information concerning the use of investigative or administrative testimony.

## ARGUMENT

### I.   DEFENDANT'S ELEVENTH, TWELFTH, THIRTEENTH CHARGES MISSTATE THE ELEMENTS FOR ATTEMPTED MANIPULATION

As has already been set forth in Plaintiff's Memorandum of Law in Support of its Motion *in Limine* to Preclude Defendant Brian Hunter from Rearguing Elements of Attempted Manipulation, *see* Docket No. 121 ("Pl.'s Mem. of Law"), this Court has on three occasions held that proving attempted manipulation requires only two things: (1) intent to affect market price; and (2) an overt act in furtherance thereof.  *See* Pl.'s Mem. of Law at 2-4.  The elements of attempted manipulation, as articulated by this Court, reflect the current law on attempted manipulation.  *Id.* 5-6.  Plaintiff has requested that Hunter be precluded from re-litigating or re-arguing this standard.  *Id. passim*.

Hunter's Eleventh, Twelfth and Thirteenth Charges do not follow the law of the case but instead offer alternative formulations that seek to heighten Plaintiff's burden.  *See* Def.'s Eleventh Request to Charge (adding third element for attempted manipulation claim by asserting that Plaintiff contends that "Mr. Hunter caused Amaranth to sell futures on the floor of the NYMEX not for any business purpose …"); Def.'s Thirteenth Request to Charge (asserting that the Commission must prove three elements, including that the overt acts "were not undertaken for another business purpose").

In addition to adding an element to the Commission's burden of proof, Defendant seeks to recast the standard for intent, from the Court's prior holdings requiring an intent to affect market price, *see* Pl.'s Mem. of Law 2-4, to a higher burden requiring "inten[t] to cause the creation of an artificial price in the market for natural gas futures contracts."  Def.'s Thirteenth Request to Charge; *see also* Def.'s Twelfth Request to Charge (asserting that the trades at issue "were not made for the purpose of creating an artificial price.")   This argument has already been

2

heard, and rejected, by this Court and does not reflect the law of attempted manipulation.  *See* Pl.'s Mem. of Law 4, 7.

For the reasons already stated in Plaintiff's Memorandum of Law in Support of its Motion *in Limine* to Preclude Defendant Brian Hunter from Rearguing Elements of Attempted Manipulation, Hunter should be precluded from rearguing the law of the case for a fourth time. Further, Plaintiff requests that Plaintiff's Fifteenth and Sixteenth Requests to Charge be adopted, as Plaintiff's proposed charges correctly state the law in accordance with the Court's three prior rulings in this case.

## II.  DEFENDANTS' ELEVENTH AND THIRTEENTH CHARGES CONFLATE ATTEMPTED MANIPULATION WITH PERFECTED MANIPULATION AND FALSE REPORTING

Although Hunter has been charged with attempted manipulation in this case, he seeks to raise Plaintiff's burden to include proof of perfected manipulation.  *See* Def.'s Eleventh Request to Charge ("The CFTC claims that this conduct constitutes unlawful manipulation of the natural gas futures settlement prices …" ); Def.'s Thirteenth Request to Charge ("It is not enough for the CFTC to prove that Mr. Hunter's trading decisions could have, or even did create an artificial price in the market.")  Hunter's proposed instructions also include a reference to false reporting, which is a different form of manipulation chargeable under the Commodity Exchange Act.  *See* Def.'s Thirteenth Request to Charge ("For example, one type of conduct that can produce an artificial price is the deliberate injection of false information into the market place.")  Neither perfected manipulation nor false reporting have been charged here, and the Court has already found that proof of fraud is not required for the Commission to establish its case.  *See* Pl.'s Mem. of Law 2-3, 7.

The inclusion of these statements in this proposed charge is a transparent attempt by Hunter to confuse the jury into holding the Commission to a higher evidentiary burden than is

required under applicable law and the law of the case.  Therefore, the Court should reject

Hunter's proposed Eleventh and Thirteenth charges for these additional reasons.

### III.   SEVERAL OF DEFENDANT'S PROPOSED CHARGES PLAY FAST AND LOOSE WITH MODEL JURY INSTRUCTIONS CITED BY DEFENDANT AS SOURCE MATERIAL

Although several of Defendant's Proposed Jury Charges cite Kevin F. O'Malley's

Federal Jury Practice & Instructions – Civil ("O'Malley" or "Fed. Jury Prac. & Instr.") or

Leonard B. Sand's Modern Federal Jury Instructions – Civil ("Sand" or "Mod. Fed. Jury Instr.")

as the source material for the proposed instructions and charges, Defendant has modified the

standard language in ways that are wholly inappropriate and were not disclosed in their

submission to the Court.

