UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

BRIAN HUNTER,

    Defendant.

07 Civ. 6682 (RA)

------------------------------------x

# DEFENDANT BRIAN HUNTER'S MEMORANDUM OF LAW IN OPPOSITION TO THE CFTC'S MOTION *IN LIMINE* TO ALLOW EXAMINATION OF HUNTER CONCERNING PRIOR CREDIBILITY FINDINGS IN U.S. FEDERAL ENERGY REGULATORY COMMISSION PROCEEDING

KOBRE & KIM LLP

800 Third Avenue
New York, New York 10022
Tel +1 212 488 1200

*Counsel for Brian Hunter*

Defendant Brian Hunter, by and through his counsel Kobre & Kim LLP, respectfully submits this memorandum of law in opposition to Plaintiff the United States Commodity Futures Trading Commission's (the "CFTC") motion *in limine* to allow examination of Hunter concerning credibility determinations made by the United States Federal Energy Regulatory Commission ("FERC") in the Initial Decision issued by Presiding Administrative Law Judge ("ALJ") Carmen A. Cintron on January 22, 2010 (the "FERC Initial Decision") in the Matter of Brian Hunter, Docket No. IN07-26-004 (the "FERC Action") [DE 122, 123] (the "CFTC FERC Motion").

## PRELIMINARY STATEMENT

The CFTC argues that in applying the balancing test between probative value and unfair prejudice, Rule 403 of the Federal Rules of Evidence favors permitting it to cross examine Hunter regarding the ALJ's findings as to his credibility in the FERC Action.[1]  The opposite is true.  Allowing the CFTC to put the ALJ's beliefs about the credibility of Hunter's factual defenses to the very allegations before this jury would not only be unduly prejudicial, it would essentially usurp the jury's function and all but ensure that the jury will find against him.  It is for this reason that Rule 403 and the case law compels the opposite conclusion, namely, that the Court must preclude the CFTC from cross examining Hunter on these findings or otherwise attempting to place them before the jury.

---

[1] Hunter has already discussed at length in his Memorandum of Law in Support of His Motion *in Limine* to Exclude from Evidence Findings by the FERC [DE 110] (the "Hunter FERC Motion") why, as a matter of law, the FERC Initial Decision was rendered a nullity by the DC Circuit's reversal.  For this reason, the case law makes clear that since the FERC decision was nullified, the ALJ's findings are likewise null and void and any attempt to use the findings by the FERC ALJ to impeach Hunter (or for any other reason) would be improper.  Rather than recite those cases again here, Hunter will primarily limit this response to the legal issue raised by the CFTC's motion *in limine*, namely, whether the balancing test between probative value and unfair prejudice required by Rule 403 favors permitting cross examination on the ALJ's findings.  However, the Court need not even reach this issue if it determines that the FERC findings are indeed a nullity and therefore may not either be offered as evidence or be placed before the jury for purposes of impeachment.

The FERC Action involved the same conduct at issue here, which makes the prejudice in this case especially high. Simply put, if the CFTC is allowed to question Hunter on the ALJ's findings regarding Hunter's credibility (*i.e.* that his non-manipulative reasons for trading were rejected by the ALJ),[2] it will undoubtedly sway the jury to find that the same testimony is incredible here (since his explanations for his trading will be the same as before).[3] This case ultimately will turn on whether the jury believes the CFTC's explanations for Hunter's trading strategy or whether it believes Hunter's explanations. Once the jury hears that another judge found Hunter's explanations lacking in credibility on precisely the same events that are at issue here, it is a virtual certainty that the jury will find against him. Such prejudice cannot be cured by an instruction regardless of how it is worded. For these reasons, the CFTC's motion should be denied.[4]

## ARGUMENT

It is fundamental that "[e]vidence admitted under Rule 608(b) is subject to the probative-prejudice balancing test in Rule 403." *United States v. Vasquez*, 840 F.Supp.2d 564, 574 (E.D.N.Y. 2011). The CFTC concedes this, but relies upon *United States v. Cedeno*, 644 F.3d 79, 83 (2d Cir. 2011) in an attempt to establish that the ALJ's findings regarding the credibility of Hunter's defense should be placed before the jury, whose primary role it is to assess the facts and make credibility determinations. Such reliance is misplaced. The CFTC neglects to disclose in its memorandum the critical point that the court in *Cedeno* was addressing, namely, a *criminal* defendant's right to cross examine a non-party law enforcement agent about a prior judicial

---

[2] Needless to say, Hunter respectfully disagrees with the ALJ's findings.

