UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x
                                                        :
U.S. COMMODITY FUTURES TRADING          :     07 Civ. 6682 (RA)
COMMISSION,                                             :
                                                        :
Plaintiff,                                              :
                                                        :
v.                                                      :
                                                        :
BRIAN HUNTER,                                           :
                                                        :
Defendant.                                              :
                                                        :
———————————————————————x

**DEFENDANT BRIAN HUNTER'S MEMORANDUM OF LAW IN OPPOSITION TO
THE CFTC'S MOTION *IN LIMINE* FOR RULING THAT HUNTER HAS FORFEITED
DEFENSE OF PERSONAL JURISDICTION**

KOBRE & KIM LLP

800 Third Avenue
New York, New York 10022
Tel +1 212 488 1200

*Counsel for Brian Hunter*

Defendant Brian Hunter, by and through his counsel Kobre & Kim LLP, respectfully submits this memorandum of law in opposition to Plaintiff the United States Commodity Futures Trading Commission's (the "CFTC") motion *in limine* for a finding that Hunter has forfeited his defense of personal jurisdiction [DE 117, 118] (the "CFTC Personal Jurisdiction Motion").

## PRELIMINARY STATEMENT

Hunter properly raised and preserved his defense of lack of personal jurisdiction by including it in his Motion to Dismiss [DE 47, 48] pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court (through Judge Chin) denied Hunter's motion, finding that the Court had personal jurisdiction over Hunter because "he personally placed orders through a NYMEX broker and directed Amaranth traders under his supervision" to do the same. *See U.S. Commodity Futures Trading Comm'n v. Amaranth*, 554 F.Supp.2d 523, 530 (S.D.N.Y. 2008). In dismissing that motion, the Court did not state that it would reconsider the motion once the record had been more fully developed. This is not surprising because none of the facts supporting the holding were in dispute and further discovery would not have altered that fact. *See id.* Indeed, although the CFTC took it upon itself to raise the issue of personal jurisdiction in its Summary Judgment motion, the Court did not address the issue in its decision, presumably because none of the facts regarding the issue had changed. *See U.S. Commodity Futures Trading Comm'n v. Hunter*, No. 07-6682 (BSJ) (FM), 2012 WL 297838 (S.D.N.Y. Jan. 31, 2012).

Hunter not only raised lack of personal jurisdiction in his Motion to Dismiss but also included it as an affirmative defense in his Answer to the Complaint. *See* Answer of Defendant Brian Hunter [DE 62]. Hunter raised the issue for the third time when, consistent with the Court's Individual Rules & Practices in Civil Cases, he identified the issue of personal

jurisdiction as a "defense previously asserted which is not to be tried" (per Rule 6.A.vi) in the Joint Pretrial Order, properly preserving the issue for appeal. *See* Joint Pretrial Order.

Despite this, the CFTC claims that Hunter has not properly preserved his personal jurisdiction defense because Hunter has not raised it at "each and every opportunity" in the course of the litigation. *See* CFTC Personal Jurisdiction Mot. at 4. Neither the Federal Rules of Civil Procedure nor the case law requires such an onerous and impractical standard. Instead, all that is required for a defendant to preserve a defense pursuant to Federal Rule of Civil Procedure 12(b)(2) is to raise it in a motion to dismiss.

Finally, the CFTC's allegation of sandbagging is without merit as Hunter's counsel notified the CFTC during the meet-and-confer process and in the filing of the Joint Pretrial Order that he may contest the Court's decision on the issue of personal jurisdiction if there is an appeal. In fact, as acknowledgement that it has been notified of Hunter's intentions to continue to preserve the defense, the CFTC has listed exhibits on its exhibit list that specifically relate to the issue of personal jurisdiction. For all of these reasons, the CFTC's motion *in limine* should be summarily denied.

