UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

BRIAN HUNTER,

    Defendant.

------------------------------------x

07 Civ. 6682 (RA)

# DEFENDANT BRIAN HUNTER'S MEMORANDUM OF LAW IN OPPOSITION TO THE CFTC'S MOTION *IN LIMINE* TO PERMIT LEADING QUESTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 611

KOBRE & KIM LLP

800 Third Avenue
New York, New York 10022
Tel +1 212 488 1200

*Counsel for Brian Hunter*

Defendant Brian Hunter, by and through his counsel Kobre & Kim LLP, respectfully submits this memorandum of law in opposition to Plaintiff the United States Commodity Futures Trading Commission's (the "CFTC") motion *in limine* to permit leading questions during its direct examination of certain former employees of Amaranth Advisors L.L.C., and related entities (collectively "Amaranth") [DE 115, 116].

## PRELIMINARY STATEMENT

In advance of trial, the CFTC seeks an exception to the general rule that leading questions are impermissible during direct examination. Plaintiff seeks a presumptive determination that certain former Amaranth employees are "identified with" Hunter pursuant to Federal Rule of Evidence 611(c) because they were former co-workers at Amaranth and may "have knowledge of relevant issues in the case." On this basis, the CFTC seeks leave to ask them leading questions during direct examination.[1]

The CFTC has offered no basis for presumptively deeming these former employees of Amaranth (the "Amaranth witnesses") to be "identified with" Hunter. Courts have recognized narrow categories of persons who may be considered "identified with" an adverse party pursuant to Rule 611(c) such that they may be subject to leading questions on direct examination, but none of the Amaranth witnesses fall within any of these categories. The simple fact that the Amaranth witnesses were Hunter's co-workers at Amaranth over seven years ago and may "have knowledge of relevant issues in the case" does not render them "identified with" Hunter under any reading of the law.

---

[1] The CFTC seeks to ask leading questions of the following witnesses: Nicholas M. Maounis, Harpreet Arora, Michael Carrieri and David Chasman.

## ARGUMENT

### A. The CFTC Should Not Be Permitted to Use Leading Questions in the Examination of the Amaranth Witnesses

Rule 611 generally prohibits leading questions on direct examination. Fed. R. Evid. 611(c). Other than where "necessary to develop the witness's testimony," leading questions may be used only during cross-examination, or "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." *Id*.

Courts have recognized a narrow list of persons that may be considered to be "identified with an adverse party," which is limited to "an employee, agent, friend, or relative of an adverse party." *See, e.g., Vanemmerik v. The Ground Round, Inc.*, No. Civ.A. 97-5923 (CBS), 1998 WL 474106, at *1 (E.D. Pa. July 16, 1998) (collecting cases). As courts have recognized, "[s]cholars have warned that, although the rule allows ample room to maneuver, 'the courts should be careful before extending this list much further.'" *Id*. (citing 28 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 6168, at *6 (1993)); *see also Wash. v. Ill. Dep't of Revenue,* No. 01-3300 (BGC), 2006 WL 2873437, at *1 (C.D. Ill. Oct. 5, 2006) (same).

The CFTC has offered no basis for extending the list to include *former* co-workers of an adverse party, let alone witnesses that have not worked with the adverse party for over seven years. Indeed, neither of the two out-of-district cases cited by the CFTC supports such an attenuated application of Rule 611. Rather, both of these cases involved a *current* employee (not simply a co-worker) of the *defendant itself*. *See Ratliff v. City of Chicago*, No. 10 C 739 (RMD), 2012 WL 7993412, at *1 (N.D. Ill. Nov. 20, 2012) (police officers and city employee employed by defendant City of Chicago in civil rights action involving employees' conduct); *United States v. McLaughlin*, No. CRIM.A. 95–CR–113 (RSG), 1998 WL 966014, at *1 (E.D. Pa. Nov. 19,

2

1998) (witness employed by defendant and defendant's corporation as accountant for almost ten years in case involving tax returns prepared by witness and defendant). In these cases, the witness and the adverse party had an *ongoing employee-employer relationship* that created the identity of interest. But courts have not recognized an identity of interest based simply upon having worked together as co-workers seven years earlier for an entity that no longer exists. This makes sense, given that Hunter's former co-workers do not rely upon him for their livelihood. Indeed, they have all been deposed multiple times after they were no longer co-workers of Hunter, and thus there should be no concern that their testimony in court would somehow benefit Hunter if they were asked non-leading questions.[2]

The CFTC tries to cobble together an identity of interest by vaguely citing to a litany of wholly irrelevant facts without explanation as to how it creates a true identity of interest. The CFTC notes, for example, the unremarkable fact that three of the Amaranth witnesses and Hunter were represented by the same law firm in their "corporate capacit[ies]" at their depositions. But the fact that a corporation's attorney represents the former employees in their corporate capacities (they each had separate lawyers representing their personal interests) could hardly be said to identify all of them in interest, and the CFTC provides no logical reason why it would, nor does it cite to any authority supporting such a tenuous application of Rule 611.

The CFTC's assertion that certain of the Amaranth witnesses have "taken actions suggesting they will be adversarial to the CFTC here" is likewise hollow. The CFTC does not describe what these actions were, other than to claim that Chasman and Carrieri "filed prepared direct testimony on behalf of Hunter in the FERC litigation." Putting aside the accuracy of this statement (Amaranth in fact filed the testimony in place of calling them as witnesses, pursuant to

---

[2] Nor does the fact that the Amaranth witnesses may "have knowledge of relevant issues in the case" provide any basis for identifying them with Hunter under the law. Were that the standard, all witnesses called at trial could be deemed "identified with" an adverse party.

3

FERC procedure), the fact that a party expects that a witness may offer testimony favorable to its opponent does not render the witness "identified with" its opponent. *See Suarez Matos v. Ashford Presbyterian Cmty. Hosp., Inc.*, 4 F.3d 47, 50 (1st Cir. 1993) ("We find no case . . . suggesting that simply because a party expects favorable testimony from a witness, the opponent is entitled to call him, or her, as hostile."). Moreover, obviously the CFTC is calling these witnesses because they have testimony favorable to the CFTC as well. And, under the CFTC's logic, one of the very witnesses they seek to identify with Hunter—Arora—would in fact be identified with the CFTC, not Hunter, because Arora's prepared direct testimony was filed in the FERC litigation on behalf of the FERC, not the Defendants.

*[Intentionally Left Blank]*

## CONCLUSION

For the foregoing reasons, Hunter respectfully requests that the Court deny the CFTC's motion for an order permitting leading questions during its direct examination of Messrs. Maounis, Arora, Carrieri and Chasman.

Dated: November 15, 2013
      New York, New York

Respectfully submitted,

KOBRE & KIM LLP

s/ Andrew C. Lourie
_____

Michael S. Kim
Michael.Kim@kobrekim.com
Matthew I. Menchel
Matthew.Menchel@kobrekim.com
Zaharah R. Markoe
Zaharah.Markoe@kobrekim.com
Pamela Sawhney
Pamela.Sawhhey@kobrekim.com
800 Third Avenue
New York, New York 10022
Telephone: +1 212 488 1200
Facsimile: +1 212 488 1220

Andrew C. Lourie
Andrew.Lourie@kobrekim.com
Leanne A. Bortner
Leanne.Bortner@kobrekim.com
1919 M Street, NW
Washington, DC 20036
Telephone: +1 202 664 1900
Facsimile: +1 202 664 1920

*Counsel for Brian Hunter*

5