UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>BRIAN HUNTER,<br><br>                              Defendant. | 07 Civ. 6682 (RA)<br><br>ECF CASE |

## CONSENT ORDER FOR CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT BRIAN HUNTER

### I. INTRODUCTION

On July 25, 2007, Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against, among others, Defendant Brian Hunter ("Hunter" or "Defendant") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for alleged violations of the Commodity Exchange Act ("Act"), as amended, 7 U.S.C. §§ 1 *et seq*.

### II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint without a trial on the merits or any further judicial proceedings, Defendant Hunter:

1. Consents to the entry of this Consent Order for Civil Monetary Penalty and Other Equitable Relief Against Defendant Brian Hunter ("Consent Order");

2. Affirms that he has read and agreed to the terms of this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been

1

made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1, *et seq.*;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, 7 U.S.C. § 13a-1(e);

7. Waives:

    (a) any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2011), relating to, or arising from, this action;

    (b) any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

    (c) any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing the agreed upon civil

monetary penalty ("CMP") or any other relief included in this Consent Order; and

(d) any and all rights of appeal from this action;

8. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

9. Agrees that he will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect his: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement; and

11. By consenting to the entry of this Consent Order, neither admits nor denies the allegations of the Complaint, except as to jurisdiction and venue, which he admits. Further, Defendant agrees and intends that the allegations contained in the Complaint shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Defendant prior to

full satisfaction of Defendant's CMP Obligation as set forth in paragraphs 17 and 18; (b) any proceeding pursuant to Section 8a of the Act, as amended, 7 U.S.C. § 12a, and/or Part 3 of the Commission's Regulations, 17 C.F.R. §§ 3.1 *et seq.* (2011); and/or (c) any proceeding to enforce the terms of this Consent Order.

12. Until such time as Defendant satisfies the CMP Obligation set forth in paragraphs 17 and 18, Defendant agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 19 of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against Defendant, whether inside or outside the United States, and

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding.

## III. TRADING AND REGISTRATION BANS

**IT IS HEREBY ORDERED THAT:**

14. Defendant is permanently restrained, enjoined and prohibited from directly or indirectly trading futures contracts, options on futures contracts, or any other product or financial instrument regulated by the Commission, on or subject to the rules of any registered entity (as the term registered entity is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a), in the settlement period for the last day of trading of the expiring contract, product, or instrument for the next (prompt) delivery month.

15. Defendant is permanently restrained, enjoined and prohibited from directly or indirectly trading any natural gas futures contracts, options on natural gas futures contracts, or any other product or financial instrument in natural gas regulated by the Commission, on or

subject to the rules of a registered entity (as the term registered entity is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a), in the daily closing period for trading for such contract, product, or instrument.

16. Defendant is permanently prohibited from applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

## IV. ORDER FOR CIVIL MONETARY PENALTY

**IT IS HEREBY FURTHER ORDERED THAT:**

17. Defendant shall pay a civil monetary penalty in the amount of seven hundred fifty thousand dollars ($750,000) ("CMP Obligation"), plus post-judgment interest, within ten (10) days of the date of the entry of this Consent Order. If the CMP Obligation is not paid in full within ten (10) days of the entry of this Consent Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2006). The inclusion of an agreed upon CMP Obligation in this Consent Order should not be construed as a finding of fact by the Court.

18. Defendant shall pay his CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

5

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables – AMZ 340
> E-mail Box: 9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, Defendant shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the CMP Obligation with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

## V. MISCELLANEOUS PROVISIONS

19. <u>Notices</u>: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

   a. Notice to Plaintiff:

   > Manal Sultan, Esq.
   > Deputy Director
   > Division of Enforcement
   > Commodity Futures Trading Commission
   > 140 Broadway, 19th Floor
   > New York, New York 10005
   > Fax: (646) 746-9940

   b. Notice to Defendant:

   > c/o Michael S. Kim, Esq.
   > Kobre & Kim LLP
   > 800 Third Avenue
   > New York, New York 10022
   > Fax: (212) 488-1220

c/o Andrew C. Lourie, Esq.
Kobre & Kim LLP
1919 M Street NW
Washington, DC 20036
Fax: (202) 664-1927

All such notices to the Commission shall reference the name and docket number of this action.

20. <u>Change of Address/Phone</u>: Until such time as Defendant satisfies in full his CMP Obligation as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten (10) calendar days of the change.

21. <u>Entire Agreement and Amendments</u>: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

22. <u>Invalidation</u>: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

23. <u>Waiver</u>: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

24. <u>Continuing Jurisdiction of this Court</u>:  This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, or for relief from the terms of this Consent Order.

25. The provisions of this Consent Order shall be binding upon Defendant, upon any person under his authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendant.

26. <u>Counterparts and Facsimile Execution</u>:  This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

27. Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings he may not challenge the validity of this Consent Order.

\* \* \*

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order.

SO ORDERED at New York, New York this _____ day of _____, 2014.

_____
HONORABLE RONNIE ABRAMS
United States District Judge

Consented to and approved for entry by:

Dated: July 30, 2014

_____
Michael S. Kim, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Tel: (212) 488-1200
Fax: (212) 488-1220

Andrew C. Lourie, Esq.
Kobre & Kim LLP
1919 M Street NW
Washington, DC 20036
Tel: (212) 488-1200
Fax: (202) 664-1927

Attorneys for Defendant Brian Hunter

Dated: July, 2014

_____
Brian Hunter

Dated: 9/12, 2014

_____
Manal M. Sultan, Esq., Deputy Director
David W. MacGregor, Esq., Chief Trial Attorney

U.S. COMMODITY FUTURES TRADING
COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9700
(646) 746-9940 (facsimile)

Attorneys for Plaintiff