Plaintiff has provided the Court with redlines comparing the source text cited by Hunter

against  Hunter's proposed instructions so that the Court can see for itself the extensive, one-

sided alterations that have been made, *see* Exhibits A through D appended hereto.  Plaintiff also

explains some of Defendant's modifications in this Section.

In Defendant's "Preliminary Instructions," Defendant drastically changed the language in

O'Malley's model jury instruction pertaining to Defendant's burden of production:

| *Text from O'Malley deleted by Defendant*: | *Text inserted by Defendant:* |
|---|---|
| "Defendant is not required to introduce any evidence or to call any witnesses."  3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.). | "Mr. Hunter's lawyers are not required to introduce any of their own evidence because Plaintiff has the burden of proving its case to you.  The Defendant does not have a burden to prove anything about Plaintiff's claims."  Def.'s Preliminary Instructions Before Opening Arguments 36. |

Although Defendant's above-quoted, proposed language is followed by citation to O'Malley, this language does not appear in the model instruction cited.

Also, in Defendant's "Preliminary Instructions," Defendant inserts a lengthy discussion regarding the juror's duties and note taking. *See* Joint Proposed Jury Instructions, Def.'s Preliminary Instructions Before Opening Arguments. Much of this text does not appear in O'Malley, notwithstanding Defendant's citation to specific sections of the model jury instructions. *See id.* In addition, the text inserted regarding note taking appears to be taken from an alternative offered in O'Malley from a Fifth Circuit Pattern Jury Civil Instruction. *See* 3 Fed. Jury Prac. & Instr. § 101:01 Notes, Fifth Circuit (6th ed.). Plaintiff objects to juror note taking as the complexity of the matter will demand careful attention to the evidence. Additionally, it is difficult to take notes at the same time a juror is trying to pay attention to what a witness is saying. Moreover, some of the jurors may be better note-takers than others and there is a risk that the jurors who do not take good notes will depend on the notes of the others. However, if the Court is inclined to permit juror note taking, Plaintiff submits that the standard charge should be given which is set forth in the accompanying footnote.[1]

In Defendant's Fourth Request to Charge, Defendant deleted Sand's standard language explaining preponderance of the evidence, replacing it with text that unjustifiably favors Defendant:

---

[1] "If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you. Mod. Fed. Jury Instr. 71-16.

| *Text from Sand deleted by Defendant*: | *Text inserted by Defendant:* |
|---|---|
| "So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence." Mod. Fed. Jury Instr. 73.01, 73-2. | "If you are unable to understand the Plaintiff's evidence, then you must find that the Plaintiff has failed to meet its burden of proof."  Joint Proposed Jury Instructions, Def.'s Fourth Request to Charge. |

Again, Defendant's proposed language is followed by citation to Sand; however, this language does not appear in the model instruction cited.   Likewise, in this same proposed charge, Defendant replaces Sand's model language stating that Plaintiff must prove "every disputed element of his claim," Mod. Fed. Jury Instr. 73.01, Instruction 73-2, with the unsupported assertion that Plaintiff must prove "the material allegations of its complaint," Joint Proposed Jury Instructions, Def.'s Fourth Request to Charge.

Plaintiff is aware of no legal support for Defendant's "unable to understand" standard and is aware of no requirement to prove material allegations beyond the disputed elements of the claim.  In light of Defendant's multitude of voluminous exhibits proposed for admission in this case, Defendant's changes to this standard language appear to be part of Defendant's broader strategy of creating confusion in this case rather than deal with the required elements of attempted manipulation.

Further, Defendant, in his proposed Preliminary Instruction and Third Request to Charge, adds text concerning the weighing of expert testimony that does not appear in the model jury instructions cited.  *See* Def.'s Preliminary Instructions Before Opening Arguments (inserting "how much weight to give any testimony by experts" to general statement regarding witness credibility); *see* Def's Third Request to Charge (inserting, "In this role, you are also to decide

how much weight to give to the testimony of any experts that might be presented by either party.").

Finally, in Defendant's proposed Closing Instructions, Defendant inserts a preamble to the model jury instruction, which includes the statement, "Your verdict must be unanimous with respect to either or both days on which the Defendant is alleged to have violated the Commodities Exchange Act.  If only some of you find by a preponderance of the evidence that he violated the Act on one day and only some of you find by a preponderance of the evidence that he violated the Act on the other day, then you must find against the Plaintiff."  *See* Joint Proposed Jury Instructions, Def.'s Closing Instructions.  Again, Plaintiff is aware of no support for giving this instruction to the jury.