[3] Of course, if Hunter provides testimony in this trial that is inconsistent with the testimony that he gave before the FERC, the CFTC is free to impeach him using his prior testimony. *See* Fed. R. Evid. 801(d)(1)(A).

[4] Indeed, it is likely that even if the jury hears evidence that another agency saw fit to bring the same charges—even though it was later found to have acted outside its authority to do so—the jury will believe that the charges have particularly strong merit.

finding of incredibility. These facts were central to its holding and as such it has no applicability to the circumstances here. Indeed, in *Spencer v. Int'l. Shoppes, Inc.*, No. 06-2637 (AKT), 2013 WL 685453, at *4 (E.D.N.Y. Feb. 25, 2013) (emphasis added) the court held that *Cedeno* was not applicable in a civil case:

> Based on the relevant factors, the Court finds that it would be inappropriate to permit Defendants to introduce Justice Lally's finding on Spencer's credibility. This Court, in addition, *does find a significant difference in the attempting to apply Cedeno in a civil case.* Notwithstanding the fact that some of the *Cedeno* factors weigh in favor of admissibility, Justice Lally's findings would be *highly prejudicial* since the witness whose testimony is at issue is [a party].

*Id.* at *4 (emphases added). The court went on to further distinguish *Cedeno* from a civil case:

> The Court also notes that *Cedeno* was balancing the need to impose reasonable limits on cross-examination against the need to "give 'wide latitude' to a defendant in a criminal case to cross-examine government witnesses" and "a defendant's right under the Confrontation Clause to an effective cross-examination." *The latter two concerns are not present in this civil matter.*

*Id* at *3 (emphasis in original) (internal citation omitted).

Without discussing the rationale in *Spencer*, the CFTC nonetheless attempts to distinguish it, but does so in a way that actually weighs more heavily in keeping this prejudicial information away from the jury so that its role as the finder of fact is not usurped or unduly impacted, a danger that was not present in *Cedeno*. The CFTC notes that in *Spencer,* the judicial finding of credibility concerned falsehoods made *outside the presence* of the court and that here, the ALJ's findings of Hunter's credibility was based on testimony he gave *in the court's presence*. This distinction only serves to demonstrate that if this line of inquiry were permitted, Hunter would suffer more prejudice than the party in *Spencer*—not less. That is, the jury would be made aware, by the very nature of the questions being put to Hunter, that he was accused by another government agency in another case concerning the same conduct, that he testified directly before the ALJ in that case as to his legitimate, non-manipulative reasons for trading

3

futures on the two days at issue here, and that the ALJ rejected those explanations as lacking credibility based on all the other evidence considered in the case—the very same evidence that will be before this jury.[5] Knowing that the ALJ assessed Hunter's credibility when he appeared before her in person would make it even more likely that the jury in this case would improperly ascribe weight to the ALJ's findings, and replace it for their own, than the jury would in the *Spencer* case, particularly here where the jury is likely to defer on the key factual issue in the case to a "judge" that it will assume has a greater expertise in the subject matter.

Indeed, the clear purpose of the CFTC's desire to bring the ALJ's credibility determinations regarding Hunter to the jury's attention is to induce the jury to believe that Hunter's defense in this case has already been discredited or rejected, and the jury should do likewise. This is far from mere impeachment and such a purpose is plainly improper. *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F.Supp.2d 320, 323-25 (E.D.N.Y. 2001), *citing Newton v. State*, 147 Md. 71, 127 A. 123, 131 (1924) (finding it is improper to question witness on cross-examination regarding judges' findings that his testimony lacked credibility in another case regarding the same facts to which the witness was presently testifying because "[t]he obvious purpose was to induce the jury to believe that, as the testimony of the witness as given before them had already been discredited by three judges sitting in the same court in another case, therefore they should discredit it in this case . . ."). As the Court in *Blue Cross* succinctly stated, "[a]llowing another judge to disturb evaluations of credibility

---

[5] In its memorandum, the CFTC's tries to minimize the impact that this line of questioning would have on the jury by stating "[t]he Commission is not seeking to introduce the findings themselves into evidence but, rather, is seeking to ask Hunter about ALJ Cintron's credibility findings during his testimony . . ." CFTC FERC Mot. at 8. Practically speaking, this is a distinction without a difference. Presumably, the CFTC would ask questions of Hunter that would require him to affirm all the credibility findings that the ALJ made against him. Once that were to happen, it would make little difference whether the written findings were admitted or not, as the CFTC would have a record that is functionally the equivalent as if it had introduced the ALJ's findings as documentary evidence in the case.