## ARGUMENT

### A. Hunter has Preserved his Personal Jurisdiction Defense by Raising it in a Motion to Dismiss

The CFTC cannot point to any rule or case, save *Peterson v. Highland Music*, 140 F.3d 1313 (9th Cir. 1998), which it misinterprets, that requires a defendant to do anything more to preserve the defense of lack of personal jurisdiction other than to raise it in a motion to dismiss. Under Federal Rule of Civil Procedure 12(h), waiver only occurs where a defendant fails to raise a 12(b)(2) personal jurisdiction defense "by motion" (consistent with Rule 12(g)(2)) or "include it in a responsive pleading." The CFTC cites to a line of cases that find forfeiture of a 12(b)(2)

defense where a defendant only raises it in his answer (but failed to ever move the court for relief). Notably, the CFTC does not cite to a single case (and Hunter is not aware of any) that holds that a defendant waives or forfeits his personal jurisdiction defense once he has moved for relief by motion regardless of whether he raises the defense again at some future point in the litigation. *See* CFTC Personal Jurisdiction Mot. at 4 (citing *Hamilton v. Atlas Turner Inc.*, 197 F.3d 58 (2d Cir. 1999) (waiver found where defendant asserted 12(b)(2) defense in its answer, but never gave the court an opportunity to decide the issue until four years later and only three months before commencement of trial); *Continental Bank, N.A., v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (waiver found where defendants asserted 12(b)(2) defense only in their answer and never "actively contest[ed] personal jurisdiction" through a motion); *see also, Integrity Ins. Co. v. Hofer,* No. 84 Civ. 6095 (JFK), 1986 WL 9687, at *6 (S.D.N.Y. Aug. 26, 1986) (waiver found where issue of personal jurisdiction never briefed "but only asserted" in answer and the Rule 3(g) (now Rule 56.1) statement of material facts)).

Thus, contrary to the CFTC's assertion, there is simply no requirement that if a 12(b)(2) defense is properly asserted in a timely motion to dismiss, a defendant must nevertheless raise the defense again "at each and every opportunity" during the course of litigation. *See* CFTC Personal Jurisdiction Mot. at 4.

The CFTC improperly relies on *Peterson* to support a finding of waiver here. *See* CFTC Jurisdiction Mot. at 5 (citing *Peterson* for the proposition that a defendant can waive a personal jurisdiction defense on appeal when he raises it in a motion to dismiss but "'deliberately refrain[s] from pursuing it any further when his motion is denied'"). However, the Ninth Circuit found where (as is the case here) the defendants had raised the defense in a motion to dismiss and answer, they had not "engaged in such deliberate, strategic behavior" warranting waiver on

3

appeal. *See Peterson*, 140 F.3d at 1318.  This was so even when the defendants had not moved for summary judgment on personal jurisdictional grounds nor raised it in trial or post-trial briefing.  *See id.* at 1319 (". . . the minimum requirements of Rule 12 are satisfied when a defendant raises the issue of personal jurisdiction in a timely motion to dismiss.  In the absence of other factors militating in favor of a finding of waiver, this suffices to preserve the issue of personal jurisdiction for appeal.").  Indeed, the Ninth Circuit warned that the rule that the plaintiffs "urged" on the court there—the very same rule the CFTC propounds here—that a defendant's "inaction on the issue of personal jurisdiction after the denial of their motion to dismiss . . . constitutes a waiver for purposes of appeal" could "have the consequence that filing a motion under Rule 12 . . . would *never* suffice in a case that proceeds to a decision on the merits."  *Id.* at 1318 (emphasis in original).[1]

Similarly, the CFTC's reliance on *Mullins v. TestAmerica, Inc.* 564 F.3d 386 (5th Cir. 2009) is misplaced.  *See* CFTC Personal Jurisdiction Mot. at 6 (citing *Mullins* for the proposition that "a defendant's failure to renew an objection to personal jurisdiction following the district court's denial of a Rule 12(b)(2) motion to dismiss either forecloses the defendant's right to invoke the higher burden of proof otherwise applicable to jurisdictional facts established at trial, or waives the objection entirely").  There, the Fifth Circuit defined "failure to renew an objection to personal jurisdiction" as failing to press a "jurisdictional defense at *any* later point in the proceedings below" including in "the joint pretrial order" (or in any other motion made in and post-trial).  *See Mullins*, 564 F.3d at 399 (emphasis added).  And even then, the Fifth Circuit explicitly declined to adopt the rule that the CFTC is urging the Court to adopt here.  *Id.* at 398-

---

[1] *See also* CFTC Personal Jurisdiction Mot. at 4-5 (citing *Lane v. Micro-Focus (US) Inc.*, No. C09–1363 (MJP), 2010 WL 5018146 (W.D. Wash. Dec. 3, 2010) (citing *Peterson* for support and addressing whether defendants had preserved their claim to "put on [a personal jurisdiction defense] at trial" and not whether the defendants had waived the issue for appeal)).