In light of Defendant's unsupported alteration of the model jury instructions, Defendant's "Preliminary Instructions," "Closing Instructions" and Third and Fourth Charges should not be adopted by the Court.

IV.   **DEFENDANT HUNTER'S SEVENTH CHARGE OMITS IMPORTANT INFORMATION CONCERNING ADMINISTRATIVE AND INVESTIGATIVE TESTIMONY**

Defendant's Seventh Request to Charge, which explains to the jury the use of deposition testimony, should not be adopted by the Court because Defendant declined to include language added by Plaintiff intended to explain investigative testimony or testimony taken in administrative proceedings, both of which are equally relevant in this case.  *Compare* Pl.'s Seventh Request to Charge (including statement that, "[s]imilarly, prior sworn testimony is testimony given by a person in a proceeding where that witness is testifying under oath, like the witnesses you have heard from in this Court room.") *with* Def.'s Seventh Request to Charge (language not included).

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that Defendant's Preliminary

Instructions, Closing Instructions and Third, Fourth, Seventh, Eleventh, Twelfth and Thirteenth

Charges are not adopted for the purpose of charging the jury in this case.


Dated: November 15, 2013
      New York, New York

                                Respectfully submitted,
                                ATTORNEYS FOR PLAINTIFF
                                U.S. COMMODITY FUTURES TRADING
                                COMMISSION


                                /s/ David W. MacGregor
                                David W. MacGregor
                                Chief Trial Attorney
                                Manal Sultan
                                Deputy Director
                                Commodity Futures Trading Commission
                                140 Broadway, 19th Floor
                                New York, NY 10005
                                (646) 746-9700
                                (646) 746-9762 (direct dial)
                                (646) 746-9940 (facsimile)
                                dmacgregor@cftc.gov

## EXHIBIT A

### Comparison between Original Text (O'Malley) with
### Defendant's Preliminary Instructions Before Opening Arguments

~~§ 101:01. Opening instructions~~

# ~~We~~**PRELIMINARY INSTRUCTIONS BEFORE OPENING ARGUMENTS**

Members of the jury, we are about to begin the trial of ~~the~~this case ~~you~~.  You have heard some details about this case during ~~the~~ jury selection. ~~Before the trial begins, I am going~~ Before the opening statements, however, there are certain instructions you should have in order to ~~give you instructions that will help you to~~better understand ~~what~~the evidence that will be presented to you and how you should conduct yourself during ~~the trial~~trial.  What I will now say is intended to serve as an introduction to the trial of this case.  It is not a substitute for the detailed instructions on the law and the evidence that I will give you at the close of the case, before you retire to consider your verdict.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. ~~The party *[parties]* who sues *[sue]* is *[are]* called the plaintiff*[s]*. In this action, the plaintiff*[s]* is *[are]* _____. The party *[parties]* being sued is *[are]* called the defendant*[s]*. In this action, the defendant*[s]* is *[are]* _____.~~

~~[*The defendant _____ has filed what is known as a counterclaim in which the defendant seeks to recover damages from*~~ Throughout this trial, and in these instructions, I will

refer to the *plaintiff _____ for injuries that* Commodity Futures Trade Commission (or "the *defendant claims to have experienced as a result of plaintiff's conduct.*]Commission" for short) as the Plaintiff and to Brian Hunter as the Defendant.

~~You~~Additionally, you will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, that one of the lawyers makes to a witness' testimony or to other evidence then I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received ~~in to~~into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions that you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your ~~deliberation~~deliberations at the close of the case, I will instruct you in more detail ~~on~~regarding the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses, or how much weight to give any testimony by experts. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the ~~lawyers' closing arguments, and my instructions to you on the law~~closing arguments by the lawyers, and my instructions to you on the law. It is your duty as jurors to

follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to be concerned with the wisdom or soundness of any rule of law stated by me.  Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty as jurors for you to base a verdict on any view of the law other than that given by me in my instructions.  It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything other than the evidence in this case.  In particular, you may not perform any investigation of the case on your own, including through Internet searches, discussions with friends or family during the trial, or review of any media reports about the case.

The evidence presented to you during the trial will consist primarily of the testimony of witnesses and tangible items known as "exhibits."  Any exhibit admitted into evidence during the trial will be available to you to study during your deliberations.