4

specifically left to the present jury is not contemplated by the Federal Rules and is not desirable." *Id.* at 325.

What is more, as this is an attempted manipulation case and Hunter's intent behind the allegedly manipulative trades is the key, if not sole, issue the jury must decide, witness credibility (particularly Hunter's) is the crux of the case. Given that, along with the air of authority that the FERC's ALJ's credibility determinations will have for the jury, there is considerable risk, as set forth above, that the jury would simply substitute the ALJ's findings for their own in this enormously complex area. *See Blue Cross*, 141 F.Supp.2d at 323 ("The difficulty in assessing the probative force of comments by a judge on the credibility of a witness is especially great for a jury, which may give exaggerated weight to a judge's supposed expertise on such matters.").

The likelihood of this happening is further intensified by the fact that Hunter will be testifying about the exact same events in this case as he did in the FERC Action. Put another way, if the ALJ's findings with regard to Hunter's defense are placed before the jury under the guise of mere impeachment of Hunter's general credibility, the jury is likely to give those findings undue weight, if not adopt them wholesale, and it would result in those findings being given the equivalent of preclusive effect to which even the CFTC concedes (*see* CFTC FERC Mot. at 6) it is not legally entitled given that the FERC case was vacated.[6] *Cf. Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) (noting that where judgments are not entitled to collateral estoppel or *res judicata*, they should not also have evidentiary effect because of "the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present." The court emphasized that "difficulty must be

---

[6] Indeed, as discussed briefly above and in the Hunter FERC Motion, mere mention of the FERC Action, will result in unfair prejudice to Hunter, since the jury will likely presume that where two government agencies sued one party for the same conduct, there must be something to it.

5

especially great for a jury, which is apt to give exaggerated weight to a judgment.").[7] Here, placing the findings of the ALJ before the jury will be the same as informing the jury that the judge rendered a judgment against Hunter, because her findings reject his non-manipulative explanation for the trades at issue.

In light of all these concerns, no limiting instruction could remedy the prejudice, because "[w]hen a judge attacks a witness there is no effective defense." *Blue Cross*, 141 F.Supp.2d at 325.

*[Intentionally Left Blank]*

---

[7] The cases cited by the CFTC for the proposition that in order to examine the credibility of a witness under Rule 608(b), there is no requirement that the judicial determination have a preclusive effect, do not stand for that proposition and, in any event, are a red herring. *See* CFTC FERC Mot. at 6-7. The cases cited do not address the situation at issue here, where the FERC Action was rendered a nullity by the DC Circuit's reversal of the Action and as such cannot be used against Hunter in this proceeding. What is more, under the Rule 403 analysis here, the issue is not whether the FERC findings could have preclusive effect in some other theoretical situation, but rather that introducing such findings will functionally and impermissibly have a preclusive effect on the jury since the underlying facts at issue are essentially the same.

## CONCLUSION

For the foregoing reasons, Hunter respectfully requests that the Court deny the CFTC's motion to allow examination of Hunter concerning the credibility determinations made by the ALJ in the FERC Initial Decision.

Dated: November 15, 2013
      New York, New York

Respectfully submitted,

KOBRE & KIM LLP

s/ Matthew I. Menchel

Michael S. Kim
Michael.Kim@kobrekim.com
Matthew I. Menchel
Matthew.Menchel@kobrekim.com
Zaharah R. Markoe
Zaharah.Markoe@kobrekim.com
Pamela Sawhney
Pamela.Sawhhey@kobrekim.com
800 Third Avenue
New York, New York 10022
Telephone: +1 212 488 1200
Facsimile: +1 212 488 1220

Andrew C. Lourie
Andrew.Lourie@kobrekim.com
Leanne A. Bortner
Leanne.Bortner@kobrekim.com
1919 M Street, NW
Washington, DC 20036
Telephone: +1 202 664 1900
Facsimile: +1 202 664 1920

*Counsel for Brian Hunter*