99.   In any event, consistent with *Mullins*, as conceded by the CFTC, Hunter explicitly preserved the objection in the Joint Pretrial Order and has yet to have an opportunity to seek relief in trial or post-trial motions. *See id.* at 399-400; CFTC Personal Jurisdiction Mot. at 3.

Thus, it matters not that Hunter did not oppose the CFTC's Summary Judgment motion; Hunter has not waived the personal jurisdiction defense on appeal where he raised it in a motion to dismiss and included it in the Joint Pretrial Order.[2]

### B.   The CFTC's Allegations of Sandbagging are Without Merit

The CFTC's accusation that Hunter is "sandbagging" for the purpose of limiting "the record to only the information that was before the court on his motion to dismiss" is misplaced. *See* CFTC Personal Jurisdiction Mot. at 5.   As evidenced by the CFTC's proposed exhibits, which include exhibits for the purpose of proving personal jurisdiction (*see* PX 61-74), the CFTC is fully aware that Hunter is preserving this defense.   As such, the CFTC cannot claim that it has been prejudiced or sandbagged by Hunter's preservation of his personal jurisdiction defense at this stage of the proceeding.   Given that the CFTC has taken discovery related to Hunter's personal jurisdiction, and has placed those documents and others relating to personal jurisdiction on its Exhibit List, it will have every opportunity to ensure that whatever evidence it believes is necessary to defeat the defense is part of the trial record.

Moreover, it is further misleading for the CFTC to claim "sandbagging" when Hunter's counsel has notified the CFTC (through both the Joint Pretrial Order and the meet-and-confer process prior to the filing of the Joint Pretrial Order) that it intends to raise this issue on appeal. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011) (describing the

---

[2] Indeed, where the Judge Chin Court previously found that placing (or directing others to place) orders on NYMEX is sufficient contacts under New York's Long Arm Statute, and where Hunter does not deny these allegations, there was no factual dispute—even under a higher burden of proof—under the law of the case, nor any change in the controlling law, that merited re-argument at the summary judgment phase.

strategy of "sandbagging" as when a defendant "unsuccessfully raises a jurisdictional objection at the outset, *but later creates the impression that he has abandoned it*") (emphasis added) (citing and quoting *Peterson*).   At no point during this litigation did Hunter ever create the impression that he had abandoned this defense.

Indeed, the CFTC has yet to articulate—because it cannot—how it has been prejudiced by Hunter's preservation of the issue for appeal simply because Hunter did not brief the issue on Summary Judgment (especially where the Court declined to address the issue in its Summary Judgment decision).   Indeed, had Hunter briefed the issue (and even if the Court had granted the CFTC summary judgment on it), the CFTC would be in the exact same place as it is today: having taken discovery on the issue, having the relevant evidence in the record, and on notice that Hunter wishes to preserve the issue for appeal.

*[Intentionally Left Blank]*

## CONCLUSION

For the foregoing reasons, Hunter respectfully requests that the Court deny the CFTC's

motion for an order finding that Hunter has forfeited his defense of personal jurisdiction.

Dated: November 15, 2013
       New York, New York

                                        Respectfully submitted,

                                        KOBRE & KIM LLP

                                        s/ Matthew I. Menchel

                                        Michael S. Kim
                                        Michael.Kim@kobrekim.com
                                        Matthew I. Menchel
                                        Matthew.Menchel@kobrekim.com
                                        Zaharah R. Markoe
                                        Zaharah.Markoe@kobrekim.com
                                        Pamela Sawhney
                                        Pamela.Sawhhey@kobrekim.com
                                        800 Third Avenue
                                        New York, New York 10022
                                        Telephone: +1 212 488 1200
                                        Facsimile: +1 212 488 1220

                                        Andrew C. Lourie
                                        Andrew.Lourie@kobrekim.com
                                        Leanne A. Bortner
                                        Leanne.Bortner@kobrekim.com
                                        1919 M Street, NW
                                        Washington, DC 20036
                                        Telephone: +1 202 664 1900
                                        Facsimile: +1 202 664 1920

                                        *Counsel for Brian Hunter*