If you would like to take notes during the trial, you may do so, but you are not required to take notes if you don't want to.  If you do take notes, be careful not to get so involved in note taking that you become distracted from the proceedings.  Also, your notes should be used only as an aid to your memory.  If your memory later should differ from your notes, you should rely on your memory and not on your notes.  If you do not take notes, you should rely on your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes or by the recollection of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  In addition, you should not permit anyone to discuss the case in

your presence. [ You should avoid reading any news articles or commentary that might be published about the case. or about the parties and individuals involved in the case.  You should also avoid watching or listening to any television or radio comments or comments on about the trial or about the parties and individuals involved in the case.  Along these same lines, you should not try to access any information about the case or parties or do research on any issue that arises in the case from any outside source including the Internet about the trial.].  You should also not discuss the case with anyone, including on Internet social media networks like Twitter, Facebook, Linkedin, or MySpace.  In the event you see anything in the media or on the Internet about this case, please turn away and pay it no attention.  Your sworn duty is to decide this case solely and wholly on the evidence presented in the courtroom.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. or appropriate for this trial.  You should not view unfairly or be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferencesinference or conclusionsconclusion from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinionsopinion on the merits of the case favoring one side or the other.  I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case.  When you see the lawyersthem at a recessbreak in the trial or pass them in the halls and they do not speak to you,

4

they are not being rude or unfriendly; they.  They are simply following the law and my instructions.

During the trial, itoccasionally I may be necessary for me need to talkconfer with the lawyers out of your hearing aboutpresence or earshot on questions of law or procedure.  Sometimes, that require consideration by me alone.  On some occasions you may be excused from the courtroom during.  Sometimes these discussions."bench" conferences or "side-bars" serve to speed things along.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine, and should be patient even though the case may seem to go slowly.

§ 101:02. Order of trial

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations.  The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all of the evidence.[1]

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

_____

[1] 3 Kevin F. O'Malley et. al., Federal Jury Practice & Instructions – Civil § 101.02 (5th ed. 2000).

After the opening statements, ~~the plaintiff*[s]* _____~~ Plaintiff will present evidence in support of ~~plaintiff's*[s']* claim*[s]* and the defendant's*[s']* lawyer~~ its claims and Mr. Hunter's lawyers may cross-examine the witnesses.  At the conclusion of ~~the plaintiff's*[s']*~~ Plaintiff's case, ~~the defendant*[s]* _____~~ Mr. Hunter's lawyers may introduce evidence and ~~the plaintiff's*[s']* lawyer~~ Plaintiff's lawyers may cross-examine the witnesses. ~~The defendant*[s]* is *[~~ Mr. Hunter's lawyers are~~]~~ not *required* to introduce any of their own evidence ~~or to call any witnesses. *[If*~~ because Plaintiff has the ~~defendant*[s]* introduce*[s]* evidence, the plaintiff*[s]* may then present rebuttal evidence.]~~ burden of proving its case to you.  The Defendant does not have a burden to prove anything about Plaintiff's claims.[2]

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they believe the evidence has shown.  What is said in ~~the~~ closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

Now, we will begin by giving the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  So I ask that you now give counsel your close attention as I recognize them for purposes of opening statements.

---

[2] 3 Kevin F. O'Malley et. al., Federal Jury Practice & Instructions – Civil § 101.02 (5th ed. 2000).

**EXHIBIT B**

**Comparison between Original Text (Sand) with
Defendant's Third Request to Charge**

~~Instruction 71-3~~

~~Role of the Jury n1~~

**THIRD REQUEST TO CHARGE**

As members of the jury, you are the sole and exclusive judges of the facts. _You ~~pass upon~~consider the evidence. ~~You~~ and determine the credibility of ~~the~~ witnesses. _In this role, you are also to decide how much weight to give to the testimony of any experts that might be presented by either party._ You resolve such conflicts as there may be in the testimony._ You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

-_____In determining these issues, no one may invade your province or ~~functions~~function as jurors. _In order for you to determine the facts, you must rely upon your own recollection of the evidence. _What the lawyers have said in their opening statements, ~~in their~~ closing arguments, ~~in their~~ objections, or ~~in their~~ questions is not evidence. _Nor is what I may have said— or what I may say in these instructions— ~~about a fact issue~~ evidence. _In this ~~connection~~regard, you should bear in mind that a question put to a witness is never evidence~~, it._ It~~ is only the answer ~~which~~ by the witness that is evidence. ~~But you~~ You also may not consider any answer that I directed you to disregard or that I directed ~~struck~~to be stricken from the record. _Do not consider such answers.

- _____ Since you are the sole and exclusive judges of the facts, I do not mean to ~~indicate~~suggest any opinion as to the facts or what your verdict should be._ The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not ~~the (plaintiff/defendant)~~Plaintiff has proven ~~his~~its case.

- _____ I also ask you to draw no ~~inference~~inferences from the fact that ~~upon~~, on occasion, I asked questions of certain witnesses._ These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any ~~opinions~~opinion on my part ~~as to~~about the verdict ~~that~~ you should render, or whether any of the witnesses ~~may have~~has been more credible than any other ~~witnesses.~~witness._ You ~~are expressly to~~must understand that the ~~court~~Court has no opinion as to the verdict you should render in this case.

- _____ As to the facts, ladies and gentlemen, you are the exclusive judges. _You are to perform the duty of finding ~~the~~ facts without bias or prejudice to any party.[1]

---

[1] Leonard B. Sand, et al., Modern Federal Jury Instructions-Civil ¶71.01 Instruction 71-3 (2010)

**EXHIBIT C**

**Comparison between Original Text (Sand) with
Defendant's Fourth Request to Charge**

Instruction 73-2

Preponderance of Evidence n1

**FOURTH REQUEST TO CHARGE**

This is a civil case and as such the  The party with the burden of proof on any given issuePlaintiff has the burden of proving every disputed element of his claim to youthe material allegations of its complaint by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a  What does a "preponderance of the-evidence, you must decide against him on the issue you are considering.  What does a "preponderance of evidence"" mean?  It means "more likely than not."  To establish a fact by a preponderance of the evidence means to, the party must therefore prove that the fact is more likely true than not true. _A preponderance of the evidence meansis the greater weight of the evidence._ It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. _In determining whether a claim has been provedproven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties— – in other words, that it is equally probable that one side is right as it is that the other

side is right— – then you must decide that issue against the party ~~having this~~that has the burden of proof. _That is because the party bearing this burden, the Plaintiff, must prove more than simple equality of evidence— ~~he~~ – the party must prove the element at issue by a preponderance of the evidence. ~~On the other hand, the party with this burden of proof need prove no more than a~~ ~~preponderance. So long as~~If you ~~find that the scales tip, however slightly, in favor of~~are unable to understand the ~~party with this burden of proof—that what the party claims is more likely true~~ ~~than not true—then that element will have been proved by a preponderance of~~Plaintiff's evidence~~.~~

~~Some of,~~ then you ~~may have heard of proof beyond a reasonable doubt, which is the proper~~ ~~standard of proof in a criminal trial. That requirement does not apply to a civil case such as this~~ ~~and you should put it out of your mind.~~must find that the Plaintiff has failed to meet its burden of proof.[1]

---

[1] Leonard B. Sand, et al., Modern Federal Jury Instructions-Civil ¶ 73 Instruction 73-2 (2010)

**EXHIBIT D**

**Comparison between Original Text (Sand) with
Defendant's Closing Instructions**

## CLOSING INSTRUCTIONS

You are about to go into the jury room to begin your deliberations and decide this case. Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous with respect to either or both days on which the Defendant is alleged to have violated the Commodities Exchange Act.  If only some of you find by a preponderance of the evidence that he violated the Act on one day and only some of you find by a preponderance of the evidence that he violated the Act on the other day, then you must find against the Plaintiff.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without suppressing individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced that it is erroneous.  Do not, however, surrender your honest convictions as to the weight or effect of the evidence, solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

When you go back into the jury room, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

P 78.01 Jury Deliberations
Instruction 78-1

Right To See Exhibits and Hear Testimony; Communications With Court

You are about to go into the jury room and begin your deliberations. If during those

If during your deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – – in fact any communication with the court Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.[1]

Instruction 78-3
Duty To Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, the plaintiff ( or defendant) must sustain his or her burden of proof as I have explained to you with respect to each element of the complaint ( or affirmative defense or counterclaim). If you find that the plaintiff has succeeded, you should return a verdict in his or her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. (Similarly, if you find that the defendant has failed to sustain

---

[1] Leonard B. Sand, et al., Modern Federal Jury Instructions-Civil ¶ 78 Instruction 78-1 (2010).

2

his or her burden with respect to any element of the defendant's affirmative defense ( or counterclaim), you must return a verdict against the defendant on that defense or claim.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Instruction 78-5
Selection of Foreperson
When you retire, you should elect one member of the jury as your foreperson.     After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

3

I again stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Remember at all times that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in this case.  I have no doubt that you will discharge your responsibility carefully and conscientiously.[2]

~~That person will preside over the deliberations and speak for you here in open court.~~

---

[2] Leonard B. Sand, et al., Modern Federal Jury Instructions-Civil ¶ 78 Instruction 78-1, 78-3, 78-5 (2010); 3 Kevin F. O'Malley et. al., Federal Jury Practice & Instructions – Civil § 106.08 (5th ed. 2